## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>                     Plaintiff,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>                     Defendants. | **CASE NO. 1:20-CV-07390**<br><br>**JUDGE VIRGINIA M. KENDALL** |

### MOTION AND PROPOSED ORDER FOR REASSIGNMENT OF RELATED CASE

Plaintiff Sergio Bonilla ("Plaintiff"), through his attorneys, pursuant to N.D. Ill. Loc. R. 40.4, moves for reassignment of the related case *Bonilla v. PeopleConnect, Inc. et al*, No. 1:21-cv-0051 (N.D. Ill., Judge Pacold), to the case at bar pending before this Court, and in support thereof, state as follows:

### I. PERTINENT RELATED FACTS, THEORIES AND EVIDENCE SUPPORT A FINDING OF RELATEDNESS AND REASSIGNMENT.

1. The present case and *Bonilla v. PeopleConnect, Inc.* involve individual and class-wide claims brought by the same named Plaintiff against defendant websites who engaged in essentially identical conduct. Mr. Bonilla alleges that both Ancestry.com and Classmates.com (a website owned and operated by PeopleConnect, Inc.) infringed his privacy right by digitally extracting his likeness from a yearbook and using his likeness to sell their products.

2. The two cases involve the same named plaintiff, the same property right, the same photograph and yearbook, legal claims under the same causes of action, and similar business practices by the defendant websites.

3. Deeming the two cases related would result in a substantial saving of judicial resources. For instance, one judge, rather than two, would become well-versed in the undeniably identical legal and factual issues in these two cases. Moreover, discovery and evidentiary rulings would be consistent, and motion practice would be made more efficient.

4. Additionally, reassigning the Classmates.com case to this Court, where the earlier filed Ancestry.com case is assigned, would facilitate efficiencies at a time when judicial resources are particularly stretched due to the pandemic.

5. For these reasons and the additional reasons laid out below, Plaintiff respectfully requests this Court enter an Order declaring *Bonilla v. PeopleConnect, Inc.* related to the present matter, and reassigning *Bonilla v. PeopleConnect, Inc.* to the Honorable Virginia M. Kendall.

6. On December 14, 2020, Plaintiff Sergio Bonilla filed the present class action against the owners and operators of Ancestry.com. (Dkt. No. 1.) The complaint alleges four causes of action including a claim under Illinois' Right to Publicity statute, 765 ILCS 1075/1 *et seq*. Plaintiff's individual claims are based on Ancestry.com's alleged commercial misuse of his photograph, name, and additional personal information, which Ancestry.com digitally extracted from a copy of a 1995 yearbook from Central High School in Omaha, Nebraska.

7. Subsequently, on January 5, 2021, Sergio Bonilla filed a class action complaint against the owners and operators of Classmates.com. *Bonilla v. PeopleConnect, Inc. et al*, No. 1:21-cv-0051 (Dkt. No 1) ("Classmates.com Complaint", attached, hereto, as Exhibit A). The Classmates.com Complaint alleges the same four causes of action that are at issue in the Ancestry.com action. In both instances, Mr. Bonilla's individual claims against the defendants in each case are based on the alleged commercial misuse of his photograph and name, which the defendants in both cases digitally extracted from the same 1995 yearbook. The same photograph is the source of Mr. Bonilla's claims against

both Ancestry.com, and Classmates.com. The photograph depicts Mr. Bonilla as a minor standing in a swimming pool. (*Compare* Dkt. No 1 at ¶ 27; Classmates.com Complaint at ¶ 24).

8. Reassignment of related cases is governed by N.D. Ill. Loc. R. 40.4, which establishes a two-part inquiry. A later-filed case may be reassigned if the judge determines (1) that the two cases are related under 40.4(a); and (2) that the conditions for reassignment of the later-filed case are met under 40.4(b).

II. **APPLICATION OF LOCAL RULE 40.4 AS TO THE FACTS AND LAW SUPPORTS A FINDING OF RELATEDNESS.**

9. Under Rule 40.4(a), two cases "may be related if *one or more* of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." N.D. Ill. Loc. R. 40.4(a) (emphasis added). Courts applying this standard have noted that the bar for establishing relatedness is low. *See Williams v. Peterson,* No. 08-cv-1657 (N.D. Ill. Jan. 26, 2009) ("This Court regularly comments in response to an LR 40.4 motion . . . that the initial hurdle of establishing 'relatedness' is easy to surmount.").

10. Here, several of the conditions in Rule 40.4(a) are met. Both cases involve the same property (namely, the yearbook and the photo of Mr. Bonilla as a minor); both cases involve the same issue of fact and law (namely, Illinois' Right to Publicity statute, 765 ILCS 1075/1 et seq.); both cases likely grow out of a same transaction or occurrence (in other words, the commercialization of the same photo, from the same yearbook, will likely reveal a common denominator or intermediary); and, lastly, the classes likely overlap.

