## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated, <br><br>                            Plaintiff, <br><br> v. <br><br> ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company;  and DOES 1 through 50, inclusive, <br><br>                         Defendants. | **CASE NO. 1:20-CV-07390** <br><br> **JUDGE VIRGINIA M. KENDALL** |

## JOINT INITIAL STATUS REPORT

The parties jointly submit this JOINT INITIAL STATUS REPORT:

1. Attorneys of Record

    **Plaintiff's Position:** The attorneys of record and contact information are listed at the end of this document. Attorneys Ram, Appel, McNulty, and Osborn are expected to try the case.

    **Ancestry Position:** The attorneys of record and contact information are listed at the end of this document.  Attorneys Morgan, Raynal, Baumann, and Henriquez are expected to try the case.

2. Basis for Federal Jurisdiction

    **Plaintiff's Position:** As described in the complaint, the Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The Plaintiff have Article III standing based on the deprivation of their statutorily guaranteed rights under the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq*. ("IRPA"), and Ancestry's unjust enrichment and unjustly earned profits from its misappropriation of their names and likenesses. Plaintiff may assert additional grounds for standing, including mental anguish and nominal damages, upon amendment.

This Court has specific personal jurisdiction over Ancestry because Ancestry knowingly copied from yearbooks the names and likenesses of Illinois residents; and because it uses those names and likenesses as part of an advertising scheme designed to sell website subscriptions to Illinois residents. *See, e.g., Lukis v. Whitepages Inc.*, 454 F. Supp. 3d 746 (N.D. Ill. 2020).

**Ancestry Position:** As set forth in Ancestry's Motion to Dismiss and Memorandum in Support, Ancestry disputes the Court's subject-matter jurisdiction based on plaintiff's lack of Article III standing and also disputes personal jurisdiction over Ancestry. (See ECF Nos. 16 & 17 (Motion to Dismiss and Memorandum In Support)).

3. Nature of Claims Asserted

**Plaintiff's Position:** Without permission from either the yearbook authors or the Plaintiffs who pictures appear in those yearbooks, Ancestry obtained copies of decades-old yearbooks, digitally extracted the names, likenesses, and biographical details of minor children appearing in those yearbooks, and incorporated their names and likenesses into an advertising scheme designed to sell monthly subscriptions to the website Ancestry.com. These actions violate the IRPA, the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"), and Illinois common law prohibiting intrusion upon seclusion and unjust enrichment.

**Ancestry Position:** Ancestry is a family history and consumer genomics company that provides users access to a variety of historical records to trace their family histories, including family trees, birth, marriage and death records; obituaries, military records, census records, newspapers, local history books, and many others. Some of these records have been collected by Ancestry, others are contributed by users who upload content. Many of the billions of records available on Ancestry.com have never been accessed by actual users, and exist "unseen" in virtual storage. Ancestry provides users access to yearbook records in a simple and non-controversial way: it aggregates and makes searchable already-public yearbook information that plaintiff admits was created by third parties. If

an Ancestry user searches "Jane Johnson, Rockford, Illinois," Ancestry may indicate it has a yearbook image for a person with that name in that location. Subscribers can take the further step of actually viewing the image to determine if it is the Jane Johnson of interest. Here, plaintiff's four claims are premised on Ancestry's inclusion of a single yearbook record from a high school in Omaha, Nebraska, in Ancestry's "Yearbook Database." As described more fully in Ancestry's motion to dismiss, this case is one of three virtually identical class actions in different federal courts that plaintiff's counsel have filed. The first has already been dismissed for reasons that apply equally here. *See Callahan v. Ancestry.com*, Case No. 20-cv-08437-LB, 2021 WL 783524, *4-6 (N.D. Cal. Mar. 1, 2021). A motion to dismiss in the second action is fully briefed and pending resolution. *See Sessa v. Ancestry.com*, Case No. 2:20-cv-02292-GMN-BNW (D. Nev.).

4. Name of Any Party Not Yet Served

**Plaintiff's Position:** Not applicable.

**Ancestry Position:** Plaintiff is in the best position to know whether there are any parties left to be served. Ancestry has been served, but disputes jurisdiction.

5. Principal Legal Issues

**Plaintiff's Position:** Plaintiff's positions on the legal issues disputed by Ancestry in its pending motion to dismiss will be set forth in detail in Plaintiff's yet-to-be-filed opposition. Plaintiff anticipates additional disputed legal issues will arise as the case proceeds. Presently disputed issues include: (1) whether this Court has personal jurisdiction over Ancestry; (2) whether Plaintiff has Article III standing; (3) whether Ancestry's actions qualify for immunity under the Communications Decency Act; (4) whether Ancestry's actions qualify for an exception to the IRPA; (5) whether copyright preemption applies; (6) whether Plaintiff has stated claims for intrusion upon seclusion, unjust enrichment, and violation of the ICFA.

3

**Ancestry Position:** Ancestry's position with respect to the dispositive legal issues is more fully set forth in its pending motion to dismiss and supporting memorandum. (ECF Nos. 16 & 17).

