# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>   Defendants. | CASE NO. 1:20-cv-07390<br><br>Hon. Virginia M. Kendall |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

## ANSWER

By and through their undersigned counsel, and in response to the First Amended Class Action Complaint filed on March 26, 2021 by Sergio Bonilla in the above-captioned proceedings ("Complaint"), defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry"), generally deny plaintiff's allegations that Ancestry (1) violated Illinois' Right of Publicity Statute, (2) violated Illinois' Consumer Fraud and Deceptive Business Practices Act, (3) committed an intrusion upon plaintiff's seclusion, and (4) are liable for unjust enrichment, and further answer the Complaint as follows:

### INTRODUCTION[1]

1.      Answering paragraph 1, to the extent this paragraph asserts legal conclusions, no response is required.  Answering further, Ancestry admits that plaintiff purports to bring this suit as a class action against Ancestry, but denies that this suit is proper for class adjudication.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

2.      Answering paragraph 2, Ancestry admits it operates the world's largest subscription collection of genealogy databases that contain billions of historical records that themselves contain various information, including biographical information.  Ancestry admits it sells access to those historical records for subscription fees.  Ancestry admits the subject of this suit is Ancestry's "U.S., School Yearbooks, 1900-1999" database ("Ancestry's Yearbook Database").  Ancestry admits that it constructed its Yearbook Database through physical yearbooks that have been converted into digital records.  Ancestry admits that the Yearbook Database includes yearbook records that contain names, photographs, and schools attended. Ancestry admits that the Ancestry Yearbook Database contains yearbook records of millions of individuals who attended high school in the United States.  Ancestry admits that a search for

---

[1]     This document adopts the headings of the Complaint only for the Court's ease of reference.  Ancestry does not agree with or admit any statements alleged in the headings.

school lists and yearbook records in "Illinois, USA" yields more than 47 million results. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

3.      Answering paragraph 3, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

4.      Answering paragraph 4, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5.      Answering paragraph 5, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry admits it sells services and access to its records databases, which includes Ancestry's Yearbook Database, for subscription plans that range in prices, depending on the plan. Ancestry admits its subscribers have the ability to search, view, and download records contained in the Ancestry databases, including the records contained in Ancestry's Yearbook Database. Ancestry admits the records in Ancestry's Yearbook Database include names, photographs, schools attended, and estimated ages. Ancestry denies those records contain cities of residence. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

6.      Answering paragraph 6, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

7.      Answering paragraph 7, to the extent this paragraph asserts legal conclusions, no response is required. Answering further, Ancestry admits it offers a 14-day free trial to its products and services that provides the ability to search, view, and download records from Ancestry's databases. Ancestry further admits that those who sign up for the free trial provide

payment information but are only billed if they have not canceled before the expiration of the free trial. Ancestry admits free trial users may cancel before the 14-day period expires without incurring any charges. Ancestry admits free trial users may search Ancestry's databases, including Ancestry's Yearbook Database, for names of any people they may know or be curious about. Ancestry admits that a successful search may yield records containing the parameters entered by the user (name and school location), as well as a yearbook photograph, estimated age at the time the yearbook was published, school name, and yearbook year, but denies that the list contains anything more than that. Ancestry denies the Yearbook Database contains cities of residence. Ancestry admits free trial users can view and download full-resolution versions of yearbook photos for which they searched. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

8.      Answering paragraph 8, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

9.      Answering paragraph 9, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry admits limited access to its website can be accessed by anyone visting the site and without signing in, providing contact information, or signing up for the free trial. Ancestry admits that users can search Ancestry's databases, including its Yearbook Database, for names of any people they may know or be curious about. Ancestry admits that searching Ancestry's Yearbook Database with parameters chosen by the user will generally yield a corresponding list of records available in that Database. Ancestry admits that list will generally contain parameters that can be entered by the user (name and school location (city, county, State, Country)), but denies that the list contains anything more than that. Ancestry admits that users with limited access can view a low-resolution image of the record that may allow a user to confirm whether the record corresponds to the person for whom the user searched. Ancestry admits that

users with limited access generally may not view the full record, including any full-resolution photograph or additional information contained therein (such as estimated age at the time the yearbook photograph was taken, name of school, and yearbook year). Ancestry admits that clicking to view a record or information contained within the record will generally redirect a user with limited access to a page that, among other things, shows the paid subscription options that are available. Ancestry denies that page contains the words "sign up now." Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

10.     Answering paragraph 10, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

11.     Answering paragraph 11, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry admits it may send emails to users who have signed up for a free account but have not signed up for a paid subscription. Ancestry admits some of those emails may contain hints corresponding to yearbook records of people whom the recipient has included in a family tree that the recipient created on the Ancestry website. Assuming "the individual" refers to the subject of the hint email, Ancestry admits that the hint email may contain the name and the estimated birth year of the subject of the hint, provided the recipient included that information in the family tree the recipient created on the Ancestry website. Ancestry admits that non-paying and non-free trial users who click on either the "See your hint" button or the name embedded in a hint email are directed to an Ancestry web page that, among other things, lists the price for a subscription to Ancestry.com. Ancestry admits that Ancestry subscribers may view records from hint emails, which may include photographs. Ancestry denies that hint emails to records in the Yearbook Database contain photographs. Ancestry admits it continues to grow its databases, including its Yearbook Database. Ancestry admits the Yearbook Database contains names, photographs, schools attended, and estimated ages. Ancestry denies the Yearbook

