UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 1:20-cv-07390<br><br>Hon. Virginia M. Kendall |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1
PROCEDURAL BACKGROUND..............................................................................................1
STATEMENT OF UNDISPUTED MATERIAL FACTS............................................................2
LEGAL STANDARD ..................................................................................................................3
ARGUMENT................................................................................................................................3
I.     Plaintiff's Claim Under The Illinois' Right Of Publicity Act Is Time-Barred ...................3
II.    Plaintiff's Unjust Enrichment Claim Fails With His Right Of Publicity Claim.................5
CONCLUSION.............................................................................................................................6

i

**PRELIMINARY STATEMENT**

Plaintiff has only two remaining claims—for violation of Illinois' Right of Publicity Act ("IRPA") and unjust enrichment—and both are indisputably time barred. Plaintiff's yearbook record was first posted on Ancestry's website on June 27, 2019 and has remained available in the exact same manner that plaintiff now claims violates his "right of publicity." IRPA imposes a one-year statute of limitations, which lapsed June 27, 2020. Plaintiff did not file his complaint until December 14, 2020, several months after that deadline. Likewise, because plaintiff's unjust enrichment claim depends entirely on his IRPA claim, it too fails. Ancestry is entitled to judgment as a matter of law.

**PROCEDURAL BACKGROUND**

On December 14, 2020, plaintiff Sergio Bonilla sued Ancestry on four claims: violation of the IRPA, violation of Illinois' Consumer Fraud and Deceptive Business Practices Act ("ICFA"), intrusion upon seclusion, and unjust enrichment. Dkt. No. 1 at ¶¶ 56-76. The Court dismissed the ICFA and intrusion upon seclusion claims, but allowed plaintiff's IRPA and unjust enrichment claims. Dkt. No. 57. The Court noted these claims were interrelated, reasoning that because plaintiff could "proceed on his I[R]PA claim [ ], his claim for unjust enrichment also survive[d]." *Id.* at 19 (citing *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (recognizing that where "an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim")).

Plaintiff's two remaining claims are based on a single record from plaintiff's 1995 Central High School yearbook (the "Bonilla Record") that appears in Ancestry's database entitled "U.S., School Yearbooks, 1900-1999" (the "Yearbook Database"). Dkt. No. 29 at ¶¶ 2, 34, 37-45, 79-83, 95-99. Specifically, plaintiff contends his "right of publicity" was violated because (1) the

1

Bonilla Record is searchable by any user of Ancestry.com; (2) the Bonilla Record is accessible, viewable, and downloadable in full by Ancestry subscribers and free trial users of Ancestry.com; (3) the Bonilla Record is pre-viewable by any user of Ancestry.com via a pop-up screen that, among other things, contains a thumbnail image of the yearbook record, the categories of available information for that record, the searched-for name ("Sergio Bonilla"), and the words "There's more to see[,] A picture of the original document" and "Sign Up Now"; (4) non-subscriber, non-free-trial users who attempt to access the Bonilla Record in full are re-directed to a webpage that, among other things, lists prices for Ancestry subscriptions; and (5) the Bonilla Record is "part of the database from which Ancestry populates the 'hint' e-mails." Dkt. No. 29 at ¶¶ 1-2, 34, 37-45.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Ancestry is a genealogy company that operates Ancestry.com, a public website that hosts a variety of records. Statement of Material Facts ("SMF") ¶¶ 1-2. Ancestry's Yearbook Database contains certain yearbook records and is searchable and accessible through Ancestry.com. *Id.* at ¶ 2. Ancestry began hosting the Bonilla Record in its Yearbook Database on June 27, 2019. *Id.* at ¶ 4. Since the time Ancestry began hosting the Bonilla Record in June 2019, (1) any visitor to Ancestry.com (subscribers and non-subscribers alike) has been able to search for the Bonilla Record on Ancestry.com using the same search parameters; (2) Ancestry subscribers and users of Ancestry.com's free trial have been able to view, access, and download the Bonilla Record in full; (3) any visitor to Ancestry.com (subscribers and non-subscribers) has been able to preview the Bonilla Record via a pop-up screen that, among other information, contains the name "Sergio Bonilla," the words "There's more to see[,] A picture of the original document," and "Sign Up Now," a thumbnail image of the Bonilla Record, and the categories of available information for that record; (4) any non-subscriber, non-free-trial Ancestry.com users who tried to access the Bonilla Record in full would have been redirected to a webpage that provides information

