THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br>　　　　　　　　Plaintiff,<br>　vs.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company,<br>　　　　　　　　Defendants. | CASE NO. 1:20-CV-07390<br><br>JUDGE VIRGINIA M. KENDALL |

### PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS AND INTERROGATORIES

Plaintiff Sergio Bonilla respectfully moves this Court for an order compelling Defendants (collectively "Ancestry") to respond to Plaintiff's Requests for Production and Interrogatories. Ancestry has taken the position it need not respond to Plaintiff's discovery requests because it has filed a Motion for Summary Judgment. The law is unambiguous that, absent a court-ordered stay or protective order, the mere filing of a motion for summary judgment does not excuse a party from its discovery obligations. Were it otherwise, a party could indefinitely delay discovery simply by filing motions it claims may be dispositive. Discovery has not been stayed, nor has Ancestry moved for a stay. Furthermore, many of the requests for which Ancestry has refused production seek evidence necessary to Plaintiff's opposition to Ancestry's motion for summary judgment. This Court should reject Ancestry's attempt to delay discovery and deny Plaintiff necessary evidence. The Court should issue an order compelling Ancestry to produce documents and interrogatories responses.

1

In support of this motion, Plaintiff respectfully provides the following memorandum of law and fact:

## MEMORANDUM OF LAW AND FACT

### I. Factual Background

Plaintiff Sergio Bonilla filed his Complaint more than 16 months ago on December 14, 2020. *See* Dkt. No. 1. It alleges that Ancestry uses Plaintiff's and Class members' names and likenesses as children, which Ancestry obtained from decades-old school yearbooks, to advertise subscriptions to its website, in violation of the Illinois Right of Publicity Act ("IRPA") and other Illinois laws. Dkt. No. 29 (First Amended Complaint). This Court denied Ancestry's motion to dismiss with respect to Plaintiff's IRPA and unjust enrichment claims on December 7, 2021. Dkt. No. 57. On the same day, the Court entered a scheduling Order setting the close of fact discovery for July 25, 2022.

On January 3, 2022, Plaintiff served 11 document requests. *See* Osborn Decl., Ex. 1 ("First Set of RFPs"). On February 18, Plaintiff served an additional three document requests and three interrogatories seeking information needed to oppose the motion for summary judgment Ancestry filed on February 10. *See* Osborn Decl., Exs. 2 ("Second Set of RFPs") and 3 ("First Set of ROGs"); *see also* Dkt. No. 60 (motion for summary judgment).

Ancestry has produced no documents and no interrogatory answers in response to Plaintiff's requests related to the motion for summary judgment. *See* Osborn Decl., Exs. 5 & 6 (Ancestry responses refusing production). In response to Plaintiff's document requests related to his affirmative case, class certification, and Ancestry's affirmative defenses, Ancestry has produced a total of six responsive documents. For most of these requests, Ancestry has yet to produce a single responsive document. *See* Ex. 9 (Plaintiff's letter summarizing the state of

2

Ancestry's production as of April 1; since that date Ancestry has produced one additional document in response to Plaintiff's RFP No. 1).

Because Ancestry has refused to respond to Plaintiffs' requests: (1) Plaintiff lacks information necessary to opposing Ancestry's pending motion for summary judgment; and (2) Plaintiff's counsel are seriously concerned they will not have necessary evidence in time to complete fact discovery by the Court-ordered deadline of July 25, 2022.

Plaintiff met and conferred with Ancestry in a good faith attempt to resolve these discovery disputes. The parties exchanged correspondence detailing their respective positions, *see* Osborn Decl., Exs. 7-9. The parties also conferred by telephone on April 12. The parties were not able to reach agreement.

### II. Ancestry Cannot Refuse to Produce Documents and Interrogatory Responses Merely Because it has Filed a Motion for Summary Judgment

For all of the discovery requests that are the subject of this motion to compel (*detailed in* Part III *below*), Ancestry refused to respond because "Ancestry's pending motion for summary judgment . . . turns purely on questions of law." *See* Osborn Decl., Ex. 4, responses to RFPs 1, 2, 3, 5, 6, 7, 8, 9, & 11; *see also* Ex. 5, responses to RFPs 12-14; Ex. 6, responses to ROGs 1-3. This is both false and irrelevant. As Plaintiff demonstrated in his Opposition, Dkt. No. 69 at *15-19, Ancestry's summary judgment turns on questions of fact, and many of the requests for which Ancestry has refused production seek evidence that is necessary for Plaintiff's opposition. Even if the motion turned purely on questions of law, the motion has not been decided, and Ancestry's subjective belief that the motion is not a valid ground for refusing production.

