# Exhibit 1

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br>       Defendants. | **CASE NO. 1:20-CV-07390**<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that Defendants (also referred to as "Ancestry" and/or "you") produce the documents described herein.

## INSTRUCTIONS

1. Pursuant to Fed. R. Civ. P. 34(b)(2)(B), if you object to a request, please provide the specific reasons for your objection.

2. Pursuant to Fed. R. Civ. P. 26(b)(5), if you withhold otherwise responsive information based on a claim the information is privileged, please provide a privilege log that includes: the nature of the material not disclosed; the date and time the material was created or sent; the identity of each author and recipient; the present location of the material; the number of pages, attachments, and exhibits; and all information on which you base your claim of privilege.

3. Pursuant to Fed. R. Civ. P. 26(e), you are under a continuing duty to supplement your responses to these discovery requests without further request from the Plaintiff.

4. Please categorize and label all Documents produced according to the specific numbered Request to which each Document is responsive.

5. Please provide all responsive Documents, including physical Documents, in electronic format. The format should include computer-searchable text, meta-data, and Bates-numbering. Plaintiff requests the parties meet and confer to agree on a stipulated order regarding the discovery of electronically stored information.

6. You are requested to produce the responsive Documents within 30 days of the date this Request is served. If you believe production of responsive Documents will require more than 30 days, Plaintiff requests the parties meet and confer regarding which categories you believe will require more time and the reasons they will require more time.

**DEFINITIONS**

7. "Agreement" means any contract, arrangement, or understanding between two or more persons or entities, whether formal or informal, written or unwritten.

8. "Ancestry" or "you" means the Defendants to whom these Requests for Production of Documents are directed, including all past and present officers, directors, representatives, agents, and employees; and all past and present parents, subsidiaries, divisions, or controlling shareholders.

9. The "Class" means all current and former Illinois residents who do not currently subscribe to ancestry.com and whose Yearbook Names and Yearbook Photographs Ancestry included and/or includes in its Database.

10. "Classmates" or "PeopleConnect" means PeopleConnect Inc.; the website it owns and operates at www.classmates.com; all past and present officers, directors, representatives, agents, and employees of PeopleConnect, Inc.; and all past and present parents, subsidiaries, divisions, or controlling shareholders of PeopleConnect, Inc.

11. "Documents" means the original and any nonidentical copy of any written, printed, reproduced, graphic, photographic, electronic, audio, visual, or computer records, however produced or reproduced, that is in your possession, custody, or control. "Documents" includes but is not limited to: e-mail; electronically stored information ("ESI"); papers; notes; books; letters; facsimiles; photographs; videos; audio recordings; drawings; presentations; text messages; transcripts; minutes; court filings; calendars; contracts; agreements; microfilm; telephone logs; spreadsheets; social media communications; financial reports; accounting records; computer code, including but not limited to code implementing the website www.ancestry.com; and databases, including any database containing Plaintiffs' and/or Class Members' photographs and personal information. "Documents" includes information stored in or accessible through computer or other digital means, together with instructions and any materials necessary to use or interpret such information.

12. "Marketing Email" means any email communication sent by you to a subscriber, prospective subscriber, or any other user of a website owned or operated by you, including www.ancestry.com.

13. "On-Site Messages" means all communications, pop-ups, text, images, photographs, banners, or other content that may be accessed or viewed by a user on any website owned or operated by you, including www.ancestry.com.

14. "Plaintiff" means the named Plaintiff in this lawsuit, Sergio Bonilla.

15. "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the subject.

16. "Yearbook Database" means all information in your custody or possession that is derived, copied, or otherwise obtained from school yearbooks. "Yearbook Database" includes but is not limited to photographs, names, and other personal information to which you provide searchable access on www.ancestry.com.

17. "Yearbook Names" means all names in the Yearbook Database.

18. "Yearbook Photographs" means all photographs in the Yearbook Database.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All current and past Agreements relating to the licensing or purchase of information in the Yearbook Database, including Yearbook Photographs and Yearbook Names. This includes, but is not limited to, Agreements relating to Ancestry's licensing of information including Yearbook Photographs to or from Classmates. Agreements produced should include amounts paid and received.

**REQUEST NO. 2:**

Documents sufficient to show your revenue derived from the sale of website subscriptions to ancestry.com in each fiscal quarter since you began including access to the Yearbook Database as part of your subscription products.

**REQUEST NO. 3:**

All Documents relating to why you display On-Site Messages and Marketing Emails that incorporate Yearbook Photographs and/or Yearbook Names, including Documents relating to the value of these in attracting new users and Documents relating to the value of these in converting trial users into paying users.

**REQUEST NO. 4:**

Documents sufficient to show your insurance coverage for legal claims, including all Agreements between you and any insurer that include coverage for legal liability and any insurance coverage specifically related to the claims made by Plaintiff in this matter.

**REQUEST NO. 5:**

Documents sufficient to show the number of Yearbook Photographs in the Yearbook Database from schools located in Illinois and the name of each person associated with each such Yearbook Photograph.

**REQUEST NO. 6:**

Documents sufficient to show the names and total number of ancestry.com subscribers whose accounts are associated with an Illinois address.

**REQUEST NO. 7:**

All Documents relating to whether you obtained consent from Plaintiff or any members of the Class for the use of the Yearbook Photographs.

**REQUEST NO. 8:**

All Documents concerning whether your use of Yearbook Photographs, Yearbook Names, and other personal information implicates the privacy of the subjects or their intellectual property rights.

**REQUEST NO. 9:**

All Documents related to how you obtained the photographs, names, and other information in the Yearbook Database, including Documents sufficient to show whether yearbook publishers intended yearbooks to be published online as part of the Yearbook Database.

**REQUEST NO. 10:**

All Documents upon which you intend to rely in asserting any affirmative defenses.

**REQUEST NO. 11:**

All documents relating to requests that you have received to remove names, Yearbook Photographs, or other personal information from ancestry.com, including documents sufficient to how you responded to each such request.

Dated: January 3, 2022

*/s/ Benjamin R. Osborn*
Benjamin R. Osborn (*Pro Hac Vice*)
Law Office of Benjamin R. Osborn
*Additional counsel listed on caption*