# Exhibit 2

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br>      Defendants. | **CASE NO. 1:20-CV-07390**<br><br>**PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that Defendants (also referred to as "Ancestry" and/or "you") produce the documents described herein.

## INSTRUCTIONS

1. Pursuant to Fed. R. Civ. P. 34(b)(2)(B), if you object to a request, please provide the specific reasons for your objection.

2. Pursuant to Fed. R. Civ. P. 26(b)(5), if you withhold otherwise responsive information based on a claim the information is privileged, please provide a privilege log that includes: the nature of the material not disclosed; the date and time the material was created or sent; the identity of each author and recipient; the present location of the material; the number of pages, attachments, and exhibits; and all information on which you base your claim of privilege.

3. Pursuant to Fed. R. Civ. P. 26(e), you are under a continuing duty to supplement your responses to these discovery requests without further request from the Plaintiff.

4. Please categorize and label all Documents produced according to the specific numbered Request to which each Document is responsive.

5. Please provide all responsive Documents, including physical Documents, in electronic format. The format should include computer-searchable text, meta-data, and Bates-numbering. Plaintiff requests the parties meet and confer to agree on a stipulated order regarding the discovery of electronically stored information.

6. You are requested to produce the responsive Documents within 30 days of the date this Request is served. If you believe production of responsive Documents will require more than 30 days, Plaintiff requests the parties meet and confer regarding which categories you believe will require more time and the reasons they will require more time.

**DEFINITIONS**

7. "Agreement" means any contract, arrangement, or understanding between two or more persons or entities, whether formal or informal, written or unwritten.

8. "Ancestry" or "you" means the Defendants to whom these Requests for Production of Documents are directed, including all past and present officers, directors, representatives, agents, and employees; and all past and present parents, subsidiaries, divisions, or controlling shareholders.

9. The "Class" means all current and former Illinois residents who do not currently subscribe to ancestry.com and whose Yearbook Names and Yearbook Photographs Ancestry included and/or includes in its Database.

10. "Classmates" or "PeopleConnect" means PeopleConnect Inc.; the website it owns and operates at www.classmates.com; all past and present officers, directors, representatives, agents, and employees of PeopleConnect, Inc.; and all past and present parents, subsidiaries, divisions, or controlling shareholders of PeopleConnect, Inc.

11. "Documents" means the original and any nonidentical copy of any written, printed, reproduced, graphic, photographic, electronic, audio, visual, or computer records, however produced or reproduced, that is in your possession, custody, or control. "Documents" includes but is not limited to: e-mail; electronically stored information ("ESI"); papers; notes; books; letters; facsimiles; photographs; videos; audio recordings; drawings; presentations; text messages; transcripts; minutes; court filings; calendars; contracts; agreements; microfilm; telephone logs; spreadsheets; social media communications; financial reports; accounting records; computer code, including but not limited to code implementing the website www.ancestry.com; and databases, including any database containing Plaintiffs' and/or Class Members' photographs and personal information. "Documents" includes information stored in or accessible through computer or other digital means, together with instructions and any materials necessary to use or interpret such information.

12. "Hint Message" means any communication sent by you regarding a specific record or name to a user, subscriber, or potential subscriber of Ancestry.com. "Hint Messages" include both "Marketing Emails" sent as emails, and "On-Site Messages" delivered in the form of on-site "hints" on the Ancestry.com website.

13. "Marketing Email" means any email communication sent by you to a subscriber, prospective subscriber, or any other user of a website owned or operated by you, including www.ancestry.com.

14. "On-Site Messages" means all communications, pop-ups, text, images, photographs, banners, or other content that may be accessed or viewed by a user on any website owned or operated by you, including www.ancestry.com.

15. "Plaintiff" means the named Plaintiff in this lawsuit, Sergio Bonilla.

16. "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the subject.

17. "Yearbook Database" means all information in your custody or possession that is derived, copied, or otherwise obtained from school yearbooks. "Yearbook Database" includes but is not limited to photographs, names, and other personal information to which you provide searchable access on www.ancestry.com.

18. "Yearbook Names" means all names in the Yearbook Database.

19. "Yearbook Photographs" means all photographs in the Yearbook Database.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 12:**

Documents sufficient to identify all yearbooks in the Yearbook Database from schools in Illinois and the date on which each such yearbook was added to the Yearbook Database. Yearbooks should be identified by at least the following information: name of school; location of school within Illinois (city and county); year of yearbook publication; and date (day, month, and year) on which the yearbook was added to the Yearbook Database.

**REQUEST NO. 13:**

Documents sufficient to identify all Yearbook Names from schools in Illinois that have been incorporated in a Hint Message. Yearbook Names should be identified by at least the following information: name of individual; name of school; location of school within Illinois (city and county); year of yearbook publication; date (day, month, and year) on which the yearbook was added the Yearbook Database; and date(s) on which the Yearbook Name was incorporated in a Hint Message.

**REQUEST NO. 14:**

All On-Site Message or Marketing Emails created or delivered by Ancestry in which Plaintiff Sergio Bonilla's name and/or photograph appeared.

Dated: February 18, 2022

*/s/ Benjamin R. Osborn*
Benjamin R. Osborn (*Pro Hac Vice*)
Law Office of Benjamin R. Osborn
*Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of these Requests for Production was provided via e-mail on February 18, 2022, to the following counsel of record for the Defendants:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Shon Morgan (*pro hac vice*)
shonmorgan@quinnemanuel.com
John W. Baumann (*pro hac vice*)
jackbaumann@quinnemanuel.com

Daniel Lombard
daniellombard@quinnemanuel.com

Cristina Henriquez (*pro hac vice*)
cristinahenriquez@quinnemanuel.com

*Attorneys for Defendants.*

                                                */s/ Benjamin R. Osborn*____
                                                Benjamin R. Osborn (*Pro Hac Vice*)
                                                Law Office of Benjamin R. Osborn