# Exhibit 3

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SERGIO BONILLA, on behalf of himself and
all others similarly situated,

                    Plaintiff,

v.

ANCESTRY.COM OPERATIONS INC., a
Virginia Corporation; ANCESTRY.COM
INC., a Delaware Corporation;
ANCESTRY.COM LLC, a Delaware Limited
Liability Company; and DOES 1 through 50,
inclusive,

                    Defendants.

**CASE NO. 1:20-CV-07390**

**PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that Defendants (also referred to as "Ancestry" and/or "you"), by and through its attorneys, produce, in accordance with the Definitions and Instructions herein, answers to the following written interrogatories under oath within thirty (30) days.

## INSTRUCTIONS

1.      These interrogatories shall be deemed continuing. You are required to supplement your response based upon any Documents or other information of which you become aware after you serve your initial response to these interrogatories.

2.      You are to answer each interrogatory by providing all responsive information. If you object to any interrogatory, specify the part to which you object, state your objections, state all factual and legal justifications that you believe support your objections, and respond to the remainder to which you do not object. *See* Fed. R. Civ. P. 33(b)(4).

3.      If you cannot respond fully and completely to any interrogatory or part thereof, answer to the fullest extent possible and state the reason for your inability to provide a full and complete answer.

4.      To the extent that any information called for by any interrogatory is unknown to you, so state and set forth such information as is known to you. If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5.      Each interrogatory shall be construed to include information and Documents within your knowledge, possession or control as of the date you answer to these interrogatories, and any supplemental information, knowledge, data, Documents or communications responsive to these interrogatories that is generated, obtained or discovered after the date of your answers.

2

6.      Pursuant to Fed. R. Civ. P. 26(b)(5), if you withhold otherwise responsive information or Documents identified herein based on a claim the information is privileged, please provide a privilege log that includes: the nature of the material not disclosed; the date and time the material was created or sent; the identity of each author and recipient; the present location of the material; the number of pages, attachments, and exhibits; and all information on which you base your claim of privilege.

7.      Pursuant to Fed. R. Civ. P. 26(e), you are under a continuing duty to supplement your responses to these discovery requests without further request from the Plaintiffs.

**DEFINITIONS**

7.      "Agreement" means any contract, arrangement, or understanding between two or more persons or entities, whether formal or informal, written or unwritten.

8.      "Ancestry" or "you" means the Defendants to whom these Requests for Production of Documents are directed, including all past and present officers, directors, representatives, agents, and employees; and all past and present parents, subsidiaries, divisions, or controlling shareholders.

9.      The "Class" means all current and former Illinois residents who do not currently subscribe to ancestry.com and whose Yearbook Names and Yearbook Photographs Ancestry included and/or includes in its Database.

10.     "Classmates" or "PeopleConnect" means PeopleConnect Inc.; the website it owns and operates at www.classmates.com; all past and present officers, directors, representatives, agents, and employees of PeopleConnect, Inc.; and all past and present parents, subsidiaries, divisions, or controlling shareholders of PeopleConnect, Inc.

11.     "Documents" means the original and any nonidentical copy of any written, printed, reproduced, graphic, photographic, electronic, audio, visual, or computer records, however produced or reproduced, that is in your possession, custody, or control. "Documents" includes but is not limited

3

to: e-mail; electronically stored information ("ESI"); papers; notes; books; letters; facsimiles; photographs; videos; audio recordings; drawings; presentations; text messages; transcripts; minutes; court filings; calendars; contracts; agreements; microfilm; telephone logs; spreadsheets; social media communications; financial reports; accounting records; computer code, including but not limited to code implementing the website www.ancestry.com; and databases, including any database containing Plaintiffs' and/or Class Members' photographs and personal information. "Documents" includes information stored in or accessible through computer or other digital means, together with instructions and any materials necessary to use or interpret such information.

12.    "Hint Message" means any communication sent by you regarding a specific record or name to a user, subscriber, or potential subscriber of Ancestry.com. "Hint Messages" include both "Marketing Emails" sent as emails, and "On-Site Messages" delivered in the form of on-site "hints" on the Ancestry.com website.

13.    "Marketing Email" means any email communication sent by you to a subscriber, prospective subscriber, or any other user of a website owned or operated by you, including www.ancestry.com.

14.    "On-Site Messages" means all communications, pop-ups, text, images, photographs, banners, or other content that may be accessed or viewed by a user on any website owned or operated by you, including www.ancestry.com.

15.    "Plaintiff" means the named Plaintiff in this lawsuit, Sergio Bonilla.

16.    "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the subject.

17.    "Yearbook Database" means all information in your custody or possession that is derived, copied, or otherwise obtained from school yearbooks. "Yearbook Database" includes but is

not limited to photographs, names, and other personal information to which you provide searchable access on www.ancestry.com.

18.   "Yearbook Names" means all names in the Yearbook Database.

19.   "Yearbook Photographs" means all photographs in the Yearbook Database.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all yearbooks in the Yearbook Database from schools in Illinois and the date on which each such yearbook was added to the Yearbook Database. Yearbooks should be identified by at least the following information: name of school; location of school within Illinois (city and county); year of yearbook publication; and date (day, month, and year) on which the yearbook was added to the Yearbook Database.

### INTERROGATORY NO. 2:

Identify all Yearbook Names from schools in Illinois that have been incorporated in a Hint Message. Yearbook Names should be identified by at least the following information: name of individual; name of school; location of school within Illinois (city and county); year of yearbook publication; date (day, month, and year) on which the yearbook was added the Yearbook Database; and date(s) on which the Yearbook Name was incorporated in a Hint Message.

### INTERROGATORY NO. 3:

Identify all instances in which Plaintiff Sergio Bonilla's name and/or photograph appeared in an On-Site Message or Marketing Email created or delivered by Ancestry. Instances should be identified by at least the following information: the date (day, month, and year) on which Ancestry created, delivered, or sent the On-Site Message or Marketing Email; and a description of the specific On-Site Message or Marketing Email.

Dated: February 18, 2022

*/s/ Benjamin R. Osborn*
Benjamin R. Osborn (*Pro Hac Vice*)
Law Office of Benjamin R. Osborn
*Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of these Requests for Production was provided via e-mail on February 18, 2022, to the following counsel of record for the Defendants:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Shon Morgan (*pro hac vice*)
shonmorgan@quinnemanuel.com
John W. Baumann (*pro hac vice*)
jackbaumann@quinnemanuel.com

Daniel Lombard
daniellombard@quinnemanuel.com

Cristina Henriquez (*pro hac vice*)
cristinahenriquez@quinnemanuel.com

*Attorneys for Defendants.*

/s/ Benjamin R. Osborn
Benjamin R. Osborn (*Pro Hac Vice*)
Law Office of Benjamin R. Osborn

7