# Exhibit 4

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>      Defendants. | CASE NO. 1:20-cv-07390<br><br>Hon. Virginia M. Kendall |

**ANCESTRY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

1

PROPOUNDING PARTY:        Plaintiff

RESPONDING PARTY:        Defendants

SET NO.:        One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry"), by and through their attorneys, hereby serve their responses and objections to plaintiff's First Set of Requests for Production of Documents (the "Requests").

## PRELIMINARY STATEMENT

Ancestry has not yet completed its investigation of the facts relating to this action, reviewed all documents relating to this action, interviewed all witnesses in this action, or completed its preparation for trial. Consequently, without undertaking an obligation to do so, Ancestry reserves the right to amend and/or supplement its responses if additional facts or documents are discovered, disclosed, or produced. Ancestry's responses in no way preclude Ancestry from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.

Ancestry's response to any of the Requests shall not to be construed as a waiver of any of its objections, including, without limitation, (a) objections to the use and admissibility of these responses and their subject matter on any ground in any proceeding in this action; (b) objections on any ground at any time to any request for production of documents or things, answers to interrogatories, admissions, or any other discovery in this action relating to the subject matter of the Requests; (c) objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial in this or any other action for any purpose whatsoever of any information, document or thing that may be produced in

the future; and (d) objections on any ground at any time to additional or supplemental requests for production that plaintiff may propound involving or relating to the same subject matter of these Requests.

Ancestry reserves the right to: (a) make any use of or introduce other information, documents, and things in this action that it may discover or upon which it may come to rely at the time of trial including, but not limited to, any documents obtained in discovery herein; and (b) revise, correct, supplement, or clarify any of its written responses at any time pursuant to Federal Rule of Civil Procedure 26(e).

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Ancestry intends to withhold documents that are privileged, not relevant to any party's claims or defenses in this litigation, or that include or may include confidential information of third parties.

## **GENERAL OBJECTIONS**

Ancestry makes the following general objections to plaintiff's Requests, reserving the right to add to or amend the objections or responses. The following general objections apply to each of the Requests and are incorporated by reference into each of the specific objections and responses as if fully set forth therein. A specific response may repeat a general objection for emphasis or some other reason. Not including a general objection in any specific response shall not constitute a waiver of any general objection to that Request.

1.  Ancestry objects to the Requests to the extent they exceed the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of Illinois, or any discovery rules governing this case.

2.  Ancestry objects to the Requests to the extent they seek information that, if disclosed, would violate third-party privacy rights or third-party confidentiality rights (contractual,

common law, statutory, or otherwise) or any rights that prohibit Ancestry from disclosing third-party information without consent.

3.      Ancestry objects to the Requests to the extent they purport to require Ancestry to disclose information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law, or any other provision of law. That information will not be disclosed except pursuant to and in reliance upon a suitable protective order.

4.      Ancestry objects to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, redundant, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as they contain the terms "any" and "all."

5.      Ancestry objects to the Requests to the extent they seek information and/or documents that are as accessible to plaintiff as they are to Ancestry on the grounds that it is unreasonably burdensome to compel Ancestry to obtain such information and/or documents for plaintiff.

6.      Ancestry objects to the Requests to the extent the information sought therein is not reasonably limited in geographic or temporal scope or appropriately limited to the claims in this case.

7.      Ancestry submits these responses on behalf of itself and does not speak for other entities or persons.  Nor does Ancestry purport to have possession, custody, or control of information from other entities or persons.

8.      Ancestry objects to the Requests to the extent they call for production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or protection. Those documents will not be

produced. Any future inadvertent production of privileged documents by Ancestry shall not constitute a waiver of any applicable privilege nor shall the production of any document be construed as a waiver of any objection to the admissibility of such document.

9. Ancestry objects to the Requests to the extent they impermissibly and prematurely call for expert opinions or testimony, at odds with the requirements of Fed. R. Civ. P. 26(a)(2)(D). Ancestry will make its expert disclosures in compliance with the timeframe provided by the Federal Rules of Civil Procedure.

10. Ancestry objects to the Requests to the extent they impermissibly call for production at odds with the requirements of Fed. R. Civ. P. 26(b)(3).

11. Ancestry objects to the Requests to the extent they seek information that is not relevant to any claims or defenses in this litigation nor proportional to the needs of the case.

12. No objection made herein, or lack thereof, shall be deemed an admission by Ancestry as to the existence or non-existence of any documents responsive to a Request.

