# Exhibit 6

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>    v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>       Defendants. | CASE NO. 1:20-cv-07390<br><br>Hon. Virginia M. Kendall |

**ANCESTRY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

1

PROPOUNDING PARTY:          Plaintiff

RESPONDING PARTY:          Defendants

SET NO.:                             Two

     Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry"), by and through their attorneys, hereby serve their responses and objections to plaintiff's Second Set of Requests for Production of Documents (the "Requests").

<u>PRELIMINARY STATEMENT</u>

     Ancestry has not yet completed its investigation of the facts relating to this action, reviewed all documents relating to this action, interviewed all witnesses in this action, or completed its preparation for trial.  Consequently, without undertaking an obligation to do so, Ancestry reserves the right to amend and/or supplement its responses if additional facts or documents are discovered, disclosed, or produced.  Ancestry's responses in no way preclude Ancestry from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.

     Ancestry's response to any of the Requests shall not be construed as a waiver of any of its objections, including, without limitation, (a) objections to the use and admissibility of these responses and their subject matter on any ground in any proceeding in this action; (b) objections on any ground at any time to any request for production of documents or things, answers to interrogatories, admissions, or any other discovery in this action relating to the subject matter of the Requests; (c) objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding or trial in this or any other action for any purpose whatsoever of any information, document or thing that may be produced in

the future; and (d) objections on any ground at any time to additional or supplemental requests for production that plaintiff may propound involving or relating to the same subject matter of these Requests.

Ancestry reserves the right to: (a) make any use of or introduce other information, documents, and things in this action that it may discover or upon which it may come to rely at the time of trial including, but not limited to, any documents obtained in discovery herein; and (b) revise, correct, supplement, or clarify any of its written responses at any time pursuant to Federal Rule of Civil Procedure 26(e).

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Ancestry intends to withhold documents that are privileged, not relevant to any party's claims or defenses in this litigation, or that include or may include confidential information of third parties.

## **GENERAL OBJECTIONS**

Ancestry makes the following general objections to plaintiff's Requests, reserving the right to add to or amend the objections or responses. The following general objections apply to each of the Requests and are incorporated by reference into each of the specific objections and responses as if fully set forth therein. A specific response may repeat a general objection for emphasis or some other reason. Not including a general objection in any specific response shall not constitute a waiver of any general objection to that Request.

1.    Ancestry objects to the Requests to the extent they exceed the requirements of the Federal Rules of Civil Procedure, the local rules of the Northern District of Illinois, or any discovery rules governing this case.

2.    Ancestry objects to the Requests to the extent they seek information that, if disclosed, would violate third-party privacy rights or third-party confidentiality rights (contractual,

3

common law, statutory, or otherwise) or any rights that prohibit Ancestry from disclosing third-party information without consent.

3.     Ancestry objects to the Requests to the extent they purport to require Ancestry to disclose information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law, or any other provision of law. That information will be disclosed only pursuant to and in reliance upon the agreed protective order.

4.     Ancestry objects to the Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, oppressive, incomprehensible, redundant, harassing, improperly duplicative or cumulative of other discovery, particularly insofar as they contain the terms "any" and "all."

5.     Ancestry objects to the Requests to the extent they seek information that is as accessible to plaintiff as it is to Ancestry on the grounds that it is unreasonably burdensome to compel Ancestry to obtain such information for plaintiff.

6.     Ancestry objects to the Requests to the extent the information sought therein is not reasonably limited in geographic or temporal scope or appropriately limited to the claims in this case.

7.     Ancestry submits these responses on behalf of itself and does not speak for other entities or persons. Nor does Ancestry purport to have possession, custody, or control of information from other entities or persons.

8.      Ancestry objects to the Requests to the extent they call for production of documents protected from disclosure by the attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege or protection. Those documents will not be produced.  Any future inadvertent production of privileged documents by Ancestry shall not constitute a waiver of any applicable privilege nor shall the production of any document be construed as a waiver of any objection to the admissibility of such document.

