# Exhibit 7

February 25, 2022

<u>Sent via email:</u>
Shon Morgan
shonmorgan@quinnemanuel.com
John W. Baumann
jackbaumann@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

cc: Counsel of Record

      Re: *Bonilla v. Ancestry.com Operations Inc., et al.*
      Case No. 1:20-cv-07390
      Hon. Virginia M. Kendall

Counsel,

      We received Defendants'[1] responses and objections to Plaintiff Bonilla's First Set of Requests for Production of Documents ("RFPs"), dated February 16, 2022. As explained below, Ancestry's responses and objections to many of Plaintiff's request are deficient and represent an inappropriate attempt to stay discovery in this case without a Court order. Plaintiff requests the parties meet and confer regarding Ancestry's deficient responses as soon as possible, so that counsel may determine if it will be necessary to prepare and file motions to compel and for fees and costs.

      Plaintiff's counsel propose the following dates and times for the parties to meet and confer on the issues discussed in this letter. We would appreciate your prompt response regarding availability:

      Tuesday, March 1: anytime between 9am EST and 7pm EST;
      Wednesday, March 2: anytime between 9am EST and 3pm EST;
      Thursday, March 3: anytime between 9am EST and 7pm EST.

**Request for Production No. 1 ("Licensing Agreements")**

      Plaintiff's first request for production seeks "Agreements relating to the licensing or purchase of information in the Yearbook Database, including Yearbook Photographs and Yearbook Names." These documents are relevant to Plaintiffs' affirmative claims under the IRPA because they are relevant to at least: (1) whether Ancestry's use of Yearbook Photographs and Yearbook Names was for a "commercial purpose"; (2) whether Plaintiff's identity has "commercial value"; and (3) the amount of "profits derived from the unauthorized use." *See* 765 ILCS 1075 *et seq.* These documents are also relevant to arguments Ancestry raised in its motion

---

[1] We refer to Defendants interchangeably as "Ancestry" or "you."

to dismiss and attempted to preserve as affirmative defenses in its answer. *See* Dkt. Nos. 17; 59. Ancestry argued that Plaintiff "did not suffer any injury" because there is no "commercial interest in the value of" Plaintiff's name, likeness, and identity. Dkt. No. 17, at *11; *see also* Dkt. No. 59, ¶ 103 (asserting Plaintiff lacks standing). This argument will be undermined if, as Plaintiff has reason to believe, Ancestry pays and/or receives licensing fees in exchange for its use of Plaintiff's and Class members' names and likenesses.

In response to this request, Ancestry writes that "Ancestry does not intend to produce documents in response to this Request." In support of this blanket refusal, Ancestry relies on four objections, none of which is a valid reason to refuse production. First, Ancestry claims the request is "overly broad and unduly burdensome," but fails to provide any reason why Plaintiff's requests for licensing agreements is "broad" or "burdensome." Such "generic, non-specific responses" are improper and "inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure." *In re Aircrash Disaster Near Roselawn, Ind. Oct. 31, 1994*, 172 F.R.D. 295, 306-07 (N.D. Ill. 1997); *see also United Auto. Ins. v. Veluchamy*, No. 09 C 5487, 2010 WL 749980, at *5 (N.D. Ill. March 4, 2010) (responding party's "burden cannot be met by a reflexive invocation of the . . . litany that the requested discovery is . . . overly broad"). This objection is not a valid reason to refuse production. *Id.*

Second, Ancestry claims the request "asks Ancestry to modify or create documents . . . to disclose amounts paid or received." This objection mischaracterizes the request, which asks only for the production of existing documents. Even had Ancestry correctly characterized the request, Ancestry provides no reason why its objection justifies Ancestry's blanket refusal to produce any licensing agreements.

Third, Ancestry objects that the request "seeks documents that contain information is commercially sensitive." As you know, the parties have already agreed on the language of a protective order to be entered in this case. At Ancestry's request, the protective order includes two levels of confidentiality designation for documents produced in this case, including the category "Highly Confidential – Attorneys' Eyes' Only Information." Ancestry provides no reason why any confidentiality concerns could not be addressed by producing the requested licensing agreements with an appropriate confidentiality designation.

