UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 1:20-cv-07390<br><br>Hon. Virginia M. Kendall |

**ANCESTRY'S RULE 26(c) MOTION FOR PROTECTIVE ORDER BARRING FURTHER DISCOVERY PENDING RESOLUTION OF ANCESTRY'S MOTION**

Pursuant to Federal Rule of Civil Procedure 26(c), defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry") hereby move this Court for a protective order staying or barring further discovery pending resolution of the potentially fully dispositive motion for summary judgment before the Court. In support of this motion, Ancestry states as follows:

1. On February 10, 2022, Ancestry filed a Motion for Summary Judgment on the grounds that each of plaintiff's remaining claims (his right of publicity claim and unjust enrichment claim) fail because his action is untimely under the Illinois Right of Publicity Act's one year statute of limitations. Dkt. Nos. 60 & 61.

2. Notwithstanding that the sole named-plaintiff's actions are barred, plaintiff continues to seek broad and invasive discovery, including on a class basis, on issues unrelated to the pending motion for summary judgment.

3.      Indeed, in recognition that the action is barred, some of plaintiff's discovery requests are for the improper purpose of finding a new plaintiff.

4.      Pursuant to FRCP 26(c) and LR 37.2, defendants' undersigned counsel certifies that on April 12, 2012, the parties met and conferred via Zoom in a good faith attempt to resolve the parties' dispute over whether and to what extent discovery would serve any purpose in the case and the appropriate parameters of any discovery, in particular given the pending motion for summary judgment and the fact that some requests sought discovery for the improper purpose of finding a new named plaintiff. Declaration of John W. Baumann at ¶ 2. The parties were unable to resolve their dispute. *Id.*

WHEREFORE, Ancestry respectfully prays that the Court enter a protective order barring further discovery in this case pending resolution of Ancestry's motion for summary judgment. (Dkt. Nos. 60 & 61).

<table>
<tr><td>Dated: April 19, 2022</td><td>Respectfully submitted,<br><br>By: <u>/s/ Shon Morgan</u><br>    Shon Morgan<br><br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>Daniel Lombard<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>(312) 705-7400<br>daniellombard@quinnemanuel.com<br><br>Shon Morgan (*Pro Hac Vice*)<br>John W. Baumann (*Pro Hac Vice*)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>shonmorgan@quinnemanuel.com<br>jackbaumann@quinnemanuel.com<br><br>Cristina Henriquez (*Pro Hac Vice*)<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>cristinahenriquez@quinnemanuel.com<br><br>*Attorneys for Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC*</td></tr>
</table>

**CERTIFICATE OF SERVICE**

      I, the undersigned, certify that on April 19, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record via the Court's CM/ECF automated filing system.


By: _/s/ Shon Morgan_
      Shon Morgan