**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SERGIO BONILLA, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>       Defendants. | CASE NO. 1:20-cv-07390<br><br>Hon. Virginia M. Kendall |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
<u>MOTION FOR PROTECTIVE ORDER</u>**

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

PROCEDURAL BACKGROUND............................................................................................1

FACTUAL BACKGROUND.....................................................................................................1

LEGAL STANDARD .................................................................................................................2

ARGUMENT................................................................................................................................4

I.    THE COURT SHOULD PRECLUDE DISCOVERY AIMED AT IDENTIFYING A NEW PLAINTIFF................................................................................4

II.    THE COURT SHOULD GRANT AN ORDER PROTECTING ANCESTRY FROM EXPANSIVE DISCOVERY UNTETHERED TO THE MERITS OF PLAINTIFF'S INDIVIDUAL CLAIM ........................................................................5

CONCLUSION............................................................................................................................6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bey v. Hedgepeth*,
    2010 WL 3034494 (E.D. Cal. Aug. 2, 2010) ............................................................. 3

*Chavous v. District of Columbia Financial Resp. and Mgmt. Asst. Auth.*,
    201 F.R.D. 1 (D.D.C.2001) ................................................................................... 3, 5

*Gawry v. Countrywide Home Loans, Inc.*,
    395 Fed. Appx. 152 (6th Cir. 2010) ....................................................................... 4

*Hauff v. Petterson*,
    2009 WL 4782732 (D.N.M. Dec. 11, 2009) ........................................................... 3

*In re Williams-Sonoma, Inc.*,
    947 F.3d 535 (9th Cir. 2020) ............................................................................... 3, 4

*Liggins v. Reicks*,
    2021 WL 2853359 (N.D. Ill. July 8, 2021) ........................................................... 5, 6

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978) ............................................................................................... 4

*Ossola v. Am. Express Co.*,
    2015 WL 5158712 (N.D. Ill. Sept. 3, 2015) ........................................................ 3, 4

*Tilley v. United States*,
    270 F. Supp. 2d 731 (M.D.N.C. 2003) ................................................................. 3, 5

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................. 2

Fed. R. Civ. P. 26(b)(1) ................................................................................................... 4

Fed. R. Civ. P. 26(c) .................................................................................................... 2, 3

Local Rule 37.2 ................................................................................................................ 2

**PRELIMINARY STATEMENT**

Ancestry has sought summary judgment based on a discrete issue: plaintiff's two remaining claims are time barred. *See* Dkt Nos. 60 & 61. Ancestry's motion is fully briefed and, if granted, would dispose of this action entirely. Although the summary judgment issues are limited and concern only plaintiff's individual claim, he nonetheless presses for broad, classwide discovery from Ancestry while the motion is pending. Courts consistently grant protective orders limiting discovery under these circumstances. Here, such an order is particularly warranted because plaintiff makes clear much of this discovery is unrelated to the merits and instead aimed at identifying a more viable client for plaintiff's counsel—a misuse of the discovery process that courts uniformly reject. A protective order should be granted.

**PROCEDURAL BACKGROUND**

Plaintiff Sergio Bonilla asserted four claims against Ancestry: violation of the IRPA, violation of Illinois' Consumer Fraud and Deceptive Business Practices Act ("ICFA"), intrusion upon seclusion, and unjust enrichment. Dkt. No. 1 at ¶¶ 56-76. The Court dismissed the ICFA and intrusion upon seclusion claims, but allowed the IRPA and unjust enrichment claims to proceed. Dkt. No. 57. On February 10, 2022, Ancestry moved for summary judgment on the remaining claims on the grounds that they are time barred. Dkt. Nos. 60 & 61. Ancestry's motion is fully briefed and pending. Dkt. Nos. 60, 61, 69, & 73.

**FACTUAL BACKGROUND**

Plaintiff served broad discovery on Ancestry seeking production of various documents and communications, including any agreements pursuant to which Ancestry obtained *any* yearbook in its database (not just his own, or even those from Illinois schools); the revenue generated by the entirety of ancestry.com (again, without meaningful limitation to the issues in this case); communications pertaining to any reasons Ancestry might possibly display yearbook records on

1

its site and whether this use might implicate "privacy" interests or "intellectual property" rights; the names of every person who appears in any Illinois school yearbook; and the names of any Ancestry subscriber with an Illinois address, among others. Dkt. 75-2 at 4-7. Although Ancestry agreed to produce certain documents in response, it also objected to these requests, including on the grounds that most are unrelated to the merits of plaintiff's individual claim, which the undisputed evidence shows is time-barred. Dkt. 75-5.

