UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BRAUNDMEIER, and KEVIN WALLACE on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 1:20-cv-07390<br><br>Hon. Virginia M. Kendall |

### ANCESTRY'S MOTION TO COMPEL ARBITRATION AND STAY

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and the Federal Arbitration Act, defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry") hereby move to compel arbitration. This motion is based on the accompanying Memorandum of Law, the Declaration of Todd Godfrey, including its Exhibits, the Declaration of Shon Morgan, including its Exhibits, and the Court's records and files in this case. In support of its motion, Ancestry shows the Court as follows:

1. Plaintiffs' counsel, Benjamin Osborn, agreed to Ancestry's Terms and Conditions in the creation and use of his Ancestry.com account. With certain exceptions not applicable here, Ancestry's Terms and Conditions require arbitration. Those Terms and Conditions also express a clear and unmistakable intent to commit all arbitrability issues to the arbitrator.

2. According to Ancestry's records, in May 2022, plaintiffs' counsel used his Ancestry.com account to search for and view John Braundmeier's and Kevin Wallace's yearbook

- 1 -

records on Ancestry's website. As the record makes clear, this search was part of the investigation of plaintiffs' claim that was within plaintiffs' counsel's authority to conduct and which he did conduct on plaintiffs' behalf.

3. In July 2022, plaintiffs' counsel informed Ancestry they had been engaged by Braundmeier and Wallace, and would seek leave to add them as named plaintiffs.

4. Based upon their counsel's investigation, plaintiffs filed their complaint to pursue claims against Ancestry.

Because plaintiffs, through their counsel, have agreed and are bound to arbitrate their claims against Ancestry, this Court should compel plaintiffs John Braundmeier and Kevin Wallace to arbitrate their claims. Pending resolution of any arbitration, the Court should stay all proceedings pursuant to Section 3 of the Federal Arbitration Act. And because this Court is not the proper forum for plaintiffs' claims, Ancestry also seeks a stay pending resolution of its motion to compel arbitration, including a stay of all discovery (except as the Court might deem warranted to resolve this motion). Any arbitrability defenses must be resolved by the arbitrator.

| | |
|---|---|
| Dated:  September 23, 2022 | Respectfully submitted,<br><br>By: */s/ Shon Morgan*<br>    Shon Morgan<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>Daniel Lombard<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>(312) 705-7400<br>daniellombard@quinnemanuel.com<br><br>Shon Morgan (*Pro Hac Vice*)<br>John W. Baumann (*Pro Hac Vice*)<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>shonmorgan@quinnemanuel.com<br>jackbaumann@quinnemanuel.com<br><br>Cristina Henriquez (*Pro Hac Vice*)<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>cristinahenriquez@quinnemanuel.com<br><br>*Attorneys for Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC* |

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on September 23, 2022, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record via the Court's CM/ECF automated filing system.

By: _/s/ Shon Morgan_
Shon Morgan