THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BRAUNDMEIER and KEVIN WALLACE, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company,<br><br>      Defendants. | Case No. 1:20-cv-07390<br><br>Hon. Virginia M. Kendall |

**PLAINTIFFS' MOTION FOR RECONSIDERATION BASED ON CHANGE IN LAW**

  Plaintiffs, John Braundmeier and Kevin Wallace, move for reconsideration of this Court's September 16, 2022, Order granting Defendants' Motion for Summary Judgment. This order was based on a finding that Sergio Bonilla's Illinois Right of Publicity Act ("IRPA") claim was subject to a one-year statute of limitation. Dkt. 96. In *Tims v. Black Horse Carriers, In.*, -- N.E.3d ----, 2023 WL 1458046, 2023 IL 127801 (Ill. Feb. 2, 2023) (attached as **Exhibit A** to this motion), the Illinois Supreme Court held, in the context of a Biometric Information Privacy Act (BIPA) claim, that "the five-year limitations period in section 13-205 of the code applies to [BIPA] because the act does not contain a limitations period." *Id.* at ¶33. That reasoning applies with equal force here to IRPA, which similarly does not contain a limitations period. For the reasons articulated in *Tims*, the Court should grant Plaintiffs' Motion for Reconsideration and find, in light of *Tims*, that the Illinois catch-all five-year statute of limitations period under 735 ILCS 5-13-205 applies to the IRPA claims here.

1

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On December 14, 2020, Sergio Bonilla filed the original Complaint in this action, alleging that Ancestry misappropriated his name and likeness in violation of IRPA by using his yearbook photographs to promote subscriptions to ancestry.com without his consent. Dkt. 1. Mr. Bonilla filed an Amended Complaint on March 26, 2021, which Ancestry moved to dismiss. Dkts. 29, 30. Defendant's motion to dismiss was denied as to Mr. Bonilla's IRPA claim, Dkt.57.

On February 10, 2022, Ancestry moved for summary judgment, arguing that the statute of limitations for IRPA is one year. Dkt. 61. Mr. Bonilla argued that the Illinois catch-all five-year statute of limitations period for "civil actions not otherwise provided for" under 735 ILCS 5-13-205 applies to IRPA claims. Dkt. 69.

On September 16, 2022, the Court ruled that a one-year statute of limitations period applies. Although it acknowledged that IRPA does not contain an explicit statute of limitations, the Court relied on its prior opinion in *Toth-Gray v. Lamp Liter, Inc.*, No. 19-cv-1327, 2019 WL 3555179, at *4 (N.D. Ill. July 31, 2019), to support its ruling that because IRPA "completely supplanted the common-law tort of appropriation of likeness… the one-year statute of limitations that pertained to the common law tort" governs. Dkt. 96 (quoting *Blair v. Nevada Landing Partnership* 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2006)). In *Toth-Gray*, this Court noted that "the Supreme Court of Illinois has not [yet] provided any guidance on the question." *Id.*, at *4. The Court wrote that "[w]ithout guidance from the Illinois Supreme Court," it must "look[] to decisions of intermediate appellate courts in the state for persuasive guidance." *Id.* This Court recognized that, at the time, "*Blair* remains the only on-point decision."

*Blair* is no longer the only on-point decision. The Illinois Supreme Court has now weighed in. On February 2, 2023, the Illinois Supreme Court decided *Tims v. Black Horse Carriers, Inc.*, -

2

-- N.E.3d ----, 2023 WL 1458046, 2023 IL 127801 (Ill. Feb. 2, 2023) (attached as **Ex. A**). In *Tims*, the Illinois Supreme Court ruled, "the five-year limitations period in section 13-205 of the code applies to [BIPA] because the act does not contain a limitations period." *Id.* at ¶33. Like BIPA, IRPA does not contain an express limitation period. The Illinois Supreme Court noted that, "Illinois courts have routinely applied this five-year catchall limitations period to other statutes lacking a specific limitations period." *Id.* at ¶¶ 34-36 (discussing cases). It then held that, because BIPA "does not have its own limitations period; because the subsections are causes of action 'not otherwise provided for'; and because we must ensure certainty, predictability, and uniformity as to… the limitations period…," the "default five-year limitations period found in section 13-205 of the Code" applies. *Id.* at ¶37.

In ruling that the "five-year catchall limitations period codified in section 13-205" applies to BIPA, the Illinois Supreme Court observed that a shorter time would "prejudice those whom the Act is intended to protect" and a longer period is more consistent with public policy. *Id.* at ¶¶32, 37. The *Tims* court also rejected the argument that, because BIPA claims are in the nature of a privacy violation, section 13-201 relating to privacy violations and providing a one-year statute limitations should apply. *Id.* ¶24. Instead, the Illinois Supreme Court found that, given the "intent of the legislature, the purposes to be achieve by [BIPA], and the fact that there is no limitations period in [BIPA]… it would be best to apply the five-year catchall limitations period codified in section 13-205 of the Code." *Id.* ¶32.

