IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO BONILLA, *et al.*, | ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) No. 20 C 7390 |
| ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive, | ) Judge Virginia M. Kendall ) ) ) ) ) |
| *Defendants*. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sergio Bonilla learned that Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry") maintain a searchable database for high-school yearbooks, including one in which his image is contained. Upon learning this, Bonilla sued Ancestry for violating the Illinois Right of Publicity Act ("IRPA") and unjustly enriching itself by using his likeness to solicit Ancestry's paid products and services without his consent. Ancestry moved for summary judgment asserting that his claim is time-barred. (Dkt. 60). This Court agreed and granted the motion. (Dkt. 96). Bonilla moves for reconsideration based on an intervening Illinois Supreme Court decision, *Tims v. Black Horse Carriers, Inc.*, No. 127801, 2023 WL 1458046 (Ill. Feb. 2023). (Dkt. 123). For the following reasons, the motion is denied. (*Id.*)

1

**BACKGROUND**

Ancestry is a genealogy company that operates Ancestry.com, a public website through which users can search for records in different databases. (Dkt. 62 ¶¶ 1–2). One of the searchable databases is Ancestry's "U.S., School Yearbooks, 1900-1999," referred to as the "Yearbook Database." (*Id.* ¶2). This database collects yearbook records, about 47 million individual records in total from Illinois schools and universities.[1] (*Id.* ¶2). Ancestry offers a fourteen-day "free trial" to new subscribers for its products and various subscription plans for paying customers. (Dkt. 1 ¶¶ 5, 7). The company also sends promotional emails to users who have signed up for a free account but not a paid subscription; these promotional messages contain "hints" corresponding to yearbook records Ancestry believes may be related to the potential subscriber. (Dkt. 57 at 2).

On June 27, 2019, Ancestry began hosting the 1995 Central High School, from Omaha, Nebraska, yearbook with Bonilla's image, in its Yearbook Database. (Dkt. 62 ¶ 4; Dkt. 1 at 9). Since then, any visitor to Ancestry.com can search for the yearbook, download the record in full, view information about Bonilla, and observe a picture of the original document. (Dkt. 62 ¶ 5). Ancestry has also used the record to populate its promotional emails to potential customers, though has not otherwise displayed the yearbook information to its users. (*Id.*; Dkt. 57 at 2).

Upon learning that his old yearbook was on Ancestry, Bonilla filed a complaint on December 14, 2020, against the defendants, alleging a violation of the Illinois Right of Publicity Act ("IRPA") (Count I); a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count II); intrusion upon seclusion (Count III); and unjust enrichment (Count IV). (Dkt. 1 at 20–23); *see also* 28 U.S.C. § 1332. Ancestry moved to dismiss for lack of jurisdiction

---

[1] Ancestry is able to accomplish this feat, in part, by paying a licensing fee to third parties, such as PeopleConnect, Inc., for the use of yearbook names and likenesses. (Dkt. 69 at 9).

and failure to state a claim. (Dkt. 30); *see also* Fed. R Civ. P. 12(b)(2), (b)(6). This Court granted the motion for Counts II and III and denied it for Counts I and IV. (*See generally* Dkt. 57).

Shortly thereafter, Ancestry moved for summary judgment, arguing that Bonilla's claim was time-barred by IRPA's statute of limitations. (Dkt. 61). Before this Court decided the motion, Bonilla filed an amended complaint, adding two new plaintiffs, John Braundmeier and Kevin Wallace. This Court then granted Ancestry's motion for summary judgment, concluding that the statute of limitations had run on Bonilla's claim. (Dkt. 96). The plaintiffs together now move for reconsideration of this Court's decision, (*id.*), in light of *Tims v. Black Horse Carriers, Inc.*, No. 127801, 2023 WL 1458046 (Ill. Feb. 2, 2023), an Illinois Supreme Court opinion holding that the statute of limitations for the Biometric Information Privacy Act ("BIPA") is five years. (Dkt. 123).

## DISCUSSION

A motion for reconsideration is "granted only in rare circumstances." *Caine v. Burge*, 897 F. Supp. 2d 714, 716 (N.D. Ill. 2012). A court may reconsider a prior ruling when there has been a "controlling or significant change in the law." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). But no such "controlling or significant change" has occurred here.

