**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSHUA BRAUNDMEIER and KEVIN WALLACE, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ANCESTRY.COM OPERATIONS INC., a Virginia Corporation; ANCESTRY.COM INC., a Delaware Corporation; ANCESTRY.COM LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 1:20-cv-07390<br><br>Hon. Jeffrey I. Cummings |

**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

  Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the Northern District of Illinois, defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC (collectively, "Ancestry") hereby move for summary judgment on plaintiffs' claims for violation of the Illinois Right of Publicity Act and unjust enrichment. This motion is based on the accompanying Memorandum of Law, Defendants' L.R. 56.1(A) Statement of Undisputed Material Facts, the Declarations of Todd Godfrey and John Baumann, including their exhibits, and the Court's records and files in this case. In support of its motion, Ancestry shows the Court as follows:

  1. Plaintiffs survived the pleading stage by alleging their yearbook records had been used to "advertise" Ancestry's subscription service in "marketing" emails sent to third parties. The undisputed evidence now shows that never occurred. Likewise, although plaintiffs contended their records were searched or viewed by non-subscribers or "free trial" users (which under plaintiffs'

1

theory might have "enticed" these users to subscribe) none of plaintiffs' records were searched or viewed by a prospective subscriber before they filed suit. Plaintiffs thus cannot demonstrate an actionable use for a "commercial purpose" under Illinois' right of publicity law nor any "actual injury" to establish Article III standing.

2.  Further, to the extent plaintiffs pivot to contend their claims are premised on the mere availability of their yearbook records on Ancestry's site (as opposed to incorporation in the challenged "advertisements"), their claims fail for numerous reasons. Absent incorporation in "advertisements," no nexus exists between the alleged use of plaintiffs' identities and an offer of sale, as required to state a claim. Plaintiffs' claims would also be premised solely on distribution of copyrighted books—subjecting the claims not only to preemption by the Copyright Act but also statutory exception for use of identity in a book or other visual work. And because Ancestry did not create the yearbooks, claims premised on mere internet distribution would be barred by section 230 of the Communications Decency Act.

3.  Because plaintiffs cannot sustain a claim for violation of Illinois' Right of Publicity Act, their unjust enrichment claim—which is based on the same allegedly wrongful conduct—also fails.

Accordingly, Ancestry respectfully asks this Court to enter judgment for Ancestry on each of plaintiffs' remaining claims.

Dated: March 11, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ *Shon Morgan*
　　Shon Morgan

Shon Morgan (*pro hac vice*)
John W. Baumann (*pro hac vice*)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
shonmorgan@quinnemanuel.com
jackbaumann@quinnemanuel.com

Daniel Lombard
191 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 705-7400
daniellombard@quinnemanuel.com

Cristina Henriquez (*pro hac vice*)
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
(650) 801-5000
cristinahenriquez@quinnemanuel.com

*Attorneys for Defendants Ancestry.com Operations Inc., Ancestry.com Inc., and Ancestry.com LLC*

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 11, 2024, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record via the Court's CM/ECF automated filing system.

*/s/ Shon Morgan*
Shon Morgan