11. Indeed, there are many overlapping issues of fact. Ancestry.com and Classmates.com operate similar businesses and engaged in essentially identical conduct giving rise to Mr. Bonilla's

individual and class-wide claims. Both defendants acquire yearbooks without obtaining copyright; extract digital copies of photographs, names, and other information in the yearbooks; and use the photographs, names, and other information to promote their products and services. Both defendants promote and offer their users monthly website subscription plans in exchange for continued or enhanced access to names, photographs, and other information extracted from yearbooks. And both defendants extracted and commercially exploited the same name and photograph of Mr. Bonilla from the same 1995 yearbook, giving rise to Mr. Bonilla's individual claims.

12. There are many overlapping issues of law, including: (a) whether the newsworthy exception to Illinois' Right to Publicity law protects the websites; (b) whether endorsement of a product is required for liability under Illinois' Right to Publicity law, and if so whether the websites' use of photographs and names in promotional messages constitutes endorsement; (c) whether copyright preemption protects the websites; (d) whether the Communications Decency Act protects the websites; (e) whether common issues predominate across members of the putative classes whose names and likenesses were misappropriated by the defendant websites; and (f) whether the commercial exploitation and world-wide distribution on the internet of photographs and information initially intended to be viewed only by friends and family supports a claim for intrusion upon seclusion.

13. Moreover, while it cannot be conclusively stated that the same transaction or occurrence caused Ancestry.com and Classmates.com to simultaneously undertake their infringing actions separately, there is such an obviously significant similarity between the two defendants' conduct, that discovery will undoubtedly reveal substantial factual commonalities as to the methods, means and purposes for the defendants' alleged misconduct.

14. As to the fourth condition in Rule 40.4(a), while the two classes are not identical, there is likely to be significant overlap amongst the issues affecting the two classes because Ancestry.com and Classmates.com have misappropriated from the same source(s) many of the same names and photographs (as in the case of Mr. Bonilla).

15. Because the conditions in Rule 40.4(a) are more than adequately satisfied, the cases are suited for a finding of relatedness.

### III. ALL OF THE CRITERIA FOR REASSIGNMENT ARE SATIFIED.

16. Under Rule 40.4(b), a related later-filed case may be reassigned if "*each* of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." N.D. Ill. Loc. R. 40.4(b) (emphasis added). Here, all four criteria are met.

17. First, both cases are pending before the Northern District of Illinois, Eastern Division.

18. Second, given the substantial overlap in issues of law and fact between the two cases, the handling of both cases by the same judge is likely to save significant duplication in effort at a time when judicial resources are particularly stretched due to the pandemic. These cases implicate relatively unique and complicated issues at the intersection of the intangible property right in one's likeness, First Amendment law, privacy rights, copyright, and the regulation of online content. Plaintiff proposes that judicial economy is well-served with assignment to one judge (and one magistrate), rather than two judges (and/or magistrates), permitting one judge and that judge's staff to become well-versed in these issues.

19. Third, the present action has not progressed to a point where reassignment would substantially delay the proceedings. Ancestry was served pursuant to Rule 4 on January 4, 2021, but has not yet appeared or filed a response to the complaint.

20. Fourth, both cases are susceptible of disposition in a single proceeding.[1] Courts in the Northern District of Illinois have generally found that related cases against two different defendants are susceptible to disposition in a single proceeding, where, as here, the two defendants violated the same rights enjoyed by the plaintiffs. *See, e.g. Helferich Patent Licensing, L.L.C. v. New York Times Co.*, No. 1:10-cv-04387 (N.D. Ill. Apr. 19, 2012) (granting motion to relate when two companies infringed the same patent, even though the two companies -- JC Penney and NYT -- engaged in substantially different business activities); *Anderson v. Cornejo*, 199 F.R.D. 228 (N.D. Ill. 2000) (granting motion to relate cases brought against two different groups of defendants when both groups had improperly searched African-American women at an airport); *Global Patent*, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008) (holding a patent infringement case involving the Green Bay Packers, a professional football team, and a patent infringement case involving CDW, a technology provider, were related). Like the two patent infringement cases cited above, here both Ancestry.com and Classmates.com infringed the same intangible property right (Plaintiffs' right to publicity), and much of both proceedings will concern the proper scope and definition of the Plaintiffs' property right.

21. Because all four criteria in Rule 40.4(b) are met, this Court may reassign the later-filed case.

---

[1] A finding that two cases are "susceptible" of disposition in a single proceeding, does not commit the Court to in fact dispose of both cases in a single proceeding. *See, e.g. Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC,* No. 18-cv-6109 (N.D. Ill. June 18, 2019) ("Plaintiffs need only show that the two actions are susceptible to be disposed of together, not that they will be.").

## CONCLUSION

For all of the aforesaid reasons, Plaintiff respectfully requests entry of an Order that (1) finds relatedness between *Bonilla v. PeopleConnect, Inc*. No. 1:21-cv-0051 and the case *sub judice*, and (2) reassigns the former case to the Honorable Virginia M. Kendall.

Respectfully submitted,

Dated: February 22, 2021

By: *Shannon M. McNulty*
Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
312.899.9090
312.251.1160 Facsimile
SMM@cliffordlaw.com

Michael F. Ram (*Pro Hac Vice*)
mram@forthepeople.com
Marie N. Appel (*Pro Hac Vice*)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Facsimile: (415) 358-6923

Benjamin R. Osborn (Pro Hac Vice)
102 Bergen St. Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

*Attorneys for Plaintiff
and the Proposed Class*