6. <u>Principal Factual Issues</u>

**Plaintiff's Position:** Discovery is needed to determine: (1) the design and functioning of all on-site and off-site messages in which Ancestry uses Illinois residents' names, photographs, and likenesses; (2) whether Ancestry knew or considered the impact its copying and use of names and photographs from yearbooks would have on consumer rights and privacy; (3) confirmation that Ancestry does not obtain copyright in yearbooks; (4) the economic value Ancestry places the names and likenesses of Plaintiff and the class; (5) Ancestry's methods for building its yearbook database; and (6) confirmation that Ancestry intentionally copied Illinois yearbooks and targeted Illinois residents as potential subscribers.

**Ancestry Position:** This case can be decided as a matter of law based on the facts alleged in the Complaint. (See ECF Nos. 16 & 17). Accordingly, based on the present posture, it is Ancestry's position that no material facts are in dispute that are necessary to resolve its pending motion and dismiss the case in its entirety. Similarly, it is Ancestry's position it is premature to engage in discovery or to try to establish a schedule for discovery until final resolution of its motion to dismiss.

7. <u>Whether a Jury Trial is Expected</u>

**Ancestry and Plaintiff's Position:** Yes, Plaintiff has demanded a jury trial.

8. <u>Discovery Undertaken to Date</u>

**Plaintiff's Position:** There has been no discovery undertaken to date. Plaintiffs anticipate serving discovery requests related to the factual issues identified in point six above shortly.

**Ancestry Position:** No formal discovery has been undertaken. However, based on voluntary disclosures that Ancestry made to Plaintiff's counsel, Ancestry expects Plaintiff to withdraw certain allegations from the complaint on file.

9.  Expert Discovery

**Plaintiff's Position:** While it is difficult to know at this early stage, Plaintiff does not anticipate the need for expert testimony. While expert testimony would be helpful to establish the value of class members' likenesses and the unjust benefit retained by Ancestry, Plaintiff believes the class is entitled to statutory minimum damages under the IRPA.

**Ancestry Position:** Should this case proceed past the pleadings, Ancestry may engage experts, including with respect to potential class certification issues.

10. Earliest Date the Parties Will be Ready for Trial

**Plaintiff's Position:** Given the scope of anticipated discovery and the procedural steps remaining (e.g. Ancestry's pending motion to dismiss, class certification), we would anticipate readiness for trial within 24 months.

**Ancestry Position:** Ancestry's motion to dismiss is not yet fully briefed. Should this case proceed past the pleadings, Ancestry anticipates filing a motion for summary judgment and a motion to deny class certification. While it is difficult to estimate the amount of time it would take to be ready for trial given these potentially-dispositive threshold issues, Ancestry anticipates it would be at least two and a half years before this case is ready for trial.

11. Whether the Parties Consent to Proceed Before a Magistrate Judge

**Ancestry and Plaintiff's Position:** The parties do not consent.

12. Settlement Discussions

**Plaintiff's Position:** To date the parties have not discussed potential settlement.

**Ancestry Position:** Any settlement discussions would be most productive following final resolution of Ancestry's pending motion to dismiss.

Respectfully submitted,

Dated: March 18, 2021

By: *Shannon M. McNulty*
  Shannon M. McNulty
  CLIFFORD LAW OFFICES, P.C.
  120 N. LaSalle Street, 31st Floor
  Chicago, Illinois 60602
  312.899.9090
  312.251.1160 Facsimile
  SMM@cliffordlaw.com

  Michael F. Ram (*Pro Hac Vice*)
  mram@forthepeople.com
  Marie N. Appel (*Pro Hac Vice*)
  mappel@forthepeople.com
  MORGAN & MORGAN
  COMPLEX LITIGATION GROUP
  711 Van Ness Avenue, Suite 500
  San Francisco, CA 94102
  Telephone: (415) 358-6913
  Facsimile: (415) 358-6923

  Benjamin R. Osborn (*Pro Hac Vice*)
  102 Bergen St. Brooklyn, NY 11201
  Telephone: (347) 645-0464
  ben@benosbornlaw.com

  *Attorneys for Plaintiff*
  *and the Proposed Class*

Dated: March 18, 2021

By: *Lazar Raynal*
  Lazar Raynal
  QUINN EMANUEL URQUHART &
  SULLIVAN, LLP
  191 N. Wacker Drive, Suite 2700
  Chicago, IL 60606
  (312) 705-7400
  lazarraynal@quinnemanuel.com

  Shon Morgan (*pro hac vice forthcoming*)
  John W. Baumann (*pro hac vice forthcoming*)
  865 South Figueroa Street, 10th Floor
  Los Angeles, CA 90017
  (213) 443-3000
  shonmorgan@quinnemanuel.com
  jackbaumann@quinnemanuel.com

  Cristina Henriquez (*pro hac vice*)
  555 Twin Dolphin Drive, 5th Floor
  Redwood Shores, CA 94065
  (650) 801-5000

cristinahenriquez@quinnemanuel.com

*Attorneys for Defendants Ancestry.com*
*Operations Inc., Ancestry.com Inc., and*
*Ancestry.com*

## <u>CERTIFICATE OF SERVICE</u>

I, Shannon M. McNulty, an attorney, hereby certify that on March 18, 2021, I served the **Joint Initial Status Report** by causing a true and accurate copy of such papers to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system.

<u>/s/ *Shannon M. McNulty*</u>
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
312.899.9090