Database contains cities of residence. Ancestry lacks sufficient information or belief to answer plaintiff's allegation as to whether Ancestry's Yearbook Database contains records corresponding to "millions of Illinoisans." Ancestry admits records in the Yearbook Database are part of Ancestry's product and services. Ancestry admits that some of the records in the Yearbook Database may be subjects of hint emails. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

12.     Answering paragraph 12, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

13.     Answering paragraph 13, to the extent this paragraph asserts legal conclusions, no response is required, and the cited statutes speak for themselves. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION AND VENUE

14.     Answering paragraph 14, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry contests both personal jurisdiction over Ancestry and subject matter jurisdiction on the basis plaintiff lacks standing. Plaintiff's reference to unspecified "public records" is too vague for Ancestry to understand to what plaintiff is referring. Ancestry admits that the three named Ancestry defendants (Ancestry.com Operations Inc., Ancestry.com Inc. and Ancestry.com LLC ) are all incorporated either in Delaware or Virginia and each have their headquarters in Utah. Ancestry admits that plaintiff purports to define the putative class as consisting of Illinois residents, but denies that this action is appropriate for class treatment. Ancestry admits its Yearbook Database contains about 730 million records, collected from more than 450,000 yearbooks and more than 62 million pages. Ancestry admits that a search of Ancestry's Yearbook Database for records from "Illinois, USA" yields results of more than 47 million records. Ancestry admits that for purposes of calculating

jurisdiction under the Class Action Fairness Act, the amount in controversy exceeds $5 million, but denies that plaintiff or the purported class are entitled to any relief and further denies that this is an appropriate measure of damages. The cited statute speaks for itself. Ancestry lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the purported class size taking into account the fact that some individuals may appear in multiple records, and excluding from the class non-Illinois residents, Ancestry subscribers, and the deceased, but including residents who have moved into the state, but admits that it likely includes more than 100 members. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

15.    Answering paragraph 15, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies this Court has personal jurisdiction over Ancestry. Ancestry denies that it maintains substantial suit-related connections to the State of Illinois. Ancestry denies that its ownership and operation of a universally-accesible website, through which anyone can subscribe to Ancestry services, subjects Ancestry to jurisdiction in Illinois. Ancestry further denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

16.    Answering paragraph 16, it is unclear what plaintiff's allegation that "Ancestry regularly collects records from the state of Illinois" is referring to and, on that basis, Ancestry denies this allegation. Ancestry denies it sends staff or hired representatives to various locations in Illinois where physical yearbook records are maintained and denies staff or hired representatives "then scan and digitize the records on-site." Answering footnote 1, the linked article, which does not mention Illinois, speaks for itself. Ancestry admits that records collected by Ancestry include Illinois yearbooks, Illinois marriage records, Illinois birth records, Illinois census returns, and Illinois voter lists, but denies those records have been collected in the manner

described by plaintiff in this paragraph. Ancestry admits it has tens of millions of Illinois records, but lacks sufficient information or belief as to whether they concern Illinois residents. Ancestry admits it continues to add records to its database. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

17.     Answering paragraph 17, Ancestry admits its database contains more than 47 million records corresponding to Illinois schools. Ancestry denies it "has sent staff or hired representatives to the state of Illinois to copy and digitize yearbooks on-site at Illinois libraries, local government archives, and historical societies." Ancestry lacks sufficient information or belief to know whether it has accepted yearbook donations shipped to Ancestry by Illinois residents. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

18.     Answering paragraph 18, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

19.     Answering paragraph 19, Ancestry admits it advertises nationally. Ancestry admits it has advertised in Illinois. Ancestry lacks sufficient knowledge or belief as to plaintiff's knowledge of Ancestry's advertisements or the investigation and, on that basis, denies this allegation. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

20.     Answering paragraph 20, Ancestry admits it has in the past advertised its subscriptions in Illinois newspapers of exclusively local circulation. Ancestry admits that through this lawsuit plaintiff challenges certain aspects of one of Ancestry's subscription services. Ancestry admits the item from the first screenshot in this paragraph was featured in a full-page spread that was published in the Decatur Herald and Review on July 4, 2010. Ancestry lacks sufficient information, knowledge, or belief to answer whether the item from the second

screenshot in this paragraph was published in the Chicago Tribune on March 9, 2012. Ancestry denies that the item from the second screenshot in this paragraph is a subscription product. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

21.     Answering paragraph 21, Ancestry admits it offers limited free access to its subscription databases through Illinois local libraries. Ancestry admits it has offered a limited version of its product for free at the Romeoville branch of the White Oak Library District in Romeoville, Illinois, and at the Moline Public Library. Answering footnote 2, the cited article speaks for itself. Ancestry admits it has sponsored "educational sessions and seminars about Ancestry.com and genealogical research at Illinois libraries and civic centers." Ancestry admits that the Glenview Public Library hosted an "Introduction to Ancestry.com" on March 25, 2021. Ancestry denies it sponsored a family history writing seminar in Davenport, Illinois. Ancestry admits it was a sponsor of a family history writing seminar at a community center in Davenport, Iowa in March 2012. Answering footnote 3, the cited article speaks for itself. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