2

including prices for Ancestry subscriptions; and (5) the Bonilla Record has been part of the database from which Ancestry populates the "hint" e-mails, though the Bonilla Record has never been the subject of any such "hint" email. *Id.* at ¶¶ 5-6. Other than these items a user might see in response to a search for the Bonilla Record, Ancestry has not otherwise displayed the Bonilla Record to users of its website. *Id.* at ¶ 5.

## LEGAL STANDARD

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory allegations or unsupported speculation are insufficient to preclude the granting of a summary judgment motion. *See Daugherty v. Harrington*, 906 F.3d 606, 611 (7th Cir. 2018); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017).

## ARGUMENT

### I. PLAINTIFF'S RIGHT OF PUBLICITY CLAIM IS TIME-BARRED

The statute of limitations for IRPA claims is one year. *Schnitzer v. Woodford Invs., Inc.*, 2021 WL 1030975, at *2 (C.D. Ill. Mar. 17, 2021) ("The IRPA has a statute of limitations of one year"); *Toth-Gray v. Lamp Liter, Inc.*, 2019 WL 3555179, at *4 (N.D. Ill. July 31, 2019) ("A one-year statute of limitations period applies to Plaintiffs' IRPA claims"); *Blair v. Nevada Landing P'ship*, 369 Ill. App. 3d 318, 321 (2006) ("the statutory cause of action set forth in the Right of Publicity Act [ ] carries a statute of limitations of one year after the accrual of the cause of action"). An IRPA cause of action "accrues on the date when the allegedly infringing" material is first displayed in the manner that plaintiff claims violates his or her "right of publicity." *Toth-Gray*,

3

2019 WL 3555179, at *4. *See also Martin v. Living Essentials, LLC*, 160 F.Supp.3d 1042, 1045 (N.D. Ill. 2016) ("IRPA claims ... begin[ ] to accrue at the time of the first publication of the allegedly infringing publication").

For example, in *Toth-Gray*, two professional models asserted IRPA claims based on the defendant's use of their pictures on its Facebook page to advertise the defendant's strip club. 2019 WL 3555179 at *1. The court reasoned that the statute of limitations began to run on the date the allegedly-offending images were first posted to Facebook and, as a result, plaintiffs' claims were time barred. *Id.* at *3. Similarly, in *Martin*, the plaintiff asserted an IRPA claim based on his allegation the defendant had used an actor in its commercial who had "assumed [plaintiff's] identity as the hacky sack world record holder[.]" 160 F.Supp.3d at 1045-46. In finding the plaintiff's claim untimely, the *Martin* court looked to the "the first publication date of the allegedly infringing Commercial" to determine when the limitations period began to run. *Id.* at 1046.

Here, plaintiff asserts the manner in which his record is available through Ancestry's website—which gives users the ability to search for, view, access and download the Bonilla Record—violates his "right of publicity." *See* Dkt. No. 29 at ¶¶ 1-2, 34, 37-45. Although Ancestry disputes plaintiff's theory of what constitutes a violation of IRPA, each fact giving rise to this claim (under plaintiff's theory) has existed since June 27, 2019. *See Blair*, 369 Ill. App. 3d at 323 ("a cause of action accrues and the limitations period begins to run when facts exist that authorize one party to maintain an action against another"). The Bonilla Record has been available on Ancestry's website—in the exact same form—since June 27, 2019. SMF at ¶¶ 4-5. Since then, users have been able to search for, view, access and download the Bonilla Record in the exact same manner that plaintiff now claims infringes his "right of publicity." *Id.* at ¶ 5; Dkt. No. 29 at ¶¶ 2, 34, 37-45, 79-83. The time to bring his claim therefore expired June 27, 2020. *See Blair*,

4

369 Ill. App. 3d at 321. Because plaintiff did not file this action until December 14, 2020, his claim is time barred.[1]