A summary judgment motion does not stay discovery. Ancestry's aspiration that its motion will be "dispositive" is not relevant to its discovery obligations. *Cf.* Osborn Decl., Ex. 8, *1 (Ancestry letter claiming its belief that its own motion will succeed justifies refusal to

3

produce). The case is ongoing and this Court ordered the discovery period to commence more than four months ago. Dkt. No. 57. Courts are unanimous in finding that the filing of a potentially dispositive motion is not a valid reason to refuse production. *See Robbins v. NCO Fin. Sys., Inc.*, 2:06 CV 116, 2006 WL 3833352, at *5 (N.D. Ind. Dec. 12, 2006) (granting motion to compel and cautioning defendant that "arguments based upon assumptions regarding the merits of the case are misplaced in a discovery dispute"); *Andrea Distrib., Inc. v. Dean Foods of Wisconsin, LLC*, 15-CV-341-JDP, 2016 WL 3199544, at *7 (W.D. Wis. June 8, 2016) ("[t]his court . . . does not afford the parties the luxury of suspending discovery while dispositive motions are pending"). A party seeking to avoid production because of a pending summary judgment motion must move for and obtain a protective order or stay from the Court. A party cannot unilaterally impose a stay.

Ancestry cited several cases during the meet and confer process. In every case Ancestry cited, discovery was stayed during a pending motion only <u>after</u> the Court had issued a stay or protective order. *See* Osborn Decl., Ex. 8, at *8 (cases cited in second paragraph). These cases support Plaintiff's position. If Ancestry believes its pending summary judgment motion justifies its refusal to produce, Ancestry must move and show this Court the legal standard for a stay or protective order is met.

Even had Ancestry obtained an Order from this Court staying discovery unrelated to the pending summary judgment motion, it would have no valid basis to refuse requests that are necessary for Plaintiff's opposition to that motion, which many of the disputed requests are. Ancestry has refused production of the following information, all of which relates directly to the pending summary judgment motion:

(1) On-screen messages, text, pop-ups, or screens that Ancestry has displayed on its website that incorporate Mr. Bonilla's name or photograph, *see* Osborn Decl., Ex. 2, RFP No. 14; & Ex. 3, ROG No. 3. This information is relevant because, as Plaintiff showed in his Opposition to the motion for summary judgment, the statute of limitations is re-triggered each time Ancestry displays Mr. Bonilla's name or photograph in an advertisement targeted at a new prospective subscriber. *See* Dkt. No. 69.

(2) Identification of Illinois yearbooks that were added to the Ancestry database on or after December 14, 2019 (one year prior to the date on which Plaintiff filed his claim), *see* Osborn Decl., Ex. 2, RFP No. 12; Ex. 3, ROG No. 1; Ex. 9, at *7. This information is relevant to the motion for summary judgment because Ancestry argues that only those Class members whose names and photographs were added to the Yearbook Database within one year of Plaintiff filing suit have claims within the limitations period. While Plaintiff disputes this interpretation of the law, *see* Dkt. No. 69, Plaintiff is entitled to discovery needed to establish which Class members would have non-time-barred IRPA claims were Ancestry's interpretation correct.

(3) Identification of yearbook records from schools in Illinois that have been incorporated in Ancestry marketing emails ("Hint Messages") sent on or after December 14, 2019. *See* Osborn Decl., Ex. 2, RFP No. 13; Ex. 3, ROG No. 2; Ex. 9, at *9-10. As alleged in the Complaint, Ancestry sends Hint Messages containing Class members' names and likenesses by email to prospective subscribers. FAC, Dkt. No. 19, at ¶¶ 44-45. This information is relevant to the motion for summary judgment because, as Plaintiff showed in his Opposition, each time Ancestry sends a Hint

Message incorporating the name or likeness of a Class member re-triggers the limitations period. *See* Dkt. No. 69, at *4-5.