13. Ancestry objects to the Requests to the extent they are impermissibly compound and/or have various subparts.

14. Ancestry objects to Instruction Number 2 as unduly burdensome because it attempts to increase the obligations on Ancestry beyond what is required by the Federal Rules of Civil Procedure. Ancestry is under no obligation to identify "the present location" of privileged material, the number of pages, attachments and exhibits, or "all information" on which a claim of privilege is based. Ancestry will not take on these obligations.

15. Ancestry objects to Instruction Number 4 as unduly burdensome because it attempts to increase the obligations on Ancestry beyond what is required by applicable rules, including the Federal Rules of Civil Procedure. Ancestry is under no obligation to "categorize and label all Documents produced according to the specific numbered Request to which each is responsive" when documents are produced "as they are kept in the usual course of business." Ancestry will not take on these obligations.

16.     Ancestry objects to Instruction Number 5 as unduly burdensome because it attempts to increase the obligations on Ancestry beyond what is required by applicable rules, including the Federal Rules of Civil Procedure.  Ancestry also objects to Instruction Number 5 as unduly burdensome because it seeks to impose a requirement to make documents computer-searchable and disclaims any obligation to do so if those documents are not otherwise kept in that way in the usual course of business.  Ancestry is open to meeting and conferring to negotiate a protective order and ESI protocol.

17.     Ancestry objects to Instruction Number 6 as unduly burdensome because it attempts to increase the obligations on Ancestry beyond what is required by applicable rules, including the Federal Rules of Civil Procedure.  Ancestry also objects to Instruction Number 6 because it seeks to unduly shorten the discovery and investigation period, conflicting with this Court's order setting a different close of discovery period than the one plaintiff attempts to unilaterally impose on Ancestry.  Ancestry will make rolling productions in this case, in compliance with applicable rules and this Court's order.

18.     Ancestry objects to the definition of the term "Agreement" and any requests incorporating that term because it imposes obligations greater than those imposed by the Federal Rules of Civil Procedure and seeks information that is "unwritten" or not otherwise contained in documents.  Ancestry will not undertake the obligation to create any documents for purposes of production.  The definition also impermissibly combines multiple separate subparts.  The definition further improperly calls for Ancestry to produce information that is protected by attorney-client privilege and attorney work product privilege.  Ancestry therefore defines "Agreement" to include only non-privileged, existing documents.

19.     Ancestry objects to the definition of the terms "Ancestry," "you," and "Defendants" and any requests incorporating those term because they impose obligations greater than those imposed by the Federal Rules of Civil Procedure and seek information in the possession, custody, or control of individuals, organizations, or entities other than Ancestry.  Ancestry further objects

6

to the definitions to the extent they purport to impute knowledge of unspecified or unknown parties or persons to Ancestry. The definitions further improperly call for Ancestry to produce information that is protected by attorney-client privilege and attorney work product privilege. In addition, the definitions call for information outside of Ancestry's possession, custody or control. The definitions further impermissibly combine multiple separate subparts. Ancestry therefore defines "Defendants," "Ancestry," and "you" to include only Ancestry and its current officers, directors, and employees.

20.     Ancestry objects to the definition of the term "Class" and any requests incorporating that term because it is vague, ambiguous, unduly burdensome, and unascertainable in that it includes "all current and former Illinois residents" who do not currently have a subscription to ancestry.com.

21.     Ancestry objects to the definition of "Yearbook Database" and any requests incorporating that term as unduly burdensome to the extent it is not limited to what is searchable through www.ancestry.com. Ancestry therefore defines "Yearbook Database" as being limited to the Illinois yearbook information that is searchable through www.ancestry.com.

22.     Ancestry objects to the definition of the term "Classmates" and "PeopleConnect," and any requests incorporating those terms, as vague, ambiguous, unduly burdensome, and unascertainable in that it includes "all past and present officers, directors, representatives, agents, and employees of PeopleConnect, Inc.; and all past and present parents, subsidiaries, divisions, or controlling shareholders of PeopleConnect, Inc." Ancestry also objects to that definition because it seeks to impose obligations greater than those imposed by the Federal Rules of Civil Procedure and seeks information in the possession, custody, or control of individuals, organizations, or entities other than Ancestry. Ancestry further objects to the definition to the extent that it purports to impute knowledge of unspecified or unknown parties or persons to Ancestry. In addition, the definition impermissibly combines multiple separate subparts.