9.      Ancestry objects to the Requests to the extent they impermissibly and prematurely call for expert opinions or testimony, at odds with the requirements of Fed. R. Civ. P. 26(a)(2)(D). Ancestry will make its expert disclosures in compliance with the timeframe provided by the Federal Rules of Civil Procedure.

10.      Ancestry objects to the Requests to the extent they impermissibly call for production at odds with the requirements of Fed. R. Civ. P. 26(b)(3).

11.      Ancestry objects to the Requests to the extent they seek information that is not relevant to any claims or defenses in this litigation nor proportional to the needs of the case.

12.      No objection made herein, or lack thereof, shall be deemed an admission by Ancestry as to the existence or non-existence of any documents responsive to a Request.

13.      Ancestry objects to the Requests to the extent they are impermissibly compound and/or have various subparts.

14.      Ancestry objects to Instruction Number 2 as unduly burdensome because it attempts to increase the obligations on Ancestry beyond what is required by the Federal  Rules of Civil Procedure.  Ancestry is under no obligation to identify "the present location" of privileged material, the number of pages, attachments and exhibits, or "all information" on which a claim of privilege is based.  Ancestry will not take on these obligations.

15.     Ancestry objects to Instruction Number 4 as unduly burdensome because it attempts to increase the obligations on Ancestry beyond what is required by applicable rules, including the Federal Rules of Civil Procedure.  Ancestry is under no obligation to "categorize and label all Documents produced according to the specific numbered Request to which each is responsive" when documents are produced "as they are kept in the usual course of business."  Ancestry will not take on these obligations.

16.     Ancestry objects to Instruction Number 5 as unduly burdensome because it attempts to increase the obligations on Ancestry beyond what is required by applicable rules, including the Federal Rules of Civil Procedure.  Ancestry also objects to Instruction Number 5 as unduly burdensome because it seeks to impose a requirement to make documents computer-searchable and disclaims any obligation to do so if those documents are not otherwise kept in that way in the usual course of business.  Ancestry believes it is unnecessary to meet and confer to negotiate a protective order and ESI protocol given that the Parties have already agreed to a protective order and ESI protocol.

17.     Ancestry objects to Instruction Number 6 as unduly burdensome because it attempts to increase the obligations on Ancestry beyond what is required by applicable rules, including the Federal Rules of Civil Procedure.  Ancestry also objects to Instruction Number 6 because it seeks to unduly shorten the discovery and investigation period, conflicting with this Court's order setting a different close of discovery period than the one plaintiff attempts to unilaterally impose on Ancestry.  Ancestry will make rolling productions in this case, in compliance with applicable rules and this Court's order.

18.     Ancestry objects to the definition of the term "Agreement" and any Requests incorporating that term because it imposes obligations greater than those imposed by the Federal

Rules of Civil Procedure and seeks information that is "unwritten" or not otherwise contained in documents. Ancestry will not undertake the obligation to create any documents for purposes of production. The definition also impermissibly combines multiple separate subparts. The definition further improperly calls for Ancestry to produce information that is protected by attorney-client privilege and attorney work product privilege. Ancestry therefore defines "Agreement" to include only non-privileged, existing documents.

19.     Ancestry objects to the definition of the terms "Ancestry," "you," and "Defendants" and any Requests incorporating those term because they impose obligations greater than those imposed by the Federal Rules of Civil Procedure and seek information in the possession, custody, or control of individuals, organizations, or entities other than Ancestry. Ancestry further objects to the definitions to the extent they purport to impute knowledge of unspecified or unknown parties or persons to Ancestry. The definitions further improperly call for Ancestry to produce information that is protected by attorney-client privilege and attorney work product privilege. In addition, the definitions call for information outside of Ancestry's possession, custody or control. The definitions further impermissibly combine multiple separate subparts. Ancestry therefore defines "Defendants," "Ancestry," and "you" to include only Ancestry and its current officers, directors, and employees.

20.     Ancestry objects to the definition of the term "Class" and any Requests incorporating that term because it is vague, ambiguous, unduly burdensome, and unascertainable in that it includes "all current and former Illinois residents" who do not currently have a subscription to Ancestry.com.