Fourth, Ancestry claims that it is not required to produce these documents "in light of Ancestry's pending motion for summary judgment." Ancestry fails to cite any law or argument – nor could it – for the proposition that a party may evade or delay discovery simply by filing a motion that the party believes will be dispositive. Ancestry has not moved the Court to stay discovery, nor could Ancestry meet the burden of showing a stay is appropriate if it did so move. Ancestry's assertion that its summary judgment motion "turns purely on questions of law" is both incorrect and irrelevant. Regardless of the merits of Ancestry's summary judgment motion, Ancestry may not evade its discovery obligations by filing a motion, then unilaterally deciding its motion justifies a stay of discovery without moving the Court for a stay. This objection is not a valid reason to refuse production.

Where, as here, a party refuses to produce documents in response to a request, but fails to provide a valid objection justifying its refusal, the Court may grant a motion to compel, award

fees and costs, and award sanctions against the recalcitrant party. *See* Fed. R. Civ. P. 37(a)(3). Plaintiff's counsel requests the parties meet and confer regarding Ancestry's deficient response to Plaintiff's RFP No. 1 as soon as possible.

**Request for Production No. 2 ("Revenue")**

Plaintiff's second request for production seeks "Documents sufficient to show your revenue derived from the sale of website subscriptions to ancestry.com in each fiscal quarter since you began including access to the Yearbook Database as part of your subscription products." These documents are clearly relevant to Plaintiffs' affirmative claims under the IRPA because they are relevant to the amount of "profits derived from the unauthorized use." *See* 765 ILCS 1075 *et seq.*

In response to this request, Ancestry writes that "Ancestry does not intend to produce documents in response to this Request." In support of this refusal, Ancestry relies on five objections, none of which is a valid reason to refuse production. First, Ancestry claims the request does not seek relevant documents because "Ancestry's revenue [is] irrelevant to plaintiff's claims." Ancestry does not provide any reasoning to support this assertion. Under the statute, Plaintiff and the class are entitled to recover Ancestry's "profits derived from the unauthorized use" of their names and yearbook photographs. Plaintiff's request seeks documents showing Ancestry's revenue derived from the sale of website subscriptions since the time it began incorporating Class members' names and likenesses in advertisements. The requested revenue figures are clearly relevant to establishing the profits Plaintiff and the Class are entitled to recover. This objection is not valid.

Second, Ancestry claims the request is "overly broad and unduly burdensome to the extent it seeks documents without any appropriate temporal or geographic limitations." This objection ignores that the request includes a temporal limitation, requesting revenues only from the time Ancestry began advertising using Class members' names and photographs. To the extent Ancestry wishes to propose an appropriate limitation on geographic scope, Plaintiff is willing to meet and confer on this issue. The mere assertion of overbreadth and burden is not a valid reason to refuse production.

Ancestry's third objection is the same as its third objection to RFP No. 1, and is invalid for the same reasons.

Fourth, Ancestry claims the request "calls for expert opinions or testimony." This is simply false. The request asks for the production of documents, not testimony or opinions.

Ancestry's fifth objection is the same as its fifth objection to RFP No. 1, and is invalid for the same reasons.

Plaintiff's counsel requests the parties meet and confer regarding Ancestry's deficient response to Plaintiff's RFP No. 2 as soon as possible, so that counsel may determine if it will be necessary to prepare and file motions to compel and for fees and costs.

3

**Request for Production No. 3 ("Why Ancestry Uses Yearbook Names and Photographs")**

Plaintiff's third request for production seeks "Documents relating to why you display On-Site Messages and Marketing Emails that incorporate Yearbook Photographs and/or Yearbook Names, including Documents relating to the value of these in attracting new users and Documents relating to the value of these in converting trial users into paying users." These documents are relevant to Plaintiffs' affirmative claims because they are relevant to (1) whether Ancestry's use is for a "commercial purpose," and (2) whether punitive damages may be awarded because Ancestry "willfully violated" the statute. *See* 765 ILCS 1075 *et seq.* They are also relevant to arguments Ancestry raised in its motion to dismiss and attempted to preserve as affirmative defenses in its answer. *See* Dkt. Nos. 17; 59. For example, Ancestry argued its use is exempt from liability because it is for "non-commercial purposes," and that its use is protected by the First Amendment because it is "newsworthy, informational, noncommercial speech." Dkt. No. 17, at *14; Dkt. No. 59, at ¶ 116. These defenses will be undermined if, as Plaintiff anticipates, internal Ancestry documents confirm that Ancestry uses Class members' names and likenesses for the commercial purpose of selling subscriptions.