Tacitly recognizing his own claim is defective, plaintiff then served a *second* round of discovery. Dkts. 75-3, 75-4. These requests included asking Ancestry to produce documents reflecting "all yearbooks in the Yearbook Database from schools in Illinois and the date on which each such yearbook was added to the Yearbook Database." Dkt. 75-3 at 5; Dkt. 75-4 at 6. Plaintiff later conceded the purpose of this discovery: "to substitute a named plaintiff whose record Ancestry uploaded" within the limitations period. ECF No. 69 at 19 ("Plaintiff respectfully requests that leave be granted until a date two months after Ancestry has provided the information requested in" discovery).[1]

## LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure provides: "[a] party or person from whom discovery is sought may move for a protective order," and the Court may, for good cause, issue such an order to prevent "undue burden or expense." Fed. R. Civ. P. 26(c). Good cause exists where a dispositive motion is pending and no further discovery is required to decide that motion. *See, e.g.*, *Tilley v. United States*, 270 F. Supp. 2d 731, 734–35 (M.D.N.C. 2003), *aff'd*, 85 F. App'x

---

[1] Pursuant to FRCP 26(c) and LR 37.2, defendants' counsel certifies the parties, via their counsel (John Baumann and Cristina Henriquez on behalf of Ancestry and Benjamin Osborn on behalf of plaintiff) met and conferred on April 12, 2022, via Zoom in a good faith attempt to resolve the parties' dispute. Declaration of John W. Baumann, ¶ 2.

333 (4th Cir. 2004) (a party "filed a motion to dismiss and for summary judgment, which, if granted, would dispose of the case. Thus a stay of discovery is appropriate if the discovery requested by the [opposing party] is not relevant to the opposition of the motion") (granting motion for protective order); *Chavous v. District of Columbia Financial Resp. and Mgmt. Asst. Auth.*, 201 F.R.D. 1, 2 (D.D.C.2001) (issuing a protective order under Rule 26(c) to stay discovery pending determination of a dispositive motion); *Bey v. Hedgepeth*, 2010 WL 3034494, at *1 (E.D. Cal. Aug. 2, 2010) (finding good cause to stay discovery where a motion to dismiss for failure to exhaust was pending and where discovery requests already served had no bearing on that issue).

Moreover, it is well established that, in a putative class action, discovery cannot be used to allow plaintiff's counsel to identify a new plaintiff where the current named plaintiff's claims are deficient. *See, e.g.*, *Ossola v. Am. Express Co.*, 2015 WL 5158712, at *8 (N.D. Ill. Sept. 3, 2015) ("The unspoken truth, which the Plaintiffs' briefs avoid discussing, is that they need discovery to identify an appropriate representative. But it bears repeating that fishing for a client is not a permissible purpose of discovery. And so, a number of courts have refused to afford discovery for the purpose of finding an adequate class representative.") (collecting cases); *Hauff v. Petterson*, 2009 WL 4782732, at *11 (D.N.M. Dec. 11, 2009) ("Without a seemingly viable plaintiff, this court will not allow class discovery."). For example, in *In re Williams-Sonoma, Inc.*, the named-plaintiff could not pursue his own claims as a class action yet obtained a district court order compelling production of information (a list of certain customers who had purchased certain products) aimed at enabling their counsel to carry on a class action against that defendant. 947 F.3d 535, 537 (9th Cir. 2020). The Ninth Circuit issued a writ of mandamus ordering the district court to vacate the order, explaining that "discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)." *Id.* at 540 (citing *Oppenheimer*

3

*Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) ("Respondents' attempt to obtain the class members' names and addresses cannot be forced into the concept of 'relevancy' described above. The difficulty is that respondents do not seek this information for any bearing that it might have on issues in the case.")