The *Tims* ruling, which was only recently issued, represents a significant change in the law. Plaintiffs therefore move for reconsideration of the Court's September 16, 2022, Order holding that a one-year statute of limitations applies to the IRPA claims in this case.

3

## ARGUMENT

"Under Federal Rule of Civil Procedure 54(b), the Court may exercise its inherent authority to reconsider interlocutory orders." *Doe v. Soc'y of Missionaries of Sacred Heart*, No. 11-CV-02518, 2014 WL 1715376, at *2 (N.D. Ill. May 1, 2014). A motion for reconsideration may be brought to correct manifest errors of law or fact," or "to present newly discovered evidence," and where there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010), *aff'd on other grounds sub nom. Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601 (7th Cir. 2013) (citations omitted). Here, the recent Illinois Supreme Court decision in *Tims* is exactly the kind of "controlling or significant change in the law" that merits reconsideration.

The *Tims* decision supports the arguments advanced by Mr. Bonilla in his opposition to summary judgment that the five-year catchall period for "civil actions not otherwise provided for" under 735 ILCS 5-13-205, should apply to the IRPA claims here. Dkt. 69. At the time the Court ruled otherwise, it did not have the benefit of the Illinois Supreme Court's holding with respect to the applicability of section 13-205 to privacy statutes like BIPA and IRPA that do not explicitly provide a statute of limitations. With the benefit of the *Tims* decision, it is clear that further weight should be given to the lack of a limitations period in the IRPA. And because IRPA, like BIPA, "does not have its own limitations period; because the subsections are causes of action 'not otherwise provided for'; and because we must ensure certainty, predictability, and uniformity as to… the limitations period…," the "default five-year limitations period found in section 13-205 of the Code" should also apply to the IRPA claims here. *Tims*, 2023 WL 1458046, 2023 IL 127801 at ¶37.

4

The Illinois Supreme Court's focus on the public policy purposes of BIPA provides further support for reconsideration of the Court's September 16 Order. Like BIPA, IRPA is intended to protect the rights of Illinois citizens to control how their image and personal information are used. *See* 765 ILCS 1075/10 (IRPA recognizes an individual's "right to control and to choose whether and how to use [her] identity for commercial purposes."). That purpose is best served by a uniform five-year statute of limitation. Otherwise, companies like Ancestry would be incentivized to hide non-consensual use of consumers' names and likenesses for their own commercial benefit without leaving any recourse for those who discover the misuse beyond one year from the first publication.

The Illinois Supreme Court's very recent ruling in *Tims* merits reconsideration of the Court's September 16 Order finding that a one-year statute of limitations applies to Plaintiffs' IRPA claims against Ancestry.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration should be granted.

Dated: February 14, 2023　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　By: /s/ *Raina C. Borrelli*
　　　　　　　　　　　　　　　　　　　　Raina C. Borrelli
　　　　　　　　　　　　　　　　　　　　Samuel J. Strauss
　　　　　　　　　　　　　　　　　　　　TURKE & STRAUSS LLP
　　　　　　　　　　　　　　　　　　　　613 Williamson St., Suite 201
　　　　　　　　　　　　　　　　　　　　Madison, WI 53703
　　　　　　　　　　　　　　　　　　　　Telephone: (608) 237-1775
　　　　　　　　　　　　　　　　　　　　Facsimile: (608) 509-4423
　　　　　　　　　　　　　　　　　　　　raina@turkestrauss.com
　　　　　　　　　　　　　　　　　　　　sam@turkestrauss.com

　　　　　　　　　　　　　　　　　　　　Michael F. Ram (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Marie N. Appel (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　MORGAN & MORGAN
　　　　　　　　　　　　　　　　　　　　COMPLEX LITIGATION GROUP
　　　　　　　　　　　　　　　　　　　　711 Van Ness Avenue, Suite 500
　　　　　　　　　　　　　　　　　　　　San Francisco, CA 94102
　　　　　　　　　　　　　　　　　　　　Telephone: (415) 358-6913

Facsimile: (415) 358-6923
mram@forthepeople.com
mappel@forthepeople.com

Benjamin R. Osborn (*pro hac vice*)
102 Bergen Street
Brooklyn, NY 11201
Telephone: (347) 645-0464
ben@benosbornlaw.com

Shannon M. McNulty
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 31st Floor
Chicago, Illinois 60602
Telephone: (312) 899-9090
Facsimile: (312) 251-1160
SMM@cliffordlaw.com

*Attorneys for Plaintiffs and the Proposed Class*

6

## **CERTIFICATE OF SERVICE**

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 14th day of February, 2023.

                                              TURKE & STRAUSS LLP

                                              By: */s/ Raina C. Borrelli*
                                                     Raina C. Borrelli
                                                     raina@turkestrauss.com
                                                   TURKE & STRAUSS LLP
                                                   613 Williamson St., Suite 201
                                                   Madison, WI 53703
                                                   Telephone: (608) 237-1775
                                                   Facsimile: (608) 509-4423