Previously, this Court held that a one-year statute of limitations governed IRPA claims. (*See generally* Dkt. 96). It explained,

> While the IRPA does not expressly provide a statute of limitations, this Court has already determined the limitations period is one year. The reasons stated in its prior opinion, *Toth-Gray v. Lamp Liter, Inc.*, No. 19-cv-1327, 2019 WL 3555179, at *4 (N.D. Ill. July 31, 2019), are still relevant. The Illinois Supreme Court has never addressed the appropriate length of time to file a claim under the law. *Martin v. Living Essentials, LLC*, 653 F. App'x 482, 485–86 (7th Cir. 2016). Without guidance from the highest state court, federal courts sitting in diversity look to state appellate courts. *Ludwig v. United States*, 21 F.4th 929, 932 (7th Cir. 2021). In *Blair*

3

>  *v. Nevada Landing Partnership*, the Illinois Appellate Court concluded that "since the Right of Publicity Act completely supplanted the common-law tort of appropriation of likeness … the one-year statute of limitations that pertained to the common-law tort" governs. 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2006). Furthermore, the weight of federal-court authority—both then and now—advises that *Blair*'s one-year statute of limitation governs. … [B]ecause *Blair* is "the only on-point decision," the Court will continue to follow its guidance. *Toth-Gray*, 2019 WL 3555179, at *4.

(*Id.* at 4–5) (footnote omitted).

The Illinois Supreme Court's decision in *Tims v. Black Horse Carriers, Inc.* does not cast doubt on this Court's prior opinion. 2023 WL 1458046. In *Tims*, the plaintiff sued his former employer for allegedly violating the BIPA by collecting his biometrics without consent. *Id.* at *1. His employer moved to dismiss the complaint as untimely because it was filed more than one year after the cause of action accrued, and the one-year statute of limitations from Illinois Code § 13-201 applied. *Id.* at *2. The circuit court denied the motion, holding that the appropriate limitations period was five years under Illinois Code § 13-205. *Id.* The circuit court then certified the question to the appellate court of which limitations period governed. *Id.* The appellate court answered the question and disagreed with the circuit; the one-year period applies "where 'publication or disclosure of biometric data is clearly an element' of the claim." *Id.* (quoting *Tims v. Black Horse Carriers, Inc.*, 184 N.E.3d 466, 473 (Ill. App. Ct. 2021)). The plaintiff appealed.

The Illinois Supreme Court granted certiorari and reversed. *See generally Tims*, 2023 WL 1458046. Two provisions of the Illinois Code are relevant: § 13-201 and § 13-205. Section 13-201 provides that "[a]ctions for slander, libel or for publication of matters violating the right of privacy, shall be commenced within one year next after the cause of action accrued." *Id.* at *4 (quoting 735 ILCS 5/13-201). Section 13-205 is broader: "actions on unwritten contracts, expressed or implied, … and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." *Id.* (quoting 735 ILCS 5/13-205). Reading these provisions together

creates a general rule: when the law does not specify a statute of limitations, "the five-year limitations period applies" unless the suit is one for "slander, libel or for publication of a matter violating the right of privacy." *Id.* The BIPA sets out rules for biometric identifiers and biometric information. *Id.* at *6. The text, coupled with the "purposes to be achieved by the statute," indicate that the law does not regulate the "publication" of biometric information. And because the BIPA does not involve the "publication of matters violating the right of privacy," the five-year statute of limitations governs. *Id.*

Unlike the BIPA, the IRPA protects the *publication* of matters related to the right of privacy and, thus, falls under the one-year statute of limitations. Simply consider the law's name. The legislature titled the statute the "Illinois Right of *Publicity* Act." That the law protects the publication of private information is immediately apparent. The legislative text teaches the same lesson. Individuals are afforded the "right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 ILCS 1075/30. Information related to "an individual's identity" is certainly a matter related to "the right of privacy." And the right to "control" and "use" an identity "for commercial purposes" ties the right to "publication."[2] The entire reason why companies like Ancestry acquire personal information is to disseminate it through a profitable means. Moreover, as *Blair* noted, "the Right of Publicity Act completely supplanted the common-law tort of appropriation of likeness," a quintessential privacy right. 859 N.E.2d at 323. *Tims* only confirms this understanding by reiterating the general rule that most civil suits must be brought within five years unless the suit is one for "slander, libel or for publication

---

[2] It is true, as Bonilla argues, that a longer statute of limitations might further the IRPA's purpose. But it is almost always the case that a longer statute of limitations furthers a law's purpose. The longer a plaintiff has to bring a claim, the more claims are brought, and the more likely defendants (and citizens) are to follow the law, fearing potential lawsuits. Statutes of limitations do not, however, generally exist to further a statute's purpose. They ensure fairness to defendants, provide finality for all parties, and promote the efficient use of judicial resources. Bonilla has not demonstrated why a longer statute of limitations here would negate these countervailing values.

of a matter violating the right of privacy." 735 ILCS 5/13-201. IRPA claims fit neatly into the "unless" clause. They must be brought within one year of their accrual. Bonilla failed to do so and, thus, is (still) time-barred from bringing his claim.

## CONCLUSION

For these reasons, the Plaintiffs' motion for reconsideration is denied. (Dkt. 123).

_____
Virginia M. Kendall
United States District Judge

Date: May 23, 2023