22.     Answering paragraph 22, Ancestry admits that as part of a promotional campaign highlighting user experiences, Ancestry produced and distributed a video highlighting the story of a Chicago woman who used Ancestry.com to connect with her cousin and open a restaurant in the Hyde Park neighborhood of Chicago. Ancestry admits that video displays a census record from Chicago, Illinois. Ancestry admits its website contains a description of the video that contains the words "caterer . . . (Chicago)" and "opening up a soul food restaurant in Chicago's Hyde Park." Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

23.     Answering paragraph 23, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry admits its Yearbook Database webpage contains the language

"[f]ind out what your relatives were really like in high school and college." Ancestry.com LLC's Form 10-Q filed June 30, 2016 speaks for itself. Ancestry denies that form is available through the link in footnote 6. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

24. Answering paragraph 24, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry lacks sufficient information or belief to enable it to answer allegations regarding residences of people who went to school in Illinois or states near Illinois. Ancestry also lacks sufficient information or belief to enable it to answer allegations regarding residences of relatives of people who went to school in Illinois or states near Illinois. Answering footnote 7 and the allegations about the Pew Research Center study, the Pew Research Study speaks for itself. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

25. Answering paragraph 25, Ancestry admits it has over three million paying subscribers. Ancestry lacks sufficient information, knowledge, or belief to answer the allegations regarding the alleged quantity of Illinois resident subscribers. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

26. Answering paragraph 26, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies this is the appropriate venue or that a substantial portion of the events and conduct giving rise to the alleged violations occurred in this district. Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's and the putative class members' residence. Ancestry denies class treatment is appropriate. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every

allegation contained therein.

## INTRADISTRICT VENUE

27. Answering paragraph 27, to the extent this paragraph asserts legal conclusions, no response is required. To the extent any response is required, Ancestry denies this is the appropriate venue. Ancestry denies that a substantial portion of the alleged events or omissions occurred in this division. Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's residence. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

## PARTIES

**Defendant Ancestry**

28. Answering paragraph 28, Ancestry admits that Ancestry.com Operations Inc. is a Virginia corporation with its headquarters in Lehi, Utah. Answering further, Ancestry admits it conducts business under the brand names "Ancestry.com," and "Ancestry." Ancestry further admits that Ancestry.com Operations Inc. owns and operates the website Ancestry.com. Plaintiff's allegation that Ancestry conducts business under "other brand names associated with the various website and services it owns and operates" is too vague to determine what plaintiff is intending to reference and, on that basis, Ancestry denies this allegation. Plaintiff's allegation that Ancestry "conducts business throughout this District, Illinois, and the United States" is too vague to determine to what plaintiff is referring, and on that basis, Ancestry denies this allegation. Ancestry further denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

29. Answering paragraph 29, Ancestry admits defendant Ancestry.com Inc. is a Delaware corporation with its headquarters in Lehi, Utah. Answering further, Ancestry admits defendant Ancestry.com LLC is a Delaware limited liability company with its headquarters in Lehi, Utah.

30. Answering paragraph 30, Plaintiff's allegation that there "are many related

corporate entities associated with the Ancestry.com website" is too vague to enable Ancestry to determine to what plaintiff is referring, and on that basis, Ancestry denies that allegation. Ancestry admits that plaintiff purports to sue fictitiously named Doe Defendants. Ancestry lacks sufficient knowledge or belief about plaintiff's ingnorance and intentions with respect to those Doe Defendants, and on that basis, Ancestry denies those allegations. Ancestry further denies plaintiff's characterization of these facts and denies plaintiff's legal conclusions. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

**Plaintiff Sergio Bonilla**

31.    Answering paragraph 31, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff Sergio Bonilla's residence. Ancestry also lacks sufficient information or belief and cannot confirm, with the information currently available, whether it has a subscriber of any Ancestry.com products or services matching the description of Sergio Bonilla or whether there is an agreement between Ancestry and Sergio Bonilla.

32.    Answering paragraph 32, to the extent this paragraph states legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

33.    Answering paragraph 33, to the extent this paragraph states legal conclusions, no response is required. To the extent any response is required, Ancestry lacks sufficient information or belief to enable it to answer allegations regarding when Sergio Bonilla first became aware that the yearbook records at issue are available on Ancestry.com and on that basis denies this allegation. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

34.    Answering paragraph 34, to the extent these allegations assert legal conclusions, no response is required. Answering further, Ancestry admits it offers three subscription plans: "U.S. Discovery," "World Explorer," and "All Access." Ancestry admits that an exact search in

Ancestry's Yearbook Database for "Sergio Bonilla" in "Omaha, Nebraska" yields one record from Central High School. Ancestry denies plaintiff's characterization of these facts. Ancestry admits that subscribers have the ability to search for, view, and download records in Ancestry's Yearbook Database, including this record. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

35. Answering paragraph 35, to the extent these allegations assert legal conclusions, no response is required. Answering further, plaintiff's reference to "either yearbook" is too vague for Ancestry to understand what plaintiff is referring to, and on that basis, Ancestry denies the allegations referencing "either yearbook." Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

36. Answering paragraph 36, assuming "the Central High School yearbook" refers to the 1995 Central High School Yearbook, Ancestry admits it does not hold copyright in that yearbook. Answering further, Ancestry admits it has neither tried to identify the copyright holder(s) for that yearbook nor obtain copyright in it. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

37. Answering paragraph 37, to the extent these allegations assert legal conclusions, no response is required. Answering further, Ancestry admits that subscribers and the users of the 14-day free trial may search for, access, and download records that match their search results, including the 1995 Central High School yearbook. Ancestry denies that there is a promotional "free trial" version of its website. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