## II. PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS WITH HIS RIGHT OF PUBLICITY CLAIM

"[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary*, 656 F.3d at 517. Accordingly, courts consistently reason that where the underlying claim is time barred, the unjust enrichment claim must also fail. *E.g., Dahms v. Coloplast Corp.*, 2020 WL 5593279, at *6 (N.D. Ill. Sept. 18, 2020), *appeal dismissed*, 2021 WL 4934441 (7th Cir. Aug. 10, 2021) (plaintiff's "tort claims are time-barred. Because the tort claims do not survive summary judgment, the unjust enrichment claim likewise fails"); *Sidney Hillman Health Ctr., of Rochester v. Abbott Labs.*, 64 F. Supp. 3d 1146, 1158 (N.D. Ill. 2014), *rev'd on other grounds*, 782 F.3d 922 (7th Cir. 2015) ("The Funds cannot use an unjust enrichment claim to do an end-run around the ICFA limitations period") (dismissing

---

[1] Though plaintiff asserts he "first became aware that his personal information and photographs are being used by Ancestry through the investigation of this lawsuit," (Dkt. 29 at ¶ 33), this has no bearing on the statute of limitations. As Illinois courts have made clear, "when the plaintiff . . . became aware" of the allegedly infringing material is irrelevant unless the material "was hidden, inherently undiscoverable, or inherently unknowable." *Blair*, 369 Ill. App. 3d at 326. Here, the exact same information that plaintiff was able to find in his "investigation of this lawsuit" was also readily available through Ancestry's site more than a year before. Having identified this same information with a few keystrokes during his "investigation," plaintiff cannot now contend it was "hidden" or "undiscoverable." *See id.* Further, even were the "discovery rule" applicable (it is not, *see id.*), there can be no fair dispute that plaintiff reasonably "should have known" these facts given their availability through Ancestry's site. *See AJIM, LLC v. Gen. Elec. Co.*, 2015 WL 9259918, at *18 (N.D. Ill. Dec. 18, 2015) ("information publicly available to the plaintiffs should have further alerted them to the contamination . . . the plaintiffs knew or should have known of the contamination in the area . . . enough to put them 'on inquiry to determine whether actionable conduct is involved'") (quoting *Village of DePue, Ill. v. Viacom Int'l, Inc.*, 713 F. Supp. 2d 774, 780-81 (C.D. Ill. 2010)).

unjust enrichment claim where underlying tort claim was time-barred); *Kremers v. Coca–Cola Co.*, 712 F.Supp.2d 759, 774–75 (S.D.Ill.2010) (collecting cases and dismissing unjust enrichment claim when ICFA claim failed on statute of limitations grounds).

This Court previously recognized that plaintiff's unjust enrichment claim is premised on the same allegedly wrongful conduct that underlies his IRPA claim. *See* Dkt. 57 at 19 ("Because the Court finds that Plaintiff can proceed on his I[R]PA claim [ ], his claim for unjust enrichment also survives"); Dkt. 29 at ¶¶ 80-82, 96. Accordingly, plaintiff's unjust enrichment claim must "fall with the related" IRPA claim. *See* Dkt. 57 at 19 ("where 'an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim'") (quoting *Cleary*, 565 F.3d at 517).

## **CONCLUSION**

Because plaintiff's IRPA claim is barred by the statute of limitations, and plaintiff's derivative unjust enrichment claim fails with his IRPA claim, Ancestry is entitled to judgment as a matter of law.

6

| | |
|---|---|
| Dated: February 10, 2022 | Respectfully submitted, |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | By: /s/ *Shon Morgan* |
| |     Shon Morgan |

Shon Morgan (*pro hac vice*)
John W. Baumann (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
shonmorgan@quinnemanuel.com
jackbaumann@quinnemanuel.com

Daniel Lombard
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
daniellombard@quinnemanuel.com

Cristina Henriquez (*pro hac vice*)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
cristinahenriquez@quinnemanuel.com

*Attorneys for Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC*

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that on February 10, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record via the Court's CM/ECF automated filing system.

    */s/ Shon Morgan*
    Shon Morgan