Because Ancestry's stated reason for refusing to produce documents is unsupported by law, and because Ancestry's refusal bars Plaintiff from discovering evidence necessary to oppose Ancestry's summary judgment motion, this Court should compel Ancestry to respond to Plaintiff's requests.

### III. Plaintiff's Discovery Requests

In addition to the three categories of information described above that are directly relevant to the pending motion for summary judgment, *see* Part II *above*, Plaintiff respectfully requests that the Court compel Ancestry to produce the following documents, which are related to Plaintiff's affirmative case, Plaintiff's anticipated motion for class certification, and affirmative defenses:

**A. Licensing agreements pursuant to which Ancestry receives or pays royalties for Illinois students' names and likenesses.**

Plaintiff's RFP No. 1 seeks "Agreements relating to the licensing or purchase of information in the Yearbook Database, including Yearbook Photographs and Yearbook Names." Osborn Decl., Ex. 1. After meeting and conferring with Ancestry, Plaintiff suggested limiting the scope of this request to yearbooks from schools in Illinois, which would ensure the production is limited to yearbooks that contain current Class members, who are Illinois residents. Osborn Decl., Ex. 9, at *2. Ancestry rejected this suggestion, agreeing to produce only a single licensing agreement that relates to Plaintiff Bonilla's yearbook.

Agreements relating to the licensing of absent Class members' yearbooks are relevant to Plaintiff's affirmative claims under the IRPA because they are relevant to: (1) whether Ancestry's use of Yearbook Photographs and Yearbook Names was for a "commercial purpose";

6

(2) whether Plaintiff's identity has "commercial value"; and (3) the amount of "profits derived from the unauthorized use." See 765 ILCS 1075/1 et seq. These documents are also relevant to arguments Ancestry raised in its motion to dismiss and attempted to preserve as affirmative defenses in its answer. See Dkt. Nos. 17; 59. Ancestry argued that Plaintiff "did not suffer any injury" because there is no "commercial interest in the value of" Plaintiff's name, likeness, and identity. Dkt. No. 17, at *11; see also Dkt. No. 59, ¶ 103 (asserting Plaintiff lacks standing). This argument will be undermined if Ancestry pays and/or receives licensing fees in exchange for its use of Class members' names and likenesses.

Plaintiff respectfully requests this Court order Ancestry to produce agreements relating to the licensing or purchase of yearbooks from schools in Illinois.

**B. Ancestry's revenue**

Plaintiffs RFP No. 2 seeks documents sufficient to show Ancestry's revenue "derived from the sale of website subscriptions to ancestry.com in each fiscal quarter" since the time Ancestry began including access to the Yearbook Database as part of its subscription products." Osborn Decl., Ex. 1. This information is relevant to Plaintiff's affirmative case because the IRPA allows recovery of "profits derived from the unauthorized use." See 765 ILCS 1075/1 et seq. Plaintiff's unjust enrichment claim also seeks recovery of unjustly earned revenues.

Ancestry has refused to produce on the ground that "Ancestry's revenue is . . . derived from many different sources that have nothing to do with the Yearbook Database." This is not a valid reason to refuse production. The request is limited to sales of website subscriptions made after Ancestry began including access to yearbooks as part of its subscription products. Ancestry does not dispute that some proportion of the revenue it earned from website subscriptions is attributable to its yearbook database. Ancestry's total subscription revenues are clearly relevant to calculating that proportion.

7

Plaintiff respectfully requests this Court order Ancestry to produce its revenue derived from the sale of website subscriptions to ancestry.com in each fiscal quarter since the time Ancestry began including access to the Yearbook Database as part of its subscription products.

### C. Communications regarding privacy and intellectual property concerns

Plaintiff's RFP No. 8 seeks communications "concerning whether [Ancestry's] use of Yearbook Photographs, Yearbook Names, and other personal information implicates the privacy of the subjects or their intellectual property rights." Osborn Decl., Ex. 1. This information is relevant to whether punitive damages may be awarded because Ancestry "willfully violated" the IRPA, *see* 765 ILCS 1075/1 *et seq*., and to whether Plaintiff and the class are entitled to equitable relief. This information is also relevant to arguments Ancestry raised in its motion to dismiss and attempted to preserve as affirmative defenses in its answer. *See* Dkt. Nos. 17; 59. Ancestry argued that "disclosure cannot cause harm" because yearbook information "is already a matter of public record." Dkt. 17, at *8. While it is Plaintiff's position that this argument is irrelevant because liability under the IRPA arises from "commercial use" rather than "public disclosure," Plaintiff is entitled to discovery of information necessary to counter Ancestry's argument. Communications indicating that Ancestry's officers or employees understood they would be distributing yearbook names and photographs to a much larger audience than intended are relevant.