7

23.     Ancestry objects to the definition of the term "Documents" and any requests incorporating that term as it seeks to impose obligations greater than those imposed by the Federal Rules of Civil Procedure.  It is also vague, ambiguous, and unduly burdensome in that it seeks information not relevant to any of the parties' claims or defenses.  It also seeks information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law, or any other provision of law.  This definition further seeks information that is as accessible to plaintiff, including to the extent that information is publicly available, such as social media communications.  In addition, that definition is vague and unduly burdensome in that it require searches of information, including electronically stored information, that is not reasonably accessible in light of the burdens or costs required to locate, restore, review and provide whatever responsive information may be found, in particular the request for text messages, microfilm, telephone logs, computer code, and unspecified "instructions and materials necessary to use or interpret such information." Therefore, Ancestry will interpret the term document consistent with the Federal Rules of Civil Procedure.

24.     Ancestry objects to the definition of "Marketing Email" and any requests incorporating that term as unduly burdensome, overly broad, and vague in that it includes all email communications between Ancestry and any "subscriber, prospective subscriber, or any other user of a website owned or operated by" Ancestry, **including** but not limited to the sole website at issue here: ancestry.com.  This definition seeks information that is neither relevant nor proportional to any of the claims or defenses in this litigation.

25.     Ancestry objects to the definition of "On-Site Messages" and any requests incorporating that term as it is unduly burdensome, overly broad, and vague in that it includes the entirety of the website www.Ancestry.com and other, unspecified websites.  This definition further seeks information that is neither relevant nor proportional to any of the claims or defenses in this

8

litigation. In addition, this definition seeks information or documents that are as accessible to plaintiff as it is to Ancestry.

26.     Ancestry objects to the Requests in that they are not limited to a relevant temporal scope, including the applicable statute of limitations for plaintiff's right of publicity claim.

27.     Ancestry objects to the Requests because they seek documents that are equally or more available to, or already in the possession, custody or control of plaintiff.

28.     Any objection by Ancestry does not constitute a representation or admission that such information and/or documents do in fact exist or are known.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All current and past Agreements relating to the licensing or purchase of information in the Yearbook Database, including Yearbook Photographs and Yearbook Names. This includes, but is not limited to, Agreements relating to Ancestry's licensing of information including Yearbook Photographs to or from Classmates. Agreements produced should include amounts paid and received.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is overly broad and unduly burdensome as it seeks "all" documents, including those that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case and lacks any appropriate temporal or geographic limitations; (ii) asks Ancestry to modify or create documents, if any, to disclose amounts paid or received; (iii) seeks documents that contain information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement,

understanding, custom, trade usage, statute, regulation, privacy law and/or any other provision of law; and (iv) is unduly burdensome in light of Ancestry's pending motion for summary judgment, which turns purely on questions of law as to plaintiff's individual claim.

Consistent with the above objections, Ancestry does not intend to produce documents in response to this Request. Ancestry will meet and confer with plaintiff about this Request.

## REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to show your revenue derived from the sale of website subscriptions to ancestry.com in each fiscal quarter since you began including access to the Yearbook Database as part of your subscription products.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks documents that are neither relevant to the claims or defenses of any party nor the available remedies—not only is Ancestry's revenue irrelevant to plaintiff's claims or any purported damages, but this Request asks for information entirely unrelated to the yearbook information underlying plaintiff's claims; (ii) is overly broad and unduly burdensome to the extent it seeks documents without any appropriate temporal or geographic limitations; (iii) seeks documents that contain information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law and/or any other provision of law; (iv) impermissibly and prematurely calls for expert opinions or testimony, at odds with the requirements of Rule 26(a)(2)(D) of the Federal Rules of Civil

10

Procedure—Ancestry will make its expert disclosures in compliance with the timeframe provided by the Federal Rules of Civil Procedure; and (v) is unduly burdensome in light of Ancestry's pending motion for summary judgment, which turns purely on questions of law as to plaintiff's individual claim.

Consistent with the above objections, Ancestry does not intend to produce documents in response to this Request. Ancestry will meet and confer with plaintiff about this Request.

## REQUEST FOR PRODUCTION NO. 3:

All Documents relating to why you display On-Site Messages and Marketing Emails that incorporate Yearbook Photographs and/or Yearbook Names, including Documents relating to the value of these in attracting new users and Documents relating to the value of these in converting trial users into paying users.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, or other applicable protection; (ii) is overly broad and unduly burdensome, including to the extent it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including by seeking *all* documents and without any appropriate temporal or geographic limitations; (iii) is overbroad, unduly burdensome, and vague with respect to what constitutes "on-site messages and marketing emails"; (iv) seeks documents that contain information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information; and (v) is unduly burdensome

in light of Ancestry's pending motion for summary judgment, which turns purely on questions of law as to plaintiff's individual claim.