21.     Ancestry objects to the definition of "Yearbook Database" and any Requests incorporating that term as unduly burdensome to the extent it is not limited to what is searchable

through Ancestry.com. Ancestry therefore defines "Yearbook Database" as being limited to the Illinois yearbook information that is searchable through Ancestry.com.

22.    Ancestry objects to the definition of the term "Classmates" and "PeopleConnect," and any Requests incorporating those terms, as vague, ambiguous, unduly burdensome, and unascertainable in that it includes "all past and present officers, directors, representatives, agents, and employees of PeopleConnect, Inc.; and all past and present parents, subsidiaries, divisions, or controlling shareholders of PeopleConnect, Inc." Ancestry also objects to that definition because it seeks to impose obligations greater than those imposed by the Federal Rules of Civil Procedure and seeks information in the possession, custody, or control of individuals, organizations, or entities other than Ancestry. Ancestry further objects to the definition to the extent that it purports to impute knowledge of unspecified or unknown parties or persons to Ancestry. In addition, the definition impermissibly combines multiple separate subparts.

23.    Ancestry objects to the definition of the term "Documents" and any Requests incorporating that term as it seeks to impose obligations greater than those imposed by the Federal Rules of Civil Procedure. It is also vague, ambiguous, and unduly burdensome in that it seeks information not relevant to any of the parties' claims or defenses. It also seeks information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law, or any other provision of law. This definition further seeks information that is as accessible to plaintiff, including to the extent that information is publicly available, such as social media communications. In addition, that definition is vague and unduly burdensome in that it requires searches of information, including electronically stored information,

8

that is not reasonably accessible in light of the burdens or costs required to locate, restore, review and provide whatever responsive information may be found, in particular the request for text messages, microfilm, telephone logs, computer code, and unspecified "instructions and materials necessary to use or interpret such information." Therefore, Ancestry will interpret the term document consistent with the Federal Rules of Civil Procedure.

24.     Ancestry objects to the definition of "Marketing Email" and any Requests incorporating that term as unduly burdensome, overly broad, and vague in that it includes all email communications between Ancestry and any "subscriber, prospective subscriber, or any other user of a website owned or operated by" Ancestry, including *but not limited to* the sole website at issue here: Ancestry.com. This definition seeks information that is neither relevant nor proportional to any of the claims or defenses in this litigation.

25.     Ancestry objects to the definition of "On-Site Messages" and any Requests incorporating that term as it is unduly burdensome, overly broad, and vague in that it includes the entirety of the website Ancestry.com and other, unspecified websites. This definition further seeks information that is neither relevant nor proportional to any of the claims or defenses in this litigation. In addition, this definition seeks information or documents that are as accessible to plaintiff as they are to Ancestry. Therefore, Ancestry interprets this term to include only messages sent by Ancestry through the website Ancestry.com to specific users.

26.     Ancestry objects to the definition of "Hint Message" and any Requests incorporating that term as it is unduly burdensome, overly broad, and vague in that it seems to do nothing more than combine the definition of "Marketing Email" and "On-Site Messages." This definition further seeks information that is neither relevant nor proportional to any of the claims

or defenses in this litigation.  In addition, this definition seeks information or documents that are as accessible to plaintiff as they are to Ancestry.

27.     Ancestry objects to the Requests in that they are not limited to a relevant temporal scope, including the applicable statute of limitations for plaintiff's right of publicity claim.

28.     Ancestry objects to the Requests because they seek documents that are equally or more available to, or already in the possession, custody or control of plaintiff.