In response to this request, Ancestry wrote that "Ancestry does not intend to produce documents in response to this Request." In support of this refusal, Ancestry relied on five objections, none of which is a valid reason to refuse production. First, Ancestry objects that the disclosure seeks documents "protected . . . by the attorney-client privilege, the work-product doctrine, the common interest privilege, or other applicable protection." As you know, the parties have already agreed to an ESI protocol, which provides procedures under which a party may withhold and log documents it believes to be privileged. This objection is not a valid reason to refuse production.

Second, Ancestry objects that the request is "overly broad and unduly burdensome," but fails to explain why the request is "broad" or "burdensome." Plaintiff is willing to meet and confer regarding any proposal Ancestry may have regarding "temporal or geographic limitations," although Plaintiff does not believe any such restrictions are necessary given that the subject matter of the request is narrowly targeted to communications directly relevant to Plaintiff's claims. This objection is not a valid reason to refuse production.

Third, Ancestry claims the request is "vague" with respect to the definition of "on-site messages and marketing emails," but fails to explain what if anything Ancestry believes to be "vague" about those terms. The terms "On-Site Messages" and "Marketing Email" are both defined terms in Plaintiff's document requests. Ancestry has not provided any reason those definitions are insufficient. This objection is not a valid reason to refuse production.

Ancestry's fourth and fifth objections duplicate its previous objections regarding confidentiality and the pending summary judgment motion. For the reasons articulated with respect to RFP No. 1, these are not valid objections.

Plaintiff's counsel requests the parties meet and confer regarding Ancestry's deficient response to Plaintiff's RFP No. 3 as soon as possible.

4

**Request for Production No. 7 ("Consent")**

Plaintiff's seventh request seeks "documents relating to whether you obtained consent from Plaintiff or any members of the Class for the use of their Yearbook Photographs." In its response, Ancestry agrees to produce documents "sufficient to show if Ancestry obtained consent from plaintiff" only "after receiving confirmation whether plaintiff ever signed up for an Ancestry subscription or free trial, either directly or through an agent." As you know based on the allegations in the Complaint, Plaintiff never signed up for an Ancestry subscription or free trial, either directly or via an agent. Although no further "confirmation" of this fact is required, Plaintiff's counsel hereby confirms as much.

Ancestry offers to "meet and confer as to the production of similar documents for members of the putative class," but fails to articulate any reason why meeting and conferring on this issue is necessary. Ancestry is required to articulate its objections in its response to Plaintiff's document requests and cannot satisfy its obligations simply by offering to "meet and confer" regarding some (unspecified) issue or objection. Although Ancestry's response is deficient on its face, Plaintiff agrees to meet and confer regarding this request.

To the extent Ancestry's request to meet and confer is related to the four objections it provides in response to RFP No 7, none of those objections is a valid reason not to produce responsive documents with respect to the putative class. First, Ancestry objects that the request is "overly broad and unduly burdensome," but fails to explain why the request is "broad" or "burdensome."

Second, Ancestry objects that the request is "premature" because "Ancestry has not yet completed its investigation." This is obviously not a valid reason to refuse production.

Third, Ancestry objects that "plaintiff has not provided sufficient information to enable Ancestry to determine whether Ancestry has any agreement with him." This is both false and irrelevant. The Complaint alleges Plaintiff has never created an account with Ancestry and has no agreements with Ancestry. Even if an agreement between Ancestry and Plaintiff existed, Plaintiff is under no obligation to "provide information" to Ancestry confirming the existence of such an agreement. If it existed, Ancestry itself would be a party to it and would be in possession of all relevant information. This objection is not a valid reason to refuse production.