## ARGUMENT

### I. THE COURT SHOULD PRECLUDE DISCOVERY AIMED AT IDENTIFYING A NEW PLAINTIFF

Plaintiff has made clear he seeks certain discovery not in aid of proving his *own* claim but to identify *someone else* who would allow plaintiff's counsel to continue to pursue claims against Ancestry. ECF No. 69 at 19; Dkt. 75-3 at 5; Dkt. 75-4 at 6 (seeking identification of "all yearbooks in the Yearbook Database from schools in Illinois and the date on which each such yearbook was added to the Yearbook Database" and all "Yearbook Names from schools in Illinois that have been incorporated in a Hint Message"); *see also* Dkt. 75-6 and Dkt 75-7 (Ancestry's Responses and Objections to the First Set of Interrogatories and Second Set of Requests for Production of Documents). Courts have squarely rejected this misuse of the discovery process. *See, e.g., Gawry v. Countrywide Home Loans, Inc.*, 395 Fed. Appx. 152, 160 (6th Cir. 2010) ("Plaintiffs' counsel cannot use the Federal Rules of Civil Procedure as a device to force defendant to assist them in finding a plaintiff and establishing subject matter jurisdiction so they can sue defendant."); *Ossola*, 2015 WL 5158712, at *8 ("fishing for a client is not a permissible purpose of discovery"). The reason for this is straightforward: such information cannot fairly be characterized as relevant and thus falls outside the scope of Rule 26. *See In re Williams-Sonoma*, 947 F.3d at 540 (9th Cir. 2020) ("using discovery to find a client to be the named plaintiff before a class action is certified is not within the scope of Rule 26(b)(1)").

4

For this reason, the Court should grant a protective order with respect to plaintiff's Interrogatories 1 and 2 and Requests for Production of Documents Numbers 12 and 13.

## II. THE COURT SHOULD GRANT AN ORDER PROTECTING ANCESTRY FROM EXPANSIVE DISCOVERY UNTETHERED TO THE MERITS OF PLAINTIFF'S INDIVIDUAL CLAIM

The pending motion for summary judgment is potentially dispositive and raises the sole issue whether plaintiff's claims are barred by the statute of limitations. None of the requested discovery relates to that issue.

Courts routinely stay discovery when a fully dispositive motion is pending and the discovery sought is irrelevant to that motion. *See, e.g.*, *Tilley*, 270 F. Supp. 2d at 734–35 (granting motion for protective order to stay discovery where a party had "filed a motion to dismiss and for summary judgment, which, if granted, would dispose of the case" and the requested discovery was irrelevant to the pending motions); *Chavous*, 201 F.R.D. at 2 (issuing protective order to stay discovery pending determination of dispositive motion); *Liggins v. Reicks*, 2021 WL 2853359, at *2 (N.D. Ill. July 8, 2021) (staying discovery where it was irrelevant to the potentially dispositive motion to dismiss).

Here, Ancestry's licensing agreements, revenues, internal communications, lists of other yearbook names and related information, etc. have no bearing on the issue that could dispose of the remaining claims: whether plaintiff's claims are barred by the statute of limitaions. Indeed, as is clear from the requests and shown in Ancestry's reply memorandum in support of its motion for summary judgment, plaintiff's claims stem from Ancestry's upload of plaintiff's yearbook record onto its website—that date is undisputed. Thus, none of the requested discovery relates to

the pending summary judgment motion, nor does that motion implicate any disputed material facts. *See* Dkt. Nos. 60, 61, 73.

Plaintiff will of course contend Ancestry's summary judgment motion is unlikely to succeed, just as every plaintiff does in a similar context. Courts have understandably recognized that any delay in pursuing such discovery pending resolution of a dispositive motion is unlikely to outweigh the potentially unnecessary burden and expense on defendant of conducting further discovery. *See, e.g.*, *Liggins*, 2021 WL 2853359, at *3 ("While Plaintiff's desire to proceed with discovery is understandable, it does not outweigh the burden on Defendants who have asserted immunity defenses that are potentially dispositive of the entire case.").

## CONCLUSION

For the foregoing reasons, Ancestry asks this Court to enter a protective order barring further discovery in this action until the Court issues a decision on Ancestry's pending motion for summary judgment.

6

Dated:  April 19, 2022                    Respectfully submitted,

                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN, LLP

                                          By: /s/ *Shon Morgan*
                                              Shon Morgan

                                          Shon Morgan (*pro hac vice*)
                                          John W. Baumann (*pro hac vice*)
                                          865 South Figueroa Street, 10th Floor
                                          Los Angeles, CA 90017
                                          (213) 443-3000
                                          shonmorgan@quinnemanuel.com
                                          jackbaumann@quinnemanuel.com

                                          Daniel Lombard
                                          191 N. Wacker Drive, Suite 2700
                                          Chicago, IL 60606
                                          (312) 705-7400
                                          daniellombard@quinnemanuel.com

                                          Cristina Henriquez (*pro hac vice*)
                                          555 Twin Dolphin Drive, 5th Floor
                                          Redwood Shores, CA 94065
                                          (650) 801-5000
                                          cristinahenriquez@quinnemanuel.com

                                          *Attorneys for Defendants Ancestry.com*
                                          *Operations Inc., Ancestry.com Inc., and*
                                          *Ancestry.com LLC*

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on April 19, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record via the Court's CM/ECF automated filing system.

*/s/ Shon Morgan*
Shon Morgan