38. Answering paragraph 38, Ancestry denies that the screenshots are the result of an

13

exact search for the name "Sergio Bonilla" on Ancestry.com. Ancestry admits that users of the 14-day free trial and paying subscribers may search for anyone and download resulting records, if any. Ancestry lacks sufficient information or belief to enable it to answer allegations regarding plaintiff's counsel's use of photo-editing software and reason for doing so. Ancestry denies that the subjects of the last screenshot were between the ages of 9 and 12 at the time of the photograph. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

39.    Answering paragraph 39, to the extent this paragraph asserts legal conclusions, no response is required, and the record speaks for itself. Answering further, Ancestry admits the record at issue contains the name "Sergio Bonilla" under the picture of a boy's high school swim team, contains the date of the yearbook in which that photo appears, his estimated age, and name of the corresponding school. Ancestry denies the record contains his city of residence. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

40.    Answering paragraph 40, to the extent this paragraph asserts legal conclusions, no response is required. Answering further, Ancestry admits it offers "U.S. Discovery," "World Explorer," and "All Access" paid subscription plans. Ancestry denies that there is a promotional, limited-access version of the website. Ancestry admits that any visitor to the Ancestry website may view records even if they have not provided contact information or signed up for the "free trial." Assuming "Ancestry's Yearbook" refers to "Ancestry's Yearbook Database," Ancestry admits that users of the website may search for any records in Ancestry's Yearbook Database and may view a limited portion of the information from the records contained therein, including the name, school location (city, State, Country), and thumbnail image of the record, but denies that includes "city of residence." Ancestry admits that non-paying users receive access to limited versions of the same records available to paying users, including the record at issue here. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted,

14

Ancestry denies, generally and specifically, each and every allegation contained therein.

41.     Answering paragraph 41, to the extent this paragraph asserts legal conclusions, no response is required.  Answering further, Ancestry denies that an exact search for "Sergio Bonilla" yields a list containing only the record at issue.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

42.     Answering paragraph 42, Ancestry denies that the first screenshot shows the results of an exact search for "Sergio Bonilla" on Ancestry's website.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

43.     Answering paragraph 43, to the extent this paragraph asserts legal conclusions, no response is required.  Answering further, Ancestry admits it sends emails to users who have signed up for a free account with Ancestry but have not become paying users.  Ancestry admits some of those emails may contain hints corresponding to yearbook records of people whom the recipient has included in a family tree the recipient created on the Ancestry website.  Assuming "the individual" refers to the subject of the hint email, Ancestry admits that the hint email may contain the name and the estimated birth year of the subject of the hint, provided the recipient included that information in the family tree the recipient created on the Ancestry website.  Ancestry admits that non-paying and non-free trial users who click on either the "See your hint" button or the name embedded in a hint email are directed to an Ancestry web page that, among other things, lists the price for a subscription to Ancestry.com.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

44.     Answering paragraph 44, to the extent this paragraph asserts legal conclusions, no response is required.  Answering further, Ancestry admits the screenshot reflects a hint email sent to a non-paying Ancestry account.  Ancestry lacks sufficient information or belief to answer plaintiff's allegations as to plaintiff's counsel's creation of the account and investigation.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted,

Ancestry denies, generally and specifically, each and every allegation contained therein.

45.     Answering paragraph 45, Ancestry lacks sufficient information to answer plaintiff's allegation as to what happens after clicking on either the name "Geoffrey Abraham" or the "See your hint" button in the hint email screenshotted in paragraph 44, and on that basis, Ancestry denies plaintiff's allegations.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

46.     Answering paragraph 46, to the extent this paragraph states legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

47.     Answering paragraph 47, to the extent this paragraph states legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and the cited statute speaks for itself.

48.     Answering paragraph 48, to the extent this paragraph states legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and the cited statute speaks for itself. Ancestry further denies that plaintiff or the purported class are entitled to any relief.

49.     Answering paragraph 49, to the extent this paragraph states legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and the cited statute speaks for itself. Ancestry further denies that plaintiff or the purported class are entitled to any relief.

## STATEMENT OF COMMON FACTS

50.     Answering paragraph 50, to the extent this paragraph asserts legal conclusions, no response is required.  Ancestry admits it operates a subscription and free collection of genealogy databases that contain records gathered from various sources, including school yearbooks, birth, marriage, death, U.S. census, immigration, military, and grave site records.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies,

16

generally and specifically, each and every allegation contained therein.

51.     Answering paragraph 51, to the extent this paragraph asserts legal conclusions, no response is required.  Ancestry admits it continues to add records to its Yearbook Database. Ancestry admits the records within that database contain names, yearbook photos, estimated ages at the time the yearbook photographs were taken, and schools attended.  Ancestry admits the physical yearbooks have been converted into digital records.  Ancestry admits that the Ancestry Yearbook Database contains around 730 million records collected from more than 450,000 yearbooks and more than 62 million pages.  Ancestry admits that a search for school lists and yearbook records in "Illinois, USA" yields about 47 million results.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

52.     Answering paragraph 52, Ancestry admits that certain records in the Ancestry Yearbook Database include the following information: a name, photograph, name of school attended, school location, and yearbook year.  Ancestry admits some records contain more information, including estimated age at the time the yearbook photograph was taken, estimated birth year, and school activities.  Ancestry denies records in the Yearbook Database contain the city in which an individual lived.  Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