Plaintiff respectfully requests this Court order Ancestry to produce communications concerning whether its use of yearbook photographs, yearbook names, and other personal information implicates the privacy of the subjects or their intellectual property rights. Plaintiff is willing to negotiate appropriate search terms and limitations on custodians for this request.

8

### D. How Ancestry obtained yearbooks

Plaintiff's RFP No. 9 seeks documents "related to how [Ancestry] obtained the photographs, names, and other information in the Yearbook Database, including Documents sufficient to show whether yearbook publishers intended yearbooks to be published online as part of the Yearbook Database." Osborn Decl., Ex. 1. This information is relevant to multiple elements of Plaintiff's affirmative case, and to numerous arguments and defenses Ancestry has raised in its motion to dismiss and answer. *See* Dkt. Nos. 17; 59. Among other issues, these documents are relevant to: (1) personal jurisdiction, because they are relevant to the extent and nature of Ancestry's contacts with the state of Illinois; (2) the economic value of Class members' likenesses, because Ancestry may have compensated its agents or other entities in order to obtain Class members' names and photographs; (3) whether Ancestry is entitled to CDA immunity, because CDA immunity applies only to content that is "provided by" an "information content provider"; (4) whether Ancestry "willfully violated" the IRPA, which may be informed by the manner in which it acquired yearbooks; (5) standing, because Ancestry's claim that Class members' personas do not have economic value may be undercut if Ancestry compensated its agents or other entities in order to obtain Class members' names and photographs.

Plaintiff respectfully requests this Court order Ancestry to produce documents related to how Ancestry obtained the photographs, names, and other information from Illinois yearbooks. Plaintiff is willing to negotiate appropriate search terms and limitations on custodians for this request.

### E. Requests to remove names and photographs

Plaintiff's RFP No. 11 seeks documents "relating to requests that [Ancestry has] received to remove names, Yearbook Photographs, or other personal information from ancestry.com." Osborn Decl., Ex. 1. This information is relevant to Plaintiff's affirmative case, as it is relevant

9

to: (1) whether Ancestry obtained the required consent from Class members prior to using their names and personas; (2) whether Ancestry's violation of the statute was "willful" such that award of punitive damages is merited; (3) whether Ancestry has engaged in equitable conduct supporting the award of equitable relief; and (4) the extent of Ancestry's contacts with the state of Illinois related to this lawsuit. The request is also relevant to arguments Ancestry has raised in its motion to dismiss and Answer, including: (1) personal jurisdiction; and (2) Ancestry's claim that it has "not acted with malice, reckless indifference, or fraud". *See* Dkt. Nos. 17; 59.

Plaintiff respectfully requests this Court order Ancestry to produce documents relating to requests Ancestry has received to remove names, yearbook photographs, or other personal information from ancestry.com. Plaintiff is willing to negotiate appropriate search terms and limitations on custodians for this request.

## IV. Conclusion

For the reasons above, Plaintiff respectfully requests this Court grant Plaintiff's motion and compel Ancestry to produce documents and answer interrogatories.

Respectfully submitted,

Dated: April 19, 2022      By:    */s/ Benjamin R. Osborn*
                                                Benjamin R. Osborn

Benjamin R. Osborn (*pro hac vice*)
LAW OFFICE OF BENJAMIN R. OSBORN
102 Bergen St.
Brooklyn, NY 11201
Phone: (347) 645-0464
Email: ben@benosbornlaw.com

Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor

Chicago, Illinois 60602
312.899.9090
SMM@cliffordlaw.com

Michael F. Ram (*pro hac vice*)
mram@forthepeople.com
Marie N. Appel (*pro hac vice*)
mappel@forthepeople.com
MORGAN & MORGAN
COMPLEX LITIGATION GROUP
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102
Telephone: (415) 358-6913
Telephone: (415) 358-6293

*Attorneys for Plaintiff and the Proposed Class*