Consistent with the above objections, Ancestry does not intend to produce documents in response to this Request. Ancestry will meet and confer with plaintiff about this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show your insurance coverage for legal claims, including all Agreements between you and any insurer that include coverage for legal liability and any insurance coverage specifically related to the claims made by Plaintiff in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) seeks documents that are irrelevant to the claims or defenses of any party in this litigation; and (ii) seeks documents that contain information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information.

Subject to each of the foregoing general and specific objections, Ancestry provides the following response: subject to a suitable protective order, Ancestry will produce the applicable certificates of insurance that may provide coverage for the claims in this action.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the number of Yearbook Photographs in the Yearbook Database from schools located in Illinois and the name of each person associated with each such Yearbook Photograph.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is overly broad and unduly burdensome, including to the extent it seeks

information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including by seeking documents without any appropriate temporal limitations and documents unrelated to the Illinois residents plaintiff purports to represent; (ii) seeks documents that are as accessible to plaintiff as they are to Ancestry, including to the extent any such documents are publicly available; (iii) is unduly burdensome in requiring Ancestry to catalogue and index each and every picture from Illinois yearbooks in the Yearbook Database and identify any associated names, including because Ancestry is under no obligation to create documents for purposes of production; (iv) is overly broad as it seeks irrelevant information, namely, it seeks names of putative class members prior to class certification even though they are irrelevant to whether plaintiff can bear the burden of proving the Rule 23 requirements (*see Oppenheimer Fund v.* Sanders, 437 U.S. 340, 352 (1978) ("Respondents' attempt to obtain the class members' names and addresses cannot be forced into the concept of 'relevancy' described above. The difficulty is that respondents do not seek this information for any bearing that it might have on issues in the case"); and (v) is unduly burdensome in light of Ancestry's pending motion for summary judgment, which turns purely on questions of law as to plaintiff's individual claim.

Subject to each of the foregoing general and specific objections, Ancestry provides the following response: subject to a suitable protective order, Ancestry will produce non-privileged, non-work product documents in its possession, custody, or control, located after a reasonable search, that are sufficient to show the number of yearbook records in the yearbook database from Illinois schools. Ancestry will not produce the number of yearbook photographs or the names associated with those photographs.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show the names and total number of ancestry.com subscribers whose accounts are associated with an Illinois address.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is overly broad and unduly burdensome, including to the extent it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because plaintiff does not purport to represent Ancestry subscribers; (ii) seeks documents that contain information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law and/or any other provision of law; (iii) seeks information that, if disclosed, would violate third-party privacy rights or third-party confidentiality rights (contractual, common law, statutory, or otherwise) or any rights that prohibit Ancestry from disclosing third-party information without consent; and (iv) is unduly burdensome in light of Ancestry's pending motion for summary judgment, which turns purely on questions of law as to plaintiff's individual claim.

Subject to each of the foregoing general and specific objections, Ancestry provides the following response: subject to a suitable protective order, Ancestry will produce responsive non-privileged, non-work product, non-protected documents in its possession, custody, or control, located after a reasonable search, that are sufficient to show the total number of Ancestry.com subscribers whose accounts are associated with an Illinois address. Ancestry will not produce the names associated with those accounts.

14

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to whether you obtained consent from Plaintiff or any members of the Class for the use of their Yearbook Photographs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is overly broad and unduly burdensome, including to the extent it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including because it seeks "all" documents; (ii) is premature given that Ancestry has not yet completed its investigation; (iii) is unduly burdensome in that plaintiff has not provided sufficient information to enable Ancestry to determine whether Ancestry has any agreement with him, including whether he or agents on his behalf ever signed up for an Ancestry subscription or free trial; and (iv) is unduly burdensome in light of Ancestry's pending motion for summary judgment, which turns purely on questions of law as to plaintiff's individual claim.