29.     Any objection by Ancestry does not constitute a representation or admission that such information and/or documents do in fact exist or are known.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 12:

Documents sufficient to identify all yearbooks in the Yearbook Database from schools in Illinois and the date on which each such yearbook was added to the Yearbook Database. Yearbooks should be identified by at least the following information: name of school; location of school within Illinois (city and county); year of yearbook publication; and date (day, month, and year) on which the yearbook was added to the Yearbook Database.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is overly broad and unduly burdensome, including to the extent it seeks information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including by seeking documents without any appropriate temporal limitation and documents concerning those whom plaintiff does not purport to represent (non-residents of Illinois who appeared in yearbooks from Illinois schools that are in the Yearbook Database); (ii) seeks documents that are as accessible to plaintiff as they are to Ancestry, including to the extent

any such documents are publicly available; (iii) is unduly burdensome in requiring Ancestry to catalogue every yearbook from an Illinois school in the Yearbook Database to identify "the name of school location of school within Illinois (city and county); year of yearbook publication; and date (day, month, and year) on which the yearbook was added to the Yearbook Database[,]" including because Ancestry is under no obligation to create documents for purposes of production; (iv) seeks information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law, or any other provision of law; (v) is overly broad, unduly burdensome, and seeks irrelevant information outside the scope of Rule 26 of the Federal Rules of Civil Procedure that has no bearing on the claims or defenses in this litigation, including because it seeks names and information of putative class members prior to class certification (*see, e.g., Oppenheimer Fund v. Sanders*, 437 U.S. 340, 352 (1978) ("Respondents' attempt to obtain the class members' names and addresses cannot be forced into the concept of 'relevancy' described above. The difficulty is that respondents do not seek this information for any bearing that it might have on issues in the case"); *Ossola v. Am. Express Co.*, 2015 WL 5158712, at *8 (N.D. Ill. Sept. 3, 2015), *objections overruled*, 2015 WL 13402269 (N.D. Ill. Dec. 22, 2015) ("Plaintiffs have not provided any authority—or even argument— demonstrating they are entitled to class discovery without a single adequate plaintiff, and the court's independent research has likewise revealed none. The unspoken truth, which the Plaintiffs' briefs avoid discussing, is that they need discovery to identify an appropriate representative. But it bears repeating that fishing for a client is not a permissible purpose of discovery"); *In re Williams-Sonoma, Inc.*, 947 F.3d 535, 540 (9th Cir. 2020) ("using discovery to find a client to be

11

the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)");
*Reed v. Bowen*, 849 F.2d 1307, 1313-14 (10th Cir. 1988) ("No court has held, in a factual context similar to this case, that counsel has a right to use the power of the courts, through the Rules of Civil Procedure, to find a client who could be intervened as a plaintiff in a suit which has no party plaintiff. That is true with respect both to class action cases analyzed under Fed.R.Civ.P. 23 and Fed.R.Civ.P. 26"); (vi) is duplicative of Interrogatory No. 1; and (vii) is unduly burdensome in light of Ancestry's pending motion for summary judgment, including because the information sought is irrelevant to the case-dispositive issues before the court in Ancestry's motion for summary judgment, particularly given that plaintiff's claims allegedly stem from Ancestry's uploading of his Nebraska yearbook record to the database, not the inclusion of any Illinois yearbook in which plaintiff has not alleged to have appeared.

Consistent with the above objections, Ancestry does not intend to produce documents in response to this Request. Ancestry will meet and confer with plaintiff about this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify all Yearbook Names from schools in Illinois that have been incorporated in a Hint Message. Yearbook Names should be identified by at least the following information: name of individual; name of school; location of school within Illinois (city and county); year of yearbook publication; date (day, month, and year) on which the yearbook was added the Yearbook Database; and date(s) on which the Yearbook Name was incorporated in a Hint Message.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is overly broad and unduly burdensome, including to the extent it seeks