Fourth, Ancestry repeats its objection related to its pending motion for summary judgment. For the reasons articulated with respect to RFP No. 1 above, this is not a valid objection.

Plaintiff's counsel requests the parties meet and confer regarding Ancestry's deficient response to Plaintiff's RFP No. 7 as soon as possible.

**Request for Production No. 8 ("Privacy and Intellectual Property Rights")**

Plaintiff's eighth request seeks "Documents concerning whether your use of Yearbook Photographs, Yearbook Names, and other personal information implicates the privacy of the

5

subjects or their intellectual property rights." This request is relevant to Plaintiff's affirmative case because it is relevant to whether punitive damages may be awarded because Ancestry "willfully violated" the statute. *See* 765 ILCS 1075 *et seq.* These documents are also relevant to arguments Ancestry raised in its motion to dismiss and attempted to preserve as affirmative defenses in its answer. *See* Dkt. Nos. 17; 59. Among other arguments, Ancestry argued that Plaintiffs lacks standing because he did not suffer injury, *see, e.g.*, Dkt. No. 17 at *8-11; that punitive damages are not available because Ancestry did not act with the requisite intent, *see, e.g.*, Dkt. No. 59 at ¶ 126; and that Plaintiff cannot recover because the "information at issue is not private." *See, e.g.*, Dkt. No. 59 at ¶ 120. While it is Plaintiff's position that these arguments fail as a matter of law, Plaintiff is entitled to the discovery of documents relevant to opposing Ancestry's arguments and affirmative defenses.

Ancestry writes that it "does not intend to produce documents in response to this Request." In support of this blanket refusal, Ancestry lists seven objections, none of which is a valid reason to refuse production.

Ancestry's first objection is substantially similar to the "privilege" objection it makes to RFP No. 3. For the reasons articulated above, this objection is not a valid reason to refuse production of responsive documents.

Ancestry's second objection repeats the generic "overly broad and unduly burdensome" objection it makes to RFP No. 1. For the reasons articulated above, this objection is not a valid reason to refuse production.

Third, Ancestry objects that the request "seeks documents that are irrelevant to the claims or defenses of any party." As explained in the beginning of this section, the requested documents are relevant to both Plaintiff's affirmative case and many of the defenses Ancestry asserts. This objection fails.

Fourth, Ancestry falsely claims that the request "seeks information outside the possession, custody or control of Ancestry." It does not. Plaintiff's requests for production are expressly limited to documents "in your possession, custody, or control." *See* RFPs, definition of "Documents." This objection fails.

Ancestry's fifth objection regarding "confidentiality" is substantially similar to the objection it makes to RFP No. 1. For the reasons articulated above, this objection is not a valid reason to refuse production of responsive documents.

Sixth, Ancestry objects that the request is "premature" because "Ancestry has not yet completed its investigation." This is obviously not a valid reason to refuse production.

Ancestry's seventh objection is substantially similar to its previous objection regarding the pending summary judgment motion. For the reasons articulated with respect to RFP No. 1, this is not a valid objection.

6

Plaintiff's counsel requests the parties meet and confer regarding Ancestry's deficient response to Plaintiff's RFP No. 8 as soon as possible.

**Request for Production 9 ("How Ancestry Obtained Yearbooks and Yearbook Photographs")**

Plaintiff's ninth request seeks documents "related to how you obtained the photographs, names, and other information in the Yearbook Database, including Documents sufficient to show whether yearbook publishers intended yearbooks to be published online as part of the Yearbook Database."

Documents relating to how Ancestry acquired the yearbook records giving rise to this lawsuit are clearly relevant to multiple elements of Plaintiff's affirmative case, and to numerous arguments and defenses Ancestry has raised in its motion to dismiss and answer. *See* Dkt. Nos. 17; 59. Among other issues, these documents are relevant to: (1) personal jurisdiction, because they are relevant to the extent and nature of Ancestry's contacts with the state of Illinois; (2) the economic value of Class members' likenesses, because Ancestry may have compensated its agents or other entities in order to obtain Class members' names and photographs; (3) whether Ancestry is entitled to CDA immunity, because CDA immunity applies only to content that is "provided by" an "information content provider"; (4) whether Ancestry "willfully violated" the IRPA, which may be informed by the manner in which it acquired yearbooks; (5) standing, because Ancestry's claim that Class members' personas do not have economic value may be undercut if Ancestry compensated its agents or other entities in order to obtain Class members' names and photographs.