53.     Answering paragraph 53, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

54.     Answering paragraph 54, to the extent this paragraph asserts legal conclusions, no response is required.  Ancestry admits it does not publicly disclose how it created the Ancestry Yearbook Database.  Ancestry lacks sufficient information or belief as to what plaintiff believes. Ancestry denies it obtains yearbooks by sending staff to Illinois local libraries or historical

societies. Ancestry denies that Ancestry sends staff to copy and digitize yearbooks at those Illinois locations at no charge to the owner. Plaintiff's reference to "other sources in Illinois" is too vague to enable Ancestry to understand to what Plaintiff is referring and, on that basis, Ancestry denies this allegation. Answering plaintiff's reference to footnote 1, the linked article in footnote 1, which does not mention Illinois, speaks for itself. Plaintiff's allegation that Ancestry "spends significant financial resources on these activities" is too vague to understand to what plaintiff is referring and, on that basis, Ancestry denies this allegation. Ancestry admits it accepts donations from yearbook owners and offers to copy and digitize the donated yearboooks without charge. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

55.     Answering paragraph 55, to the extent this paragraph asserts legal conclusions, no response is required. Plaintiff's reference to "any steps" is too vague to understand to what plaintiff is referring and, on that basis, Ancestry denies this allegation. Ancestry lacks knowledge concerning when plaintiff contends the Internet became "widely used" and, on that basis, denies this allegation. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

56.     Answering paragraph 56, to the extent this paragraph asserts legal conclusions, no response is required. Plaintiff's reference to "any steps" is too vague to understand to what plaintiff is referring and, on that basis, denies this allegation. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

57.     Answering paragraph 57, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry admits that those who sign an agreement to donate a yearbook to Ancestry's Yearbook Database must represent one of the following: (a) the donated yearbooks are not bound by copyright restrictions, (b) the donor owns the copyright, or (c) the copyright

holder grants permission to Ancestry to publish and display the donations in electronic format for the use of Ancestry members. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

58. Answering paragraph 58, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry admits that the following statements appear on Ancestry.com: "Here are some examples of how yearbooks may help you in your family history: pinpoints an individual in a particular time and place[;] . . . Interests and hobbies (What activities, sports, and clubs did grandma participate in?)[;] Family linkage (Some yearbooks feature siblings at the same school. If not, look for other students with the same last name in other grades – they could be related.)[;] History (A history of the school or town may be included in the yearbook. General history such as world events, fads, and pop culture may also be found through studying a yearbook. What was 'in', fashion-wise? What world events concerned and influenced students most?)[.]" Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

59. Answering paragraph 59, to the extent this paragraph asserts legal conclusions, no response is required. Answering further, Ancestry admits it offers three subscription plans: "U.S. Discovery," "World Explorer," and "All Access." Ancestry admits that subscribers have the ability to search for, view, and download records in Ancestry's Yearbook Database. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

60. Answering paragraph 60, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry admits the record at issue of Sergio Bonilla from Omaha, Nebraska remains in Ancestry's Yearbook Database. Ancestry admits it sells services and access to its records databases, which includes Ancestry's Yearbook Database, through the "U.S. Discovery," "World Explorer," and "All Access" paid subscription plans. Ancestry admits its subscribers and

free trial users have the abilitiy to search, view, and download records contained in the Ancestry databases, including records contained in Ancestry's Yearbook Database. Ancestry denies plaintiffs' characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

61. Answering paragraph 61, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry admits that some records, including its Yearbook Database, can be accessed by anyone visiting the site without signing in, providing contact information, or signing up for the "free trial." Ancestry admits that searching Ancestry's Yearbook Database will generally yield a corresponding list of records available in Ancestry's Yearbook Database. Ancestry admits that list will generally contain some parameters that can be entered by the user (name and school location (city, county, State, Country)), and in some (but not all) screens, a low-resolution thumbnail of the record can be seen by hovering over the "View Record" link; but Ancestry denies that the list contains anything more than that. Ancestry admits that users with limited access may not view the full record, including a full-resolution photograph or additional information contained therein (such as estimated age at the time the yearbook photograph was taken, name of school, and yearbook year). Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

62. Answering paragraph 62, to the extent this paragraph asserts legal conclusions, no response is required. Ancestry admits anyone visting the site can access limited records and may search Ancestry's databases, including its Yearbook Database. Ancestry admits that searching Ancestry's Yearbook Database with parameters chosen by the user may yield a corresponding list of records available in Ancestry's Yearbook Database. Ancestry admits that list will generally contain some parameters that can be entered by the user (name and school location (city, county, State, Country)), but denies that includes "city of residence," and also a thumbnail image of the record. Ancestry admits that on some (but not all) screens, users with limited access who hover

over the link titled "ViewRecord" may view a pop-up page containing a low resolution thumbnail image of the record along with the words "There's more to see. A picture of the original document, and things like estimated age, birth year, yearbook date, school location, school. Sign up now." Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

63.     Answering paragraph 63, to the extent this paragraph asserts legal conclusions, no response is required.  Ancestry further responds that the cited document speaks for itself. Ancestry denies that it "has recognized that its ability to attract and retain subscribers depends on amassing the largest possible database of photographs and other personal information with which to populate on-site messages."  Answering footnote 8, Ancestry denies the quoted statement can be accessed through the link provided in footnote 8. Ancestry denies plaintiff's characterization of these facts.  Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

64.     Answering paragraph 64, to the extent this paragraph asserts legal conclusions, no response is required.  Ancestry admits it may send emails to users who have signed up for a free account with Ancestry and have created a family tree but have not become paying users.  Ancestry admits some of those emails may contain hints corresponding to yearbook records of people the user included in the family tree the user created on the site.  Assuming "the individual" refers to the subject of the hint email, Ancestry admits that the hint email contains the name and the estimated birth year of the subject, as derived from the corresponding record.  Ancestry admits that non-paying users who click on either the "See your hint" button or the name embedded in a hint email are directed to an Ancestry web page that, among other things, lists the price for a six-month subscription to Ancestry.com.  Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

65.     Answering paragraph 65, to the extent this paragraph asserts legal conclusions, no

21

response is required and the cited document speaks for itself. Answering footnote 9, Ancestry denies that Form 10-Q filed June 30, 2016 by Ancestry is available through the link in footnote 1. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

66.     Answering paragraph 66, Ancestry lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations therein, and on that basis denies each and every allegation contained therein.

67.     Answering paragraph 67, to the extent these allegations assert legal statements or legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein, and the cited statute speaks for itself.

68.     Answering, paragraph 68, to the extent these allegations assert legal statements or legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein, and the cited statute speaks for itself.

69.     Answering paragraph 69, to the extent these allegations assert legal statements or legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

70.     Answering paragraph 70, to the extent these allegations assert legal statements or legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein, and the cited statutes speak for themselves.

## CLASS ALLEGATIONS

71.     Answering paragraph 71, to the extent these allegations assert legal statements or legal conclusions, no response is required. To the extent a response is required, Ancestry admits that plaintiff purports to bring this suit as a class action, but denies the action is appropriate for

class treatment. Answering further, Ancestry admits plaintiff purports to exclude certain individuals from the putative class. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

72. Answering parapraph 72, to the extent this allegation asserts a legal statement or legal conclusion, no response is required. To the extent a response is required, Ancestry admits that as of September 2020, Ancestry represented that the Ancestry Yearbook Database contains 730 million records. Answering further, Ancestry admits that the Ancestry Yearbook Database contains about 47 million records from Illinois schools. Answering further, Ancestry admits it has more than 3 million subscribers worldwide. Ancestry lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the purported class size excluding non-Illinois residents, subscribers, and the deceased and, on that basis, denies this allegation. Ancestry denies plaintiff's characterization of these facts. Other than as specifically admitted, Ancestry denies, generally and specifically, each and every allegation contained therein.

73. Answering paragraph 73 and its subparts, to the extent these allegations assert legal statements or legal conclusions, no response is required, and the cited statutes and/or authorities speak for themselves. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

74. Answering paragraph 74, to the extent these allegations assert legal statements or legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

75. Answering paragraph 75, to the extent these allegations assert legal statements or legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

76. Answering paragraph 76, to the extent these allegations assert legal statements or legal conclusions, no response is required. To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

Case: 1:20-cv-07390 Document #: 59 Filed: 01/26/22 Page 24 of 34 PageID #:619


77.     Answering paragraph 77, to the extent this allegation asserts a legal statement or legal conclusion, no response is required, and Rule 23 of the Federal Rules of Civil Procedure speaks for itself.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and further denies that plaintiff or the purported class are entitled to any relief.

78.     Answering paragraph 78, to the extent this allegation asserts a legal statement or legal conclusion, no response is required, and Rule 23 of the Federal Rules of Civil Procedure speaks for itself.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

### FIRST CAUSE OF ACTION
### (765 ILCS 1075/1 *et seq.*)

79.     Answering paragraph 79, Ancestry re-alleges all its responses as if fully set forth in response.

80.     Answering paragraph 80, to the extent this paragraph asserts legal conclusions, no response is required and the cited statute speaks for itself.

81.     Answering paragraph 81, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

82.     Answering paragraph 82, to the extent this paragraph asserts legal conclusions, no response is required and the cited statute speaks for itself.  To the extent any response is required, Ancestry denies, generally and specifically, each and every allegation contained therein. Ancestry further denies that plaintiff or the purported class are entitled to any relief.

83.     Answering paragraph 83, to the extent this paragraph asserts legal conclusions, no response is required and the cited statute speaks for itself.  To the extent a response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and further denies that plaintiff or the purported class are entitled to any relief.

## SECOND CAUSE OF ACTION
### (815 ILCS 505/1 *et seq.*)
### [Dismissed]

84.     Answering paragraph 84, Ancestry re-alleges all its responses as if fully set forth in response.

85.     Answering paragraph 85, no answer is required because this Court dismissed this cause of action in its December 7, 2021 Order.

86.     Answering paragraph 86, no answer is required because this Court dismissed this cause of action in its December 7, 2021 Order.

87.     Answering paragraph 87, no answer is required because this Court dismissed this cause of action in its December 7, 2021 Order.

88.     Answering paragraph 88,  no answer is required because this Court dismissed this cause of action in its December 7, 2021 Order.

## THIRD CAUSE OF ACTION
### (Intrusion Upon Seclusion)
### [Dismissed]

89.     Answering paragraph 89, Ancestry re-alleges all its responses as if fully set forth in response.

90.     Answering paragraph 90, no answer is required because this Court dismissed this cause of action in its December 7, 2021 Order.

91.     Answering paragraph 91, no answer is required because this Court dismissed this cause of action in its December 7, 2021 Order.

92.     Answering paragraph 92, no answer is required because this Court dismissed this cause of action in its December 7, 2021 Order.

93.     Answering paragraph 93, no answer is required because this Court dismissed this cause of action in its December 7, 2021 Order.

94.     Answering paragraph 94, no answer is required because this Court dismissed this

cause of action in its December 7, 2021 Order.

## FOURTH CAUSE OF ACTION
### (Unjust Enrichment)

95.     Answering paragraph 95, Ancestry re-alleges all its responses as if fully set forth in response.

96.     Answering paragraph 96, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent a response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

97.     Answering paragraph 97, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent a response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.

98.     Answering paragraph 98, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent a response is required, Ancestry denies, generally and specifically, each and every allegation contained therein.  Ancestry further denies that plaintiff or the purported class are entitled to any relief.

99.     Answering paragraph 99, to the extent this paragraph asserts legal conclusions, no response is required.  To the extent a response is required, Ancestry denies, generally and specifically, each and every allegation contained therein and further denies that plaintiff or the purported class are entitled to any relief.

## PLAINTIFF'S PRAYER FOR RELIEF

100.     Responding to the Prayer for Relief, Ancestry denies generally and specifically that plaintiff or the purported class are entitled to any of the relief sought.

## II.  AFFIRMATIVE AND OTHER DEFENSES

101.     Ancestry sets forth the following defenses.  In asserting these defenses, Ancestry is not assuming the burden to establish any fact or propsition where that burden is properly imposed on plaintiff.  Ancestry reserves the right to assert additional defenses based on facts that are

revealed during discovery. Additional facts and evidence in support of the following defenses will be developed during discovery and presented in due course.

## FIRST DEFENSE
### (Lack of Personal Jurisdiction)

102.    The Court lacks personal jurisdiction over Ancestry, which does not have its principal place of business or headquarters in Illinois. The only suit-related connection to Illinois is plaintiff's own residence in Illinois. The Complaint should therefore be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## SECOND DEFENSE
### (Lack of Standing)

103.    Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing to assert any or all of the causes of action alleged in the Complaint and lacks standing to recover on behalf of the purported classes and/or general public.

## THIRD DEFENSE
### (No Injury or Damages)

104.    Ancestry denies that plaintiff and/or any purported class members have suffered any injury or damage whatsoever, and further denies it is liable to plaintiff and/or any purported class member for any injury or damage.

## FOURTH DEFENSE
### (Failure to State a Claim Upon Which Relief Can be Granted)

105.    The Complaint and each purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action against Ancestry.

## FIFTH DEFENSE
### (Adequacy of Remedy at Law)

106.    If plaintiff suffered any injuries or damages, those would be adequately compensated in an action at law for damages. Accordingly, plaintiff has a complete and adequate

remedy at law and is not entitled to seek injunctive or equitable relief.

### SIXTH DEFENSE
### (Laches)

107.   Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

### SEVENTH DEFENSE
### (Waiver)

108.   Plaintiff's claims are barred in whole or in part by the equitable doctrine of waiver.

### EIGHTH DEFENSE
### (Estoppel)

109.   Plaintiff's claims are barred in whole or in part by the equitable doctrine of estoppel.

### NINTH DEFENSE
### (Unclean Hands)

110.   Plaintiff's claims are barred in whole or in part by the equitable doctrine of unclean hands.

### TENTH DEFENSE
### (Statutes of Limitation)

111.   The Complaint and all of the purported causes of action contained therein are barred in whole or in part by the applicable statutes of limitation.

### ELEVENTH DEFENSE
### (Failure to Mitigate Damages)

112.   Plaintiff and/or purported class members have failed to take reasonable, necessary, appropriate, and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, plaintiff and/or purported class members should be barred from recovering some or all of the alleged damages they seek.

**TWELFTH DEFENSE**
**(Waiver and Release)**

113.    The Complaint and the purported causes of action alleged therein are barred to the extent plaintiff and/or purported class members have waived, released, relinquished, or abandoned any claim for relief against Ancestry with respect to the matters which are the subject of the Complaint.

**THIRTEENTH DEFENSE**
**(Class Action Is Inappropriate)**

114.    With respect to each and every allegation of the Complaint, as they relate to the request for class certification, class certification is not appropriate because there is a lack of:

    a)  Numerosity;

    b)  Commonality or community of interest;

    c)  Typicality;

    d)  An ascertainable class;

    e)  Adequate representation;

    f)  Appropriateness of relief to the putative class as a whole;

    g)  Predominance of common questions over questions affecting only individual class members;

    h)  Substantial benefit to the litigants and the court; and

    i)  Superiority of a class action over other available methods for fair and efficient adjudication.

**FOURTEENTH DEFENSE**
**(Ancestry's Practices Are Not Deceptive)**

115.    Any statements made by Ancestry were truthful and accurate and were not likely to mislead plaintiff, the purported class members, or the general public.

**FIFTEENTH DEFENSE**
**(First Amendement)**

116.     The claims made in the Complaint are barred in whole or in part by the First Amendment to the Contitution of the United States.  Yearbook previews are fully protected by the First Amendment of the U.S. Constitution.  The publication of publicly available yearbook information is newsworthy, informational, noncommercial speech that is entitled to full First Amendment protection, regardless of whether the yearbook records are sold for profit.  Plaintiff's alleged theory of liability, if given effect, would suppress and censor speech protected by the First Amendment.

**SIXTEENTH DEFENSE**
**(Preemption)**

117.     Plaintiff' claims are barred in whole or in part by the doctrine of preemption.

**SEVENTEENTH DEFENSE**
**(Copyright Preemption)**

118.     Plaintiff' claims are preempted in whole or in part by the Copyright Act.

**EIGHTEENTH DEFENSE**
**(Consent)**

119.     The Complaint and the purported causes of action alleged therin are barred to the extent plaintiff and/or purported class members consented to have the information at issue publicly distributed.

**NINETEENTH DEFENSE**
**(Information At Issue Is Not Private)**

120.     The Complaint and the purported causes of action alleged therein are barred in whole or in part because the information at issue is not private and there has been no attempt to keep it private.

**TWENTIETH DEFENSE**
**(Unjust Enrichment)**

121.    The Complaint and each purported cause of action alleged therein is barred because any recovery from Ancestry would result in plaintiff's or a putative class member's unjust enrichment.

**TWENTY-FIRST DEFENSE**
**(Ratification)**

122.    The alleged causes of action are barred in whole or in part because of ratification, agreement, assent, acquiescence or consent to Ancestry's alleged conduct.

**TWENTY-SECOND DEFENSE**
**(Communications Decency Act)**

123.    The Complaint and each purported cause of action alleged therein is barred in whole or in part by the Communications Decency Act.

**TWENTY-THIRD DEFENSE**
**(Indemnity)**

124.    If Ancestry is found in some manner responsible to plaintiff and/or the purported class for the matters alleged in the Complaint, any such injury, damage, or other costs were proximately caused and contributed to by the negligence, fault, acts or omissions of other individuals or entities for whose conduct Ancestry is not responsible.  Thus, Ancestry requests a court declaration of its right to be indemnified and held harmless by those persons or entities.

**TWENTY-FOURTH DEFENSE**
**(Lack of Proximate Causation)**

125.    To the extent plaintiff suffered any injury by reason of publication of his yearbook record, those injuries were not proximately caused by Ancestry.  Plaintiff is thus barred from recovery from Ancestry, in that any damage proven to have been sustained by plaintiff and/or the purported class was caused by the intervening action or actions of plaintiff, the purported class, and/or other persons or parties that were a superseding cause of their damages and not due to any act or omission on the part of Ancestry.

31

### TWENTY-FIFTH DEFENSE
### (Absence of Malice, Reckless Indifference or Fraud Precludes Punitive Damages)

126.    Ancestry has not acted with malice, reckless indifference, or fraud toward plaintiff and putative class members and, therefore, defendants cannot be liable for punitive damages.

### TWENTY-SIXTH DEFENSE
### (Failure to Plead Facts Sufficient to Support Punitive Damages)

127.    Plaintiff and putative class members are not entitled to receive punitive damages because plaintiff did not plead facts sufficient to support such an award.

### TWENTY-SEVENTH DEFENSE
### (Right of Publicity Statutory Exemptions)

128.    Plaintiff's and putative class members' Right of Publicity claim fails because Ancestry's challenged conduct is exempted from liability under the right of publicity statute. Specifically, the Illinois Right of Publicity Act exempts liability where, as here, an individual's identity is used to "portray [or] describe" the individual in a "book, article, . . . or other . . . visual . . . work." 765 Ill. Comp. Stat. 1075/35(b)(1).  It also exempts Ancestry's use of plaintiff's and putative class members' yearbook records for a "non-commercial purpose."  765 Ill. Comp. Stat. 1075/35(b)(2).

### TWENTY-EIGHTH DEFENSE
### (Economic Loss Doctrine)

129.    The Complaint and each purported cause of action alleged therein is barred, in whole or in part, because of the economic loss doctrine.

### TWENTY-NINTH DEFENSE
### (Arbitration)

130.    Venue in this Court is improper to the extent plaintiff or the putative class members they purport to represent are bound to arbitrate their disputes with Ancestry.

WHEREFORE, Ancestry prays for judgement as follows:

1.    That the Complaint be dismissed with prejudice and that plaintiff take nothing by it;

2.    That defendants be awarded their costs of suit, including reasonable attorneys' fees; and

3.    For such other relief as this Court deems just and proper.


Dated:   January 26, 2022                    QUINN EMANUEL URQUHART &
                                             SULLIVAN, LLP

                                             By: /s/ *Shon Morgan*
                                                 Shon Morgan

                                             Shon Morgan (*pro hac vice*)
                                             John W. Baumann (*pro hac vice*)
                                             865 South Figueroa Street, 10th Floor
                                             Los Angeles, CA 90017
                                             (213) 443-3000
                                             shonmorgan@quinnemanuel.com
                                             jackbaumann@quinnemanuel.com

                                             Daniel Lombard
                                             191 N. Wacker Drive, Suite 2700
                                             Chicago, IL 60606
                                             (312) 705-7400
                                             daniellombard@quinnemanuel.com

                                             Cristina Henriquez (*pro hac vice*)
                                             555 Twin Dolphin Drive, 5th Floor
                                             Redwood Shores, CA 94065
                                             (650) 801-5000
                                             cristinahenriquez@quinnemanuel.com

                                             *Attorneys for Defendants Ancestry.com*
                                             *Operations Inc., Ancestry.com Inc., and*
                                             *Ancestry.com LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on January 26, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record via the Court's CM/ECF automated filing system.

*/s/ Shon Morgan*
Shon Morgan