Subject to each of the foregoing general and specific objections, Ancestry provides the following limited response: after receiving confirmation whether plaintiff ever signed up for an Ancestry subscription or free trail, either directly or through an agent, Ancestry will produce responsive non-privileged, non-work product documents in its possession, custody, or control, located after a reasonable search, that are sufficient to show if Ancestry obtained consent from plaintiff. Ancestry is willing to meet and confer as to production of similar documents for the members of the putative class. Ancestry will not produce all documents "relating to" whether it obtained consent from plaintiff or the putative class. Discovery and investigation are ongoing, and Ancestry reserves the right to amend and/or supplement this response as additional information becomes known.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning whether your use of Yearbook Photographs, Yearbook Names, and other personal information implicates the privacy of the subjects or their intellectual property rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, or other applicable protection; (ii) is overly broad and unduly burdensome, including to the extent it seeks "any" documents, including those that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case, and is without any appropriate temporal or geographic limitations; (iii) seeks documents that are irrelevant to the claims or defenses of any party, including because this issue has no bearing on whether plaintiff has a viable claim; (iv) seeks information outside of the possession, custody, or control of Ancestry; (v) seeks documents that contain information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law and/or any other provision of law; (vi) is premature given that Ancestry has not yet completed its investigation; and (vii) is unduly burdensome in light of Ancestry's pending motion for summary judgment, which turns purely on questions of law as to plaintiff's individual claim.

Consistent with the above objections, Ancestry does not intend to produce documents in response to this Request. Ancestry will meet and confer with plaintiff about this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents related to how you obtained the photographs, names, and other information in the Yearbook Database, including Documents sufficient to show whether yearbook publishers intended yearbooks to be published online as part of the Yearbook Database.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is vague, ambiguous, and unintelligible in that it seeks documents "related to how you obtained the photographs names, and other information in the Yearbook Database"; Ancestry cannot discern what documents plaintiff is requesting; (ii) is overly broad and unduly burdensome because it seeks information unrelated to the claims or applicability of defenses in this litigation; (iii) seeks information outside of the possession, custody, or control of Ancestry; and (iv) is unduly burdensome in light of Ancestry's pending motion for summary judgment, which turns purely on questions of law as to plaintiff's individual claim.

Consistent with the above objections, Ancestry does not intend to produce documents in response to this Request. Ancestry will meet and confer with plaintiff about this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents upon which you intend to rely in asserting any affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) seeks documents that are as accessible to plaintiff as they are to Ancestry, including to the extent any documents are publicly available; (ii) is vague and ambiguous as to the term "rely"; (iii) seeks information outside of the possession, custody, or control of Ancestry; (iv) seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, or other applicable protection; (v) impermissibly and

17

prematurely calls for expert opinions or testimony, at odds with the requirements of Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure—Ancestry will make its expert disclosures in compliance with the timeframe provided by the Federal Rules of Civil Procedure; and (vi) is premature given that Ancestry has not yet completed its investigation.

Subject to each of the foregoing general and specific objections, Ancestry provides the following response: subject to a suitable protective order, Ancestry will produce responsive non-privileged, non-work product, non-protected documents in its possession, custody, or control, located after a reasonable search that relate to Ancestry's affirmative defenses to plaintiff's individual claims. Discovery and investigation are ongoing, and Ancestry reserves the right to amend and/or supplement this response as additional information becomes known.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to requests that you have received to remove names, Yearbook Photographs, or other personal information from ancestry.com, including documents sufficient to how you responded to each such request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is vague, ambiguous, and unintelligible in that it seeks "documents sufficient to how you responded to each such request"; (ii) seeks information that, if disclosed, would violate third-party privacy rights or third-party confidentiality rights (contractual, common law, statutory, or otherwise) or any rights that prohibit Ancestry from disclosing third-party information without consent; (iii) seeks information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by

contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law, or any other provision of law; (iv) seeks documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, or other applicable protection; (v) is overly broad and unduly burdensome, including to the extent it seeks "all" documents, including those that are neither relevant to the claims or defenses of any party nor proportional to the needs of the case, and is without any appropriate temporal or geographic limitations; (vi) seeks documents that are irrelevant to the claims or defenses of any party, including because this issue has no bearing on whether plaintiff has a viable claim; and (vii) is unduly burdensome in light of Ancestry's pending motion for summary judgment, which turns purely on questions of law as to plaintiff's individual claim.

Consistent with the above objections, Ancestry does not intend to produce documents in response to this Request. Ancestry will meet and confer with plaintiff about this Request.

Dated:   February 16, 2022

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: /s/ *Shon Morgan*
    Shon Morgan

Shon Morgan (*pro hac vice*)
John W. Baumann (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
shonmorgan@quinnemanuel.com
jackbaumann@quinnemanuel.com

Daniel Lombard
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
daniellombard@quinnemanuel.com

Cristina Henriquez (*pro hac vice*)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
cristinahenriquez@quinnemanuel.com

*Attorneys for Defendants Ancestry.com
Operations Inc., Ancestry.com Inc., and
Ancestry.com LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on February 16, 2022, I caused a true and correct copy of the foregoing to be served on all counsel of record via e-mail.


*/s/ Cristina Henriquez*
Cristina Henriquez