information that is neither relevant to the claims or defenses of any party nor proportional to the needs of the case, including by seeking documents without any appropriate temporal limitation and documents concerning those whom plaintiffs does not purport to represent (non-residents of Illinois who appeared in yearbooks from Illinois schools that are in the Yearbook Database); (ii) is overly broad and unduly burdensome in requiring Ancestry to catalogue and index every Hint Message to identify those that contain any information corresponding to a yearbook from an Illinois school in the Yearbook Database; (iii) is overly broad and unduly burdensome in requiring Ancestry to identify "all Yearbook Names from schools in Illinois that have been incorporated in a Hint Message" and identify each by "at least the following information: name of individual; name of school; location of school within Illinois (city and county); year of yearbook publication; date (day, month, and year) on which the yearbook was added the Yearbook Database; and date(s) on which the Yearbook Name was incorporated in a Hint Message.[,]" including because Ancestry is under no obligation to create documents for purposes of production; (iv) seeks information that is commercially sensitive, confidential, proprietary and/or reflective of trade secrets, including, but not limited to, Ancestry's commercially sensitive, confidential and proprietary information and information that is prohibited from disclosure by contract, agreement, understanding, custom, trade usage, statute, regulation, privacy law, or any other provision of law; (v) is overly broad, unduly burdensome, and seeks irrelevant information outside the scope of Rule 26 of the Federal Rules of Civil Procedure that has no bearing on the claims or defenses in this litigation, including because it seeks names and information of putative class members prior to class certification even though they are irrelevant to the claims and defenses in this litigation or whether plaintiff can bear the burden of proving the Rule 23 requirements and are improper for purposes of soliciting new plaintiffs (*see, e.g., Oppenheimer Fund*, 437 U.S. at 352; *Ossola*, 2015 WL 5158712, at *8; *In re*

*Williams-Sonoma, Inc.*, 947 F.3d at 540; *Reed*, 849 F.2d at 1313-14; (vi) is duplicative of Interrogatory No. 2; and (vii) is unduly burdensome in light of Ancestry's pending motion for summary judgment, including because it is irrelevant to the case-dispositive issues before the court in Ancestry's motion for summary judgment, particularly given that (a) plaintiff does not allege his record came from an Illinois school yearbook, and (b) the identification of "all Yearbook Names from schools in Illinois that have been incorporated in a Hint Message" have no bearing on the applicable statute of limitations for plaintiff Sergio Bonilla's claim.

Consistent with the above objections, Ancestry does not intend to produce documents in response to this Request. Ancestry will meet and confer with plaintiff about this Request.

**REQUEST FOR PRODUCTION NO. 14:**

All On-Site Message or Marketing Emails created or delivered by Ancestry in which Plaintiff Sergio Bonilla's name and/or photograph appeared.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Ancestry incorporates its general objections and in addition objects to this Request on the grounds that it: (i) is vague with respect to what constitutes an "On-Site Message," which Ancestry interprets to mean messages sent by Ancestry through the website Ancestry.com to specific users; and (ii) is duplicative of Interrogatory No. 3.

Subject to each of the foregoing general and specific objections, Ancestry provides the following response: Ancestry has conducted a diligent search for responsive non-privileged, non-work product, non-protected documents in its possession, custody, or control, and there are no such documents.

Dated:  March 21, 2022                    QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

                                          By: /s/ *Shon Morgan*
                                              Shon Morgan

                                          Shon Morgan (*pro hac vice*)
                                          John W. Baumann (*pro hac vice*)
                                          865 South Figueroa Street, 10th Floor
                                          Los Angeles, CA 90017
                                          (213) 443-3000
                                          shonmorgan@quinnemanuel.com
                                          jackbaumann@quinnemanuel.com

                                          Daniel Lombard
                                          191 N. Wacker Drive, Suite 2700
                                          Chicago, IL 60606
                                          (312) 705-7400
                                          daniellombard@quinnemanuel.com

                                          Cristina Henriquez (*pro hac vice*)
                                          555 Twin Dolphin Drive, 5th Floor
                                          Redwood Shores, CA 94065
                                          (650) 801-5000
                                          cristinahenriquez@quinnemanuel.com

                                          *Attorneys for Defendants Ancestry.com*
                                          *Operations Inc., Ancestry.com Inc., and*
                                          *Ancestry.com LLC*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 21, 2022, I caused a true and correct copy of the foregoing to be served on all counsel of record via e-mail.


*/s/ Cristina Henriquez*
Cristina Henriquez