Ancestry writes that it "does not intend to produce documents in response to this Request." In support of this blanket refusal, Ancestry lists four objections, none of which is a valid reason to refuse production. First, Ancestry claims that it "cannot discern what documents plaintiff is requesting." Plaintiff's request is clearly drafted and unambiguous. Ancestry's claim to be confused rings hollow. As alleged in the Complaint, Plaintiff does not know how Ancestry obtained his yearbook or the yearbooks of the absent Class members. Request number nine clearly requests documents related to "how you obtained" those yearbooks. There is nothing ambiguous, vague, or difficult to "discern" about this request. If you remain uncertain as to what is being requested, Plaintiff is willing to meet and confer on this issue. Plaintiff maintains his position that the request is clear as drafted, and that Ancestry's objection is invalid.

Ancestry's second, third, and fourth objections are substantially similar to objections it raised in response to previous numbered requests. For the reasons articulated above, these are not valid objections.

Plaintiff's counsel requests the parties meet and confer regarding Ancestry's deficient response to Plaintiff's RFP No. 9 as soon as possible.

**Request for Production 11 ("Requests to Remove Names")**

Plaintiff's eleventh request seeks documents "relating to requests that you have received to remove names, Yearbook Photographs, or other personal information from ancestry.com." This request is relevant to Plaintiff's affirmative case, as it is relevant to at least the following issues: (1) whether Ancestry obtained the required consent from Class members prior to using their names and personas; (2) whether Ancestry's violation of the statute was "willful" such that award of punitive damages is merited; (3) whether Ancestry has engaged in equitable conduct supporting the award of equitable relief; (4) the extent of Ancestry's contacts with the state of Illinois related to this lawsuit. The request is also relevant to arguments Ancestry has raised in its motion to dismiss and Answer, including at least the following: (1) personal jurisdiction; (2) Ancestry's claim that it has "not acted with malice, reckless indifference, or fraud". *See* Dkt. Nos. 17; 59.

Ancestry writes that it "does not intend to produce documents in response to this Request." In support of this blanket refusal, Ancestry lists seven objections, none of which is a valid reason to refuse production. First, Ancestry claims that the request for "documents sufficient to [sic] how you responded to each such request" is "unintelligible." To the extent Ancestry's objection arises from the inadvertent omission of the word "show" from this request, Ancestry cannot reasonably claim it did not understand the intent of the request. The objection is not a valid reason to refuse production.

Second, Ancestry's objects that the request "seeks information that, if disclosed, would violate third-party privacy rights." Plaintiff is willing to meet and confer regarding this objection. To the extent documents produced would reveal the names and identities of individuals who requested their information be removed from Ancestry.com, Ancestry can redact such information from the documents and designate the redacted information confidential under the protective order. This objection is not a valid reason to refuse production.

Ancestry's third, fourth, and fifth objections repeat the same appeals to "confidentiality," "privilege," and "undu[e] burden[]" it makes in response to previous RFPs. For the reasons articulated above, these objections are not a reason to refuse production.

Sixth, Ancestry claims the documents requested are "irrelevant to the claims or defenses of any party." As explained above, the documents requested in request number eleven are relevant to multiple elements of Plaintiff's affirmative case and of Ancestry's arguments and defenses.

Ancestry's seventh objection is substantially similar to its previous objection regarding the pending summary judgment motion. For the reasons articulated with respect to RFP No. 1, this is not a valid objection.

Plaintiff's counsel requests the parties meet and confer regarding Ancestry's deficient response to Plaintiff's RFP No. 11 as soon as possible.

We appreciate your prompt review of this letter and response regarding the days and times on which you are available to meet and confer.

Respectfully,

Benjamin R. Osborn

/s/ Benjamin R. Osborn
ben@benosbornlaw.com
(347) 645-0464
Law Office of Benjamin R. Osborn
102 Bergen St